## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| HOWARD B. SAMUELS, solely as chapter 7 trustee of the estates of CENTRAL GROCERS, INC., STRACK AND VAN TIL SUPER MARKET, INC. AND SVT, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>CARGILL, INC., JBS USA FOOD COMPANY HOLDINGS, NATIONAL BEEF PACKING COMPANY, TYSON FOODS, INC.,<br><br>    Defendants. | Case No. 0:20-cv-01319 (JRT/HB) |

## MEMORANDUM OF LAW IN SUPPORT OF DIRECT PURCHASER PLAINTIFF'S MOTION TO APPOINT INTERIM CO-LEAD CLASS COUNSEL

Beginning in 2019, a series of class action complaints were filed in this Court alleging, *inter alia*, unlawful conduct in the cattle and beef markets by Defendants—the world's largest meat processing and packing companies—in violation of U.S. antitrust laws. In addition to this action filed on behalf of direct purchasers of beef, the related cases pending in this Court are the Cattle Actions,[1] Beef Consumer Indirect Purchaser Action,[2] and recently filed Beef Commercial and Institutional Indirect Purchaser Action.[3]

---

[1] *In re Cattle Antitrust Litigation*, Case No. 0:19-cv-01222 (JRT/HB) (D. Minn).

[2] *Peterson, et al. v. JBS USA Food Company Holdings, et al.*, Case No. 0:19-cv-01129 (JRT/HB) (D. Minn.).

[3] *Erbert & Gerbert's, Inc. v. JBS USA Food Company Holdings, et al.*, Case No. 0:20-cv-01414 (JRT/HB) (D. Minn.).

Counsel for Direct Purchaser Plaintiff ("DPP") conferred extensively amongst themselves and other firms known to be investigating the same claims regarding the designation of a lead counsel structure to ensure the orderly and efficient prosecution of the DPP litigation.  Pursuant to those private ordering discussions and Federal Rule of Civil Procedure 23(g), Plaintiff Howard B. Samuels respectfully moves the Court to appoint Chestnut Cambronne PA, Hartley LLP, Freed Kanner London & Millen LLC, and Hausfeld LLP ("Proposed Interim DPP Co-Lead Counsel") as interim co-lead class counsel for the putative DPP class.[4]  These four law firms, each with a national reputation for successfully prosecuting antitrust class actions and other complex litigation, including some of the largest cases in recent years, are well-qualified to lead the DPP litigation.

Importantly, Proposed Interim DPP Co-Lead Counsel has quickly engaged with Defendants to coordinate the DPP case with the overall litigation. Already, the parties have stipulated regarding timing for Defendants to respond to the *Samuels* complaint. The parties are also discussing the discovery-related activity conducted in the related litigation to date, and, based on those discussions, expect that they will be able to reach agreements in that regard.

As detailed further below, Proposed Interim DPP Co-Lead Counsel are unquestionably experienced and knowledgeable, possess ample resources, and have

---

[4] Plaintiff further requests that any subsequently filed related actions on behalf of direct purchasers of beef be consolidated with this case under Federal Rule of Civil Procedure 42(a) and subject to the leadership structure proposed herein.

worked hard to identify and investigate potential DPP claims. Each of the four firms has earned lead counsel appointments in districts nationwide[5] based on many years of successfully prosecuting antitrust price-fixing and other complex cases filed on behalf of those harmed by corporate wrongdoing and malfeasance. In light of this proven track record, Proposed Interim DPP Co-Lead Counsel respectfully submit that appointing them to manage this case would best serve the interests of the proposed DPP class.

## **ARGUMENT**

### I.   **Proposed Interim DPP Co-Lead Counsel Should Be Appointed to Lead the DPP Litigation**

The Court should implement a leadership structure in this case pursuant to Federal Rule of Civil Procedure 23(g) to ensure that this action and any other DPP actions that may be filed proceed efficiently and effectively. *See Roe v. Arch Coal, Inc.*, 4:15-cv-910, 2015 WL 6702288, at *3 (E.D. Mo. Nov. 2, 2015) (finding it in best interests of the class to appoint interim class counsel even when no other counsel competed for appointment). The proposed structure—with four firms serving as co-lead counsel—is particularly appropriate given the complexity of the case and the Defendants' vast resources. The litigation involves a wide range of complex legal issues and four sophisticated Defendants (as well as additional affiliates). Pretrial discovery alone is certain to require substantial effort and resources. Four firms leading the litigation is justified by the size and risk of the case, and well within the confines of the structure this Court adopted in the related *Cattle*

---

[5]   Chestnut Cambronne has served as co-lead counsel for class action litigation in this District.

action. *See In re Cattle Antitrust Litig.*, Case No. 0:19-cv-01222 (D. Minn. July 10, 2019), ECF No. 88 (appointing two co-leads, a liaison, and a four-member executive committee). See also *In re Automotive Parts Antitrust Litig.*, No. 12-md-02311 (E.D. Mich. Mar. 19, 2012), ECF No. 60 (four co-leads appointed for the direct purchaser class); *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*, MDL No. 1720 (E.D.N.Y. Nov. 30, 2016), ECF No. 6754 (four co-leads appointed for the equitable relief class); *In re Air Cargo Shipping Services Antitrust Litig.*, No. 06-md-1775 (E.D.N.Y. Nov. 15, 2006), ECF No. 225 (four co-leads appointed); and *In re Hydrogen Peroxide Antitrust Litig.*, 05-cv-00666 (E.D. Pa. March 28, 2005), ECF No. 25 (four co-leads appointed).

## II.     Duties and Responsibilities of Proposed Interim DPP Co-Lead Counsel

If appointed, Proposed Interim DPP Co-Lead Counsel will execute all duties and responsibilities of lead counsel to effectively and efficiently prosecute the DPP claims. As set forth in the *Manual for Complex Litigation*, such duties include presenting written and oral arguments to the court, communicating with other parties, organizing discovery requests and responses, examining deponents, delegating specific tasks to other counsel, meeting scheduled deadlines, and any other duties necessary to coordinate pretrial activities or authorized by the Court. *See Manual for Complex Litig.* (Fourth) ("*MCL*") § 10.221 (2004).

If appointed, Proposed Interim DPP Co-Lead Counsel will also ensure that this matter is adjudicated in an efficient manner, including use of a time and expense reporting protocol for all counsel. *See* Declaration of Karl L. Cambronne in Support of Motion to Appoint Interim Co-Lead Counsel ("Cambronne Decl."), Exhibit A (memo outlining time

and expense reporting protocol). That protocol will require time and expenses to be reported on a monthly basis. All time descriptions must be detailed (without any block billing) and reported in tenths of an hour. All expenses must be supported by documentation.

### III.   Proposed Interim DPP Co-Lead Counsel Readily Satisfy the Rule 23(g) Factors

#### A. Standards for appointing interim co-lead class counsel

Federal Rule of Civil Procedure 23(g)(3) allows the court to designate "interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3);[6] *see also Adedipe v. U.S. Bank, Nat'l Ass'n*, No. 13-2687 JNE/JJK, 2014 WL 835174, at *3 (D. Minn. Mar. 4, 2014); *Crocker v. KV Pharmaceutical Co.*, 4:09-cv-198, 2009 WL 1297684, at *1 (E.D. Mo. May 7, 2009). When appointing interim class counsel, courts generally look to the same factors used in determining adequacy under Rule 23(g)(1)(A). *Roe*, 2015 WL 6702288, at *2; *see also*, *e.g.*, *In re Disposable Contact Lens Antitrust Litig.*, No. 3:15-md-2626-J-20JRK, 2015 WL 10818781, at *1 (M.D. Fla. Oct. 7, 2015) (noting that factors for appointing class counsel under Rule 23(g)(1)(A) apply "equally to the appointment of interim lead counsel before certification."). These factors include: (1) the work performed by counsel in identifying or

---

[6] The Advisory Committee Notes to Rule 23 explain that the rule "authorizes [a] court to designate interim counsel during the pre-certification period if necessary to protect the interests of the putative class." Fed. R. Civ. P. 23 advisory committee's note para. (2)(A). *See also MCL* § 21.11 ("[D]esignation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement.").

investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources that counsel will commit to representing the class.

In addition to the Rule 23(g)(1)(A) factors, a court also "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). Courts have found that proposed lead counsel's experience and service as lead counsel in prior cases is particularly persuasive. *See, e.g., Adedipe*, 2014 WL 835174, at *2-3 (finding class action and complex litigation leadership experience relevant for appointment). Courts also look at the resources counsel expended investigating the suit before filing. *See, e.g., id.* at *3 (appointing interim class counsel because they "devoted the more substantial effort toward pre-suit investigation and identification of claims" as evidenced by extensive review of thousands of pertinent documents, research of factual and legal issues commencing a year prior to suit, and earlier filing of initial complaint). No single factor is determinative; instead, a court should appoint counsel after evaluating all relevant considerations and comparing the applicants' relative strengths. *See* Fed. R. Civ. P. 23(g)(1)(A) and (B); 7B Charles Alan Wright *et al.*, *Federal Practice & Procedure* § 1802.3 (3d ed. 2005).

### B. Proposed Interim DPP Co-Lead Counsel have expended significant time and resources to investigate plaintiffs' claims and advance this litigation

Proposed Interim DPP Co-Lead Counsel took significant steps to investigate the direct purchaser claims in order to advance this litigation. *See* Fed. R. Civ. P.

23(g)(1)(A)(i).  Beginning in 2019, Proposed Interim DPP Co-Lead Counsel analyzed client data, obtained beef market data from external sources, and consulted with highly regarded antitrust economic experts.  Further investigation included, among other things, reviewing industry articles and publications, research reports, SEC filings, investor presentations concerning both the beef market and the individual Defendants, U.S. Department of Agriculture's investigation into Defendants' margins for beef, and DOJ's investigation and issuance of civil investigative demands. Proposed Interim DPP Co-Lead Counsel also engaged in numerous conversations with plaintiffs' counsel in the *Cattle* and *Peterson* actions, including a daylong in-person meeting.

Another factor a court may consider is whether proposed lead counsel undertook "the process of drafting the complaint [which] requires investigatory and analytical effort.'" *Moore's Federal Practice* § 23.120[3][a] (2007); *see also Adedipe*, 2014 WL 835174, at *3 (appointing as interim lead counsel firms that had filed first class action complaints and performed the most work identifying and investigating potential claims); *see also In re Mun. Derivatives Antitrust Litig.*, 252 F.R.D. 184, 186 (S.D.N.Y. 2008) (same).  Proposed Interim DPP Co-Lead Counsel did just that for the proposed DPP class. Substantial research and supplementation of the allegations advanced in the related complaints was undertaken by DPP counsel before filing. DPP counsel discussed their thoughts and findings with counsel representing plaintiffs in the related cases and used what was learned to prepare a compelling robust complaint that DPPs are confident will sustain any motions to dismiss.  Claims specific to this class of direct purchasers of beef were examined and advanced, and new information not contained in the *Cattle* or *Peterson*

complaints was brought to light, including updates on the current government investigations into whether Defendants fixed beef prices in the United States.

Counsel's efforts continued beyond the filing of the complaint in this action. In the weeks after filing, Plaintiff's counsel conferred extensively regarding formation of the best possible lead counsel team comprised of firms involved in the filing and others known to be investigating the beef market on behalf of direct purchasers. The aim of those discussions was to create a proposed leadership structure that will most strongly advance the interests of the direct purchaser class. After assembling the Proposed Interim DPP Co-Lead Counsel group, the attorneys crafted litigation strategy, further investigated potential claims, and implemented measures designed to ensure the efficient management of this case.

As mentioned above, Proposed Interim DPP Co-Lead Counsel have already made substantial strides with Defendants to coordinate the DPP case with the overall litigation. The parties have stipulated regarding timing for Defendants to respond to the complaint in this action. The parties are also discussing the discovery-related activity conducted in the related litigation to date, and, based on those discussions, expect that they will be able to reach agreements in that regard.

### C. Proposed Interim DPP Co-Lead Counsel have extensive experience in antitrust class action litigation and knowledge of applicable law

There is no doubt that Proposed Interim DPP Co-Lead Counsel have the requisite class action experience and knowledge of applicable law. Each firm is highly regarded in the class action arena, and each boasts formidable antitrust practices and attorneys with

decades of experience litigating complex antitrust class actions. *See Lusk*, 2015 WL 9858177, at *2 (appointing firms with "substantial experience in complex security class action litigation and an ample record of success in such litigation"). These firms are well qualified to litigate this case on behalf of the proposed direct purchaser class.

### 1. Chestnut Cambronne PA

For over 50 years, Chestnut Cambronne has been representing clients in class action litigation both in the Twin Cities area and at a national level.  Since its inception, Chestnut Cambronne has been engaged in complex litigation throughout the country and has successfully both prosecuted and defended class litigation addressing substantive legal questions in the fields of antitrust, data security breaches, securities, ERISA, banking, and consumer protection law.  Chestnut Cambronne attorneys have undertaken executive committee, liaison, or counsel positions in numerous class action cases including antitrust cases such as: *In Re: Pork Antitrust Litig.,* No. 18-cv-1776-JRT-HB (D. Minn.); *Gordon v. Amadeus IT Group, S.A.,* No. 1:15-cv-05457 (S.D.N.Y.); *In re: Domestic Drywall Antitrust Litig.*, No. 2:13-md-2437; 939 F. Supp. 2d 1371 (E.D. Pa.); *In re: American Express Anti-Steering Rules Antitrust Litig. (No. II)*, MDL No. 2221, 764 F. Supp. 2d 1343 (E.D.N.Y); and *In re: Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*, MDL No. 1720, 398 F. Supp. 2d 1356 (E.D.N.Y. 2005).

Relevant experience and qualifications are noted in detail on the firm's webpage, http://www.chestnutcambronne.com, and in the Firm Resume, attached as Exhibit B to the Cambronne Decl. Recent successes include the following class actions:

- ***Village Bank v. Caribou Coffee Co., et al.***, No. 19-cv-01640-JNE-HB (D. Minn.).  Chestnut Cambronne is the primary law firm in this pending class action on behalf of a putative class of financial institutions against Caribou Coffee Company alleging negligence and other claims in a data security breach.  The case is currently before the Honorable Joan N. Ericksen awaiting a decision on an unopposed motion for preliminary approval of the class action settlement and notice plan.

- ***In re: Target Corporation Customer Data Security Breach Litigation***, No. 14-md-02522-PAM-JJK (D. Minn.).   Chestnut Cambronne served as Co-Lead Counsel for the Financial Institution Class and Coordinating Lead Counsel for All Plaintiffs in this settled class action Target Corporation alleging negligence and violations of the Minnesota Plastic Card Security Act in a data security breach affecting 70 million consumers and tens of thousands of financial institutions.

If appointed as interim DPP co-lead counsel, the following attorneys will primarily handle the litigation at Chestnut Cambronne:

- **Karl L. Cambronne:**  Mr. Cambronne has over 40 years of experience in complex class action litigation and heads Chestnut Cambronne's Class Action and Civil Litigation practice groups.  In addition to representing numerous consumers, shareholders, and institutions in class action litigation, Mr. Cambronne has served as a court appointed Special Master in several complex litigation cases and as an expert in special issues arising in class action litigation.  Mr. Cambronne has been lead counsel in numerous class action cases including *In Re UnitedHealth Group, Inc. Shareholder Derivative Litigation*, 631 F. Supp. 2d 1151 (D. Minn) which resulted in a $922 million settlement, the largest recovery in a shareholder derivative case to date.

- **Bryan L. Bleichner:**  Mr. Bleichner has devoted his career to prosecuting complex civil and class litigation in the areas of antitrust, data security breaches, securities, and consumer protection.  He has served in a leadership capacity in a number of class action cases including: *In Re WaWa, Inc. Data Breach Litigation*, No. 19-cv-6019-GEKP (E.D. Pa.); *In Re: FedLoan Student Loan Servicing Litigation*, No. 18-md-2833-CDJ (E.D. Pa.); and *In Re: National Hockey League Players' Concussion Injury Litigation*, No.14-md-2551-SRN-JSM (D. Minn.).  Mr. Bleichner has been a part of litigation teams that collectively have recovered in excess of $11 billion for consumers, shareholders, and institutions.

### 2.  Hartley LLP

Hartley was formed in 2018 by founding partners who had previously worked together for nearly two decades.  Hartley attorneys have extensive experience in all aspects of complex plaintiffs' contingency litigation, including antitrust, consumer protection, unfair competition, wage and hour, and other large class action cases. They have served as Court-appointed lead or class counsel in multiple multi-district litigation actions, as well as numerous executive committee and other leadership positions in all forms of complex litigation, resulting in billions of dollars for plaintiffs.  Judges in class action cases have stated, for example, that Hartley lawyers "ably represented their clients and vigorously pursued their case" and have noted Hartley's experience in antitrust and class action litigation, including the ability to navigate difficult litigation hurdles such as overseas depositions while achieving settlements with multiple defendants for class members. Clients have stated that they have "never had more competent counsel," that Hartley lawyers were "knowledgeable and helped make our case with minimal impact to the business" while being "fun to work with," and that founding partner Jason Hartley is a "fierce negotiator."  Hartley attorneys currently serve as lead class counsel in two antitrust class actions and have the capacity to handle co-leadership in this case.

Hartley's relevant experience and qualifications are noted in detail on the firm's webpage, https://hartleyllp.com, and in the Firm Resume, attached as Exhibit C to the Cambronne Decl. Recent successes include the following class actions:

- ***Fond du Lac Bumper v. Gordon, et al.,* No. 09-CV-0852 (E.D. Wis.).**  Hartley LLP attorneys spent months investigating this proprietary case before filing it in 2009.  Hartley LLP is court-appointed Lead Counsel on behalf of companies in

the U.S. that purchased automotive sheet metal parts, such as hoods, fenders, and panels. The case finally settled with the last defendant in 2019 for over $33 million.

- ***Leiszler, et al. v. Align Technologies,*** **No. 10-CV-2010 (N.D. Cal.).** Hartley LLP attorneys were lead counsel for a class of more than 22,000 dentists against the maker of Invisalign teeth aligners for unfair competition in suspending or decertifying dentists who did not prescribe a minimum number of new Invisalign cases. Hartley LLP attorneys obtained a settlement that amounted to a 100% recovery for the class, with a value of more than $50 million in cash and non-cash relief.

- ***In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation,*** **No. 05-md-01720 (E.D.N.Y).** Hartley LLP attorneys are part of the executive committee in this ground-breaking antitrust case, one of the largest in U.S. history. In it, merchants challenged the fundamental structure of the credit card industry, asserting that the setting of interchange fees by credit card associations and banks constitutes illegal price fixing. The parties reached a settlement on September 18, 2018 for up to $6.26 billion in cash for merchants across the country, which was approved by the District Court. The settlement is currently pending appellate court review.

If appointed as interim DPP co-lead counsel, the following attorneys will primarily handle the litigation at Hartley:

- **Jason S. Hartley:** Mr. Hartley has been appointed by federal courts around the country as plaintiffs' class counsel in several cases, and has recovered hundreds of millions of dollars for his clients over the past 20 years. He was chosen by the Judges of the Southern District of California to serve as a lawyer representative since 2017, is part of the planning committee for the ABA's Institute on Class Actions, and regularly speaks at CLE seminars and publishes articles on class and antitrust issues. He was recognized as "Best of the Bar" by the San Diego Business Journal in 2017, a "Man of Influence" by San Diego Metro magazine in 2019 and a 2020 Top Antitrust Attorney by California's Daily Journal. He serves on the Board of both the American Association for Justice and the Consumer Attorneys of California, has an AV rating, and has been selected by his peers as a Super Lawyer for the last eight consecutive years.

- **Jason M. Lindner:** Mr. Lindner's practice includes litigation of antitrust, unfair competition, complex business, California wage and hour, Fair Labor Standards Act, and other general class action litigation. He has been involved

in all aspects of civil litigation in both federal and state courts and has successfully represented plaintiffs in Section 1 and Section 2 Sherman Act cases and in state law actions alleging unfair business practices. He has also represented classes of plaintiff employees under both the FLSA and California State wage and hour statutes. He has served as lead counsel and in senior litigation roles in numerous class actions, which have collectively recovered billions of dollars for plaintiffs.

### 3.  Freed Kanner London & Millen LLC

Freed Kanner, a highly respected class action law firm with offices in Illinois and Pennsylvania, specializes in prosecuting antitrust price-fixing cases. The firm presently serves as co-lead counsel in four antitrust class action cases: *In re Automotive Parts Antitrust Litig.*, No. 12-md-02311 (E.D. Mich. Mar. 19, 2012), ECF No. 60 (more than 25 separate direct purchaser price-fixing class actions where settlements with dozens of defendants have totaled over $550 million); *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*, MDL No. 1720 (E.D.N.Y. Nov. 30, 2016), ECF No. 6754; *In re Opana ER Antitrust Litig.*, No. 14-cv-10150, MDL 2580 (N.D. Ill. Apr. 2, 2015) ECF No. 78; and *In re Chicago Board Options Exchange Volatility Index Manipulation Antitrust Litig.*, 18-cv-04171 (N.D. Ill. Apr. 16, 2019), ECF No. 241. Additionally, Freed Kanner attorneys have undertaken co-lead, executive, or steering committee roles in class action litigation throughout the United States that have resulted in significant class recoveries, including two of the three largest civil antitrust settlements ever obtained in the Seventh Circuit. Chambers USA recognizes Freed Kanner as a "famous class action firm," ranking it as one of the nation's top plaintiffs' class action antitrust firms for its "extensive experience" and "expertise in price-fixing and anti-competitive conduct cases."

Relevant experience and qualifications are noted in detail on the firm's webpage,

www.fklmlaw.com, and in the Firm Resume, attached as Exhibit D to the Cambronne Decl.

Recent successes include the following class actions:

- ***Kleen Products LLC, et al. v. Int'l Paper, et al.***, No. 10-cv-05711 (N.D. Ill.). Freed Kanner's sophisticated lawyering in *Kleen* recently resulted in a $354 million settlement with certain defendants. The settlement is believed to be the third largest civil antitrust settlement ever obtained in the Seventh Circuit, and was the largest settlement in *any* Illinois civil action in 2018.

- ***In re Brand Name Prescription Drugs Antitrust Litigation***, MDL No. 997 (N.D. Ill.). Freed Kanner attorneys served as co-lead counsel in this antitrust price-fixing class action. Settlements totaling approximately $715 million were recovered on behalf of the plaintiff class, which remains the largest antitrust class action settlement within the Seventh Circuit.

If appointed interim DPP co-lead counsel, the following attorneys will primarily handle the litigation at Freed Kanner:

- **Douglas A. Millen**:  Mr. Millen devotes his practice to prosecuting direct purchaser, price-fixing class actions and has played a key role in many of the most successful price-fixing cases in the United States. For example, Mr. Millen was appointed to serve on the Direct Purchaser Plaintiffs' Steering Committee in *In re Lithium Ion Batteries Antitrust Litigation*, MDL No. 2420 (N.D. Cal) which ultimately obtained almost $140 million for the class. Mr. Millen has also played a prominent role in many of the largest antitrust cases in recent history – including: *In re Cathode Ray Tube (CRT) Antitrust Litigation*, MDL 1971 (N.D. Cal.), where he served as Chair of Discovery and aided in the recovery of more than $210 million of the class; *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation*, MDL 1486 (N.D. Cal.); *In re Vitamins Antitrust Litigation*, MDL 1285 (D.D.C.); and *In re Rubber Chemicals Antitrust Litigation*, MDL 1648 (N.D. Cal.) – and his efforts have assisted in the recovery of billions of dollars for class members. Accordingly, he has been recognized as one of the nation's top competition lawyers by various publications, including *Global Competition Review,* and as a top Plaintiffs' lawyer by *Lawdragon 500 Leading Lawyers in America.* Mr. Millen currently represents several Fortune 500 companies in the *Rail Freight Fuel Surcharge Antitrust Litigation* and also provides antitrust compliance consultation services for large, multi-national companies.

- **Steven A. Kanner**:  Mr. Kanner has over 35 years of experience in complex class action litigation. Historically, Mr. Kanner has been appointed by federal and state courts as co-lead counsel in a broad array of important cases, which have resulted in recoveries of hundreds of millions of dollars. Mr. Kanner is currently serving as interim co-lead counsel for direct purchasers in *In re Auto Parts Antitrust Litig.* which covers more than 25 separate class action cases, a number of which have concluded, resulting in over $550 million in settlements. Other noteworthy cases include:  *In re Aftermarket Filters Antitrust Litig.*, MDL 1957 (N.D. Ill.) (settlements of over $17 million); *In re Carbon Dioxide Antitrust Litig.,* MDL 940 (M.D. Fla.) (settlements of over $53 million); *In re Flat Glass Antitrust Litig.* (No. II), MDL 1942 (W.D. Pa.) (settlements of over $22 million); *In re Hydrogen Peroxide Antitrust Litig.*, MDL 1682 (E.D. Pa.) (settlements of over $97 million); *In re Isostatic Graphite Antitrust Litig.*, No. 00-cv-1857 (E.D. Pa.) (settlements of over $11 million); *In re Koch Gathering Systems, Inc. Oil Spill Litig.*, (Dist. Ct. of Nueces County, Tex.) (settlements of over $10 million); and *In re Texas Bread Antitrust Litig.*, No. 95-cv-0048 (E.D. Tex.) (settlements of over $32 million). In recent years, he has been recognized as an *Illinois Super Lawyer* (2007, 2009, 2012-2019), *Leading Lawyer of Illinois* (2012-2019), *Lawdragon 500 Leading Lawyers in America* (2019), and *Who's Who Legal – Competitio*n (2014-2019).

### 4. Hausfeld

One of the world's preeminent plaintiffs-side firms, Hausfeld LLP has litigated some of the most challenging cases and achieved many precedent-setting legal antitrust decisions.  Appointing Hausfeld LLP as co-lead class counsel would provide the class a firm that is "[a]ble to deploy a deep bench of trial attorneys with outstanding litigation experience."[7]  As *The Global Competition Review* put succinctly: "the lawyers at Hausfeld have established themselves as one of—if not the—top plaintiffs' antitrust firm in the US."

---

[7] https://chambers.com/profile/department/193727?publicationTypeId=5&subsectionTypeId=1&practiceAreaId=2595&locationId=12788; *See also* http://whoswholegal.com/news/analysis/article/34529/competition-2018-plaintiff/ (Who's Who Legal describing Hausfeld LLP as a "powerhouse in the plaintiffs' litigation field, with particularly deep capability in competition matters").

Moreover, the firm goes "all in" for the plaintiffs it represents, as *The Legal 500* recognized: "Hausfeld, which 'commits extensive resources to the most difficult cases', is widely hailed as one of the few market-leading plaintiff firms."[8]  With offices across the country (and in Europe) and over 100 lawyers, Hausfeld LLP has ample resources to commit to this litigation.  For these reasons, and those set forth below, Hausfeld LLP is eminently qualified.

Relevant experience and qualifications are noted in detail on the firm's webpage, https://www.hausfeld.com, and in the Firm Resume, attached as Exhibit E to the Cambronne Decl. Recent successes include the following class actions:

- ***In re LIBOR-Based Financial Instruments Antitrust Litigation***, No. 11-md-2262 (S.D.N.Y.). Hausfeld is co-lead counsel in this class action lawsuit alleging a global conspiracy by some of the world's largest banks to manipulate the London InterBank Offered Rate (referred to as LIBOR). To date, Hausfeld has secured settlements totaling $590 million and the litigation continues against other bank defendants.

- ***In re Foreign Exchange Benchmark Rates Antitrust Litig.***, No. 13-cv-07789 (S.D.N.Y.). Hausfeld is co-lead counsel for parties that engaged in over-the-counter foreign exchange ("FX") transactions with the world's largest banks and their affiliates and investors who entered into FX transactions through domestic exchanges. This class action lawsuit alleges that these banks colluded to fix and manipulate the prices of FX transactions. To date, the lawsuit has result in more than $2.3 billion in settlements on behalf of U.S. investors.

If appointed interim DPP co-lead counsel, the following attorney will primarily handle the litigation at Hausfeld:

---

[8]    http://www.legal500.com/c/united-states/antitrust/civil-litigation-class-actions-plaintiff

- **Megan Jones**: Known as a "trailblazer" who is "highly respected from all contingents"[9] and a "heavyweight practitioner,"[10] Ms. Jones has an "extraordinary depth of expertise in cartel-related matters"[11] and was recently praised in court as one of "the nation's best lawyers in an MDL" and heralded as a "professional problem solver."[12]  As one of the few women in the plaintiffs' bar inducted into the *Legal 500 Hall of Fame* for continued excellence in litigation, Ms. Jones has a national reputation for excellence that has been obtained the old-fashioned way, by trying to be the best team member in the trenches.  *See* "Female Powerbrokers Q&A: Hausfeld's Megan Jones," April 30, 2014 (attached as Exhibit C);[13] *see also* Chambers and Partners' description of Ms. Jones as "personable, very smart and capable."[14]  She is known for creating effective multi-firm teams that focus with laser-like precision on the specific litigation strategy designed with input from diverse sources.  She is also known for her relentless pursuit of the facts, and is well-regarded for her electronic discovery prowess (speaking and training others on best practices via the prestigious Sedona Conference®).  Whether leading enormous cases with 20+ defendants or small regional matters, Ms. Jones masters the intricacies of economic markets and works with experts to develop economic models for her clients' recovery, which support class certification motions, settlement negotiations, and discovery efforts.  She has successfully developed the record in numerous cases to obtain class certification that withstood appellate scrutiny in the Second and Fourth Circuits, and will use that experience in large, complex antitrust cases (*e.g., In re EPDM Antitrust Litig.; In re Polyester Staple Antitrust Litig.*) for the benefit of the class here.  For example, in *In re Municipal Derivatives Antitrust Litigation*, No. 08-cv-2516 (S.D.N.Y.), Ms. Jones was co-lead counsel and recovered over $220 million dollars for a class of cities and municipalities.  Notably, several of the settlements obtained in

---

[9] *Id.*

[10] http://www.legal500.com/c/united-states/antitrust/civil-litigation-class-actions-plaintiff

[11] http://whoswholegal.com/news/analysis/article/34529/competition-2018-plaintiff/

[12] *See* Exhibit B, Transcript at 23:4-10 (dated August 30, 2018).

[13] https://www.law360.com/articles/509636/female-powerbrokers-q-a-hausfeld-s-megan-jones

[14] https://chambers.com/profile/department/193727?publicationTypeId=5&subsectionTypeId=1&practiceAreaId=2595&locationId=12788

that class were jointly negotiated with Select State Attorneys General, who trusted class counsel to administer class notice and the claims process for the joint proceeds. The American Antitrust Institute recognized this unusual public/private partnership, and awarded the team the "Outstanding Antitrust Litigation Achievement in Private Law Practice" in 2016.

### D. Proposed Interim DPP Co-Lead Counsel have the resources necessary to effectively prosecute this litigation

Proposed Interim DPP Co-Lead Counsel have committed, and will continue to commit, the considerable financial and personnel resources necessary to effectively prosecute this case. *See* Fed. R. Civ. P. 23(g)(1)(A)(iv). The four firms have demonstrated their dedication and commitment in the many complex cases discussed above, and each firm possesses the resources and experience necessary to represent and protect the interests of the putative direct purchaser plaintiffs' class through motion practice, discovery, class certification, and trial.  *See* Fed. R. Civ. P. 23(g)(1)(A)(iv).

With respect to personnel, Proposed Interim DPP Co-Lead Counsel have the attorneys (more than 145 total among the four firms) and professional staffs needed to effectively and efficiently prosecute the direct purchaser beef action. They also have resources accessible to them from the other firms that currently represent Plaintiff, as identified in the Complaint. Proposed Interim DPP Co-Lead Counsel are prepared to pursue this litigation to trial, if necessary.

Moreover, Proposed Interim DPP Co-Lead Counsel have demonstrated their ability to closely cooperate in the prosecution of many price-fixing class actions, including:  *In re Vitamins Antitrust Litig.,* MDL 1285, No. 99-197 (D.D.C.) (Hausfeld and Freed Kanner worked together in this antitrust price-fixing action which resulted in over $1.3 billion in

settlements), *In re Urethane Chemicals Antitrust Litig.,* MDL 1616 (D. Kan.) (Freed Kanner and Hartley worked together as co-lead counsel in this antitrust price-fixing action which resulted in settlements of $33 million for the class); *In re Farm-Raised Salmon and Salmon Products Litig.*, No. 19-cv-21551 (S.D. Fla.) (Hausfeld and Freed Kanner are appointed co-lead counsel and a member of the executive committee, respectively, in this pending antitrust price-fixing litigation); *Robinson v. Jackson Hewitt, Inc., et al.*, No. 19-cv-09066 (D.N.J.) (Hartley is appointed co-lead counsel and Freed Kanner is serving as co-chair of discovery in this pending antitrust class action litigation); *In re Local TV Advertising Antitrust Litig.*, No. 18-cv-6785 (N.D. Ill.) (Hausfeld and Freed Kanner are appointed co-lead counsel and a member of the executive committee, respectively, in this pending antitrust price-fixing litigation); *In re Diisocyanates Antitrust Litig.,* 18-mc-1001 (W.D. Pa.) (Hausfeld and Hartley are currently serving as co-lead counsel); *In re Hydrogen Peroxide Antirust Litig.*, MDL 1682 (E.D. Pa.) (Hausfeld and Freed Kanner worked together as co-lead counsel in this antitrust price-fixing action which resulted in settlements of over $97 million).   All four firms will bring the same spirit of commitment and cooperation to ensure the successful prosecution of this case.

Finally, and importantly, Proposed Interim DPP Co-Lead Class Counsel will strictly manage the time spent and the costs incurred in litigating this matter. In doing so, they recognize that they have a duty to efficiently and cost-effectively manage the case, thus ultimately maximizing the potential recovery for the proposed DPP Class.

## **CONCLUSION**

For all these reasons, Plaintiff respectfully requests that the Court appoint Chestnut Cambronne PA, Hartley LLP, Freed Kanner London & Millen LLC, and Hausfeld LLP as interim direct purchaser plaintiff co-lead class counsel in this litigation.

Dated: July 17, 2020                    Respectfully submitted,

/s/ Karl L. Cambronne
Karl L. Cambronne
Bryan L. Bleichner
CHESTNUT CAMBRONNE PA
100 Washington Avenue South, Suite 1700
Minneapolis, MN 55401
Tel: (612) 339-7300
Email: kcambronne@chestnutcambronne.com
        bbleichner@chestnutcambronne.com

Jason S. Hartley (*pro hac vice*)
HARTLEY LLP
101 W. Broadway, Suite 820
San Diego, CA 92101
Tel: (619) 400-5822
Email: hartley@hartleyllp.com

Douglas A. Millen (*pro hac vice*)
FREED KANNER LONDON & MILLEN LLC
2201 Waukegan Road, Suite 130
Bannockburn, IL 60015
Tel: (224) 632-4500
Email: dmillen@fklmlaw.com

Megan E. Jones (*pro hac vice* forthcoming)
HAUSFELD LLP
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Tel: (415) 633-1908
Email: mjones@hausfeld.com

*Counsel for Plaintiff and Proposed Interim*
*DPP Co-Lead Counsel*