**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| **IN RE CATTLE ANTITRUST LITIGATION** | Case No. 0:19-cv-1222 (JRT/HB) |
| *This document relates to:* | **PROTECTIVE ORDER** |
| ALL CASES | |
| KENNETH PETERSON, et al., <br><br>         Plaintiffs, <br><br> v. <br><br> JBS USA FOOD COMPANY HOLDINGS, et al., <br><br>         Defendants. | Case No. 0:19-cv-1129 (JRT/HB) |
| **IN RE DPP BEEF LITIGATION** <br><br> *This document relates to:* <br><br> ALL CASES | Case No. 0:20-cv-1319 (JRT/HB) |
| ERBERT & GERBERT'S, INC., <br><br>         Plaintiff, <br><br> v. <br><br> JBS USA FOOD COMPANY HOLDINGS, et al., <br><br>         Defendants. | Case No. 0:20-cv-1414 (JRT/HB) |

Pursuant to the Joint Stipulation for Entry of Protective Order (ECF No. 118 in 20-cv-1319, ECF No. 84 in 20-cv-1414), entered into by the parties, as modified by this Court, the following Order shall govern the treatment of documents and information designated as confidential in connection with any of these cases (collectively, the "Litigations"):

1.    **Scope**.  This Order shall apply to all documents, electronically stored information, items, and other information produced or adduced in the course of discovery in the Litigations, regardless of the medium or manner generated, stored, maintained or revealed (including, among other things, initial disclosures, responses to discovery requests, deposition testimony, and exhibits), and information derived directly therefrom (hereinafter collectively "documents"), which are Confidential or Highly Confidential Information as defined below. This Order shall apply to any named party to these Litigations (including all of its officers, directors, employees, retained experts and outside counsel and their support staff). This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2.    **Confidential Information**.  As used in this Order, "Confidential Information" means any document, or any portion thereof, which contains confidential or proprietary business, commercial, research, personal, product or financial content belonging to the Producing Party, and which is designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" for purposes of these Litigations. Confidential Information may fall within one or more of the following categories: (a) information prohibited from disclosure by statute or contractual agreement; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; or (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms. The parties will make reasonable efforts to ensure that information or documents that are available to the public are not designated as Confidential Information.

3.    **Highly Confidential Information**.  As used in this Order, "Highly Confidential Information" means any document, or any portion thereof, which a Producing Party or non-party believes to be so highly sensitive that: (i) it is the subject of reasonable efforts to maintain its secrecy; (ii) it is sufficiently valuable and secret to afford a potential or actual

advantage over others; or (iii) its disclosure to existing or potential competitors or customers is likely to cause injury to the business, commercial, competitive, or financial interests of the Producing Party or non-party. By way of example only, Highly Confidential Information may include, but is not limited to: (a) current or future business strategies and other strategic planning information; (b) projections or plans regarding performance, budgets, production, output, sales, marketing, or distribution practices; (c) research and development information; (d) manufacturing know-how or technology; (e) board of directors materials and presentations; (f) customer lists and information; (g) negotiation strategies; (h) proprietary software, systems, or processes; (i) margin, cost, and pricing information; (j) intellectual property; (k) personnel files, or (l) analysis of potential acquisitions, joint ventures, or similar corporate activity.

**4. Designation.**

(a)     A party may designate a document as Confidential or Highly Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document. To the extent a document is produced in a form in which placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the document is not practicable, the Producing Party may designate the document as Confidential or Highly Confidential by cover letter, slip sheet, or by affixing a label to the production media containing the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential or Highly Confidential Information. The marking "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time the documents are produced or disclosed. Applying such marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall also be so marked,

except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of documents designated as Confidential or Highly Confidential Information and do not otherwise disclose the substance of the Confidential or Highly Confidential Information are not required to be marked.

(b)     Though the parties understand that the designation of a document as Confidential or Highly Confidential Information is a certification by an attorney that the document contains Confidential or Highly Confidential Information as defined in this Order, the parties recognize that document review using technological means may result in the application of greater or lesser confidentiality designations than otherwise appropriate. The parties agree to work together on an as- needed (and per document) basis to address any potential over (or under) designation.

5.     **Depositions**.  Unless all parties agree otherwise on the record at the time the deposition testimony is taken, all deposition testimony taken in these Litigations shall be treated as Confidential Information for a period of thirty (30) days after the final transcript is delivered to the party being deposed. If counsel for any party states on the record that the deposition testimony should be treated as Highly Confidential Information, such testimony will be treated as Highly Confidential Information for the thirty (30)-day period following the delivery of the final transcript to the party seeking to designate material as Highly Confidential. No later than the thirtieth day after the final transcript is delivered to the party being deposed or a party seeking to designate material as Confidential or Highly Confidential, whichever is later, a party may serve a Notice of Designation to all parties of record and the court reporter for the deposition in question as to specific pages of the transcript that are designated Confidential or Highly Confidential Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The court reporter shall provide a final copy of the transcript that reflects any designations of pages of the transcript as Confidential or Highly Confidential Information in the lower left-hand corner of each designated page.

**6.**     **Protection of Confidential or Highly Confidential Material.**

(a)     **General Protections**.  Except as set forth below, Confidential or Highly Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than the prosecution or defense of claims in, or the settlement of, these Litigations, including any appeal thereof. Confidential Information may be disclosed only to the named plaintiffs and not to any other member of the putative class unless and until a class including the putative member has been certified. Nothing in this Order, however, shall prevent or prejudice any party designating materials Confidential or Highly Confidential Information from using its own such designated documents for any purpose, including privately disclosing its own Confidential or Highly Confidential Information to others not mentioned in this  Paragraph, and such private disclosure shall not waive the protections of this Order.

(b)     **Limited Third-Party Disclosures**.  The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential or Highly Confidential Information to any third person or entity except as set forth below.

(i)     The following categories of persons may be allowed to review Confidential Information:

(1)     Outside or in-house counsel for the parties (or in-house counsel for the parties' affiliates) and employees of such counsel who have responsibility for the preparation, trial and resolution of these Litigations;

(2)     Individual parties and employees, or former employees, of a party, but only to the extent counsel has a good-faith basis for believing such Confidential Information is relevant to events, transactions, discussions, communications or data about which the individual party, employee, or former employee has knowledge; disclosure to such individual party, employee, or former employee is limited to the portion of the document about such events, transactions, discussions, communications, or data; and such party, employee, or former

employee has completed the certification contained in Attachment A (Acknowledgment of Understanding and Agreement to Be Bound to this Order);

(3)   The Court and its personnel, and any mediators (and staff) appointed by the parties to assist in alternative dispute resolution;

(4)   Court Reporters, videographers and their staff engaged for depositions;

(5)   Contractors specifically engaged for the limited purpose of supporting these Litigations, including (but not limited to) copy and e-discovery vendors;

(6)   Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of these Litigations but only after such persons have completed the certification contained in Attachment A to this Order;

(7)   Witnesses in these Litigations to whom disclosure is reasonably necessary during depositions or testimony at trial or any hearing, provided that counsel for the party intending to disclose the information has a good-faith basis for believing such Confidential Information is relevant to events, transactions, discussions, communications or data about which the witness is expected to testify or about which the witness may have knowledge. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed testimony that are designated as Confidential Information pursuant to Paragraph 5 may not be disclosed to anyone except as permitted under this Order;

(8)   The author or recipient of the document (not including a person who received the document solely in the course of these Litigations);

(9)     Any person who is referenced in the document or whose conduct is purported to be identified in the document, provided that counsel for the party intending to disclose the information has a good-faith basis for believing such Confidential Information is relevant to events, transactions, discussions, communications or data about which the person has knowledge; disclosure to such person is limited to the portion of the document in which the person or person's conduct is identified or referenced; and such person has completed the certification contained in Attachment A to this Order; and

(10)    Other persons only by written consent of the Producing Party or upon order of the Court and on such conditions as may be agreed or ordered, but such consent shall not be unreasonably withheld.

(ii)    The following categories of persons may be allowed to review Highly Confidential Information:

(1)     Outside counsel for the parties and employees of such counsel who have responsibility for these Litigations, provided that such individuals do not regularly participate in the commercial business activities of the party;

(2)     In-house counsel who do not participate in competitive decision-making involving the specific business activities at issue in these Litigations, including but not limited to cattle procurement and beef sales;

(3)     The Court and its personnel, and any mediators (and staff) appointed by the parties to assist with alternative dispute resolution;

(4)     Court Reporters, videographers and their staff engaged for depositions;

(5)     Contractors specifically engaged for the limited purpose of supporting these Litigations, including (but not limited to) copy and e-discovery vendors;

(6)     Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of these Litigations but only after such persons have completed the certification contained in Attachment A to this Order;

(7)     Witnesses in these Litigations to whom disclosure is reasonably necessary during depositions or testimony at trial or any hearing, provided that counsel for the party intending to disclose the information has a good-faith basis for believing such Highly Confidential Information is relevant to events, transactions, discussions, communications or data about which the witness is expected to testify or about which the witness may have knowledge. Before disclosing any document pursuant to this paragraph, counsel who intends to disclose the document must first notify counsel for the designating party of their intent to do so. At depositions, trial or hearings, such notice may be accomplished by presenting a copy of the Highly Confidential Information to counsel for the designating party and permitting counsel an opportunity to object before the document is shown to the witness. Until the designating party agrees to the disclosure, or the Court orders such disclosure, Highly Confidential Information shall not be disclosed to or discussed with any witness. Witnesses shall not retain a copy of documents containing Highly Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed testimony or exhibits to depositions that are designated as Highly Confidential Information must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

(8)     The author or recipient of the document (not including a person who received the document solely in the course of these Litigations);

(9)    Any person who is referenced in the document or whose conduct is purported to be identified in the document, provided that counsel for the party intending to disclose the information has a good-faith basis for believing such Highly Confidential Information is relevant to events, transactions, discussions, communications or data about which the person has knowledge; disclosure to such person is limited to the portion of the document in which the person or person's conduct is identified or referenced; and such person has completed the certification contained in Attachment A to this Order; and

(10)    Other persons only by written consent of the Producing Party or upon order of the Court and on such conditions as may be agreed or ordered, but such consent shall not be unreasonably withheld.

To the extent any person is required to complete the certification contained in Attachment A, facsimile signatures or signatures transferred in electronic format (*e.g.,* PDF) shall be treated as original signatures for purposes of this Order.

(c)    **High Level Summaries**.  Notwithstanding the provisions of this Order, outside counsel for a party that is a corporation or other type of business entity may provide high level summaries or characterizations of the evidence in these Litigations to individuals employed by the party who have responsibility to make decisions regarding the defense or settlement of these Litigations. Nothing in this Order is intended to bar or otherwise prevent any counsel from rendering advice to his or her client with respect to these Litigations and, in the course of rendering such advice, from relying upon his or her examination or knowledge of Confidential or Highly Confidential Information.

(d)    **Control of Documents**.  Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential or Highly Confidential Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of these Litigations.

7.    **Absent Class Members**.  Confidential Information may not be disclosed to absent members of a certified class (each an "Absent Class Member") who have not intervened or otherwise appeared in these Litigations, except under the circumstances described in Paragraph 6(a)-(b) of this Order. (For clarity, pursuant to Paragraph 6(a) above, absent a court order, no Highly Confidential Information may be disclosed to these Absent Class Members, even if they do intervene or otherwise appear.) If, however, Confidential or Highly Confidential Information is contained in a filing with the Court pursuant to Paragraph 9 of this Order, such filing may be disclosed to counsel for the Absent Class Member for purposes of evaluating any settlement affecting the Absent Class Member, provided that such counsel has completed the certification contained in Attachment A to this Order. If the Absent Class Member who seeks to evaluate a settlement affecting the Absent Class Member is not represented by counsel, Confidential Information contained in a filing with the Court pursuant to Paragraph 9 of this Order (but not Highly Confidential Information) may be disclosed to the Absent Class Member, provided that the Absent Class Member has completed the certification contained in Attachment A to this Order.

8.    **Inadvertent Failure to Designate**.  An inadvertent failure to designate a document as Confidential or Highly Confidential Information does  not, standing alone, waive the right to so designate the document. If a party designates a document as Confidential or Highly Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to ensure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential or Highly Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential or Highly Confidential Information.

9.    **Filing of Confidential or Highly Confidential Information**.  This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential or Highly Confidential Information in connection with a motion, brief or other submission to the Court must comply with Local Rule 5.6.

10.    **No Greater Protection of Specific Documents**.  Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that

afforded by this Order unless the party moves for an order providing such special protection. Nothing in this Order shall prevent a party from seeking greater or lesser protection with respect to the use of any Confidential or Highly Confidential Information.

11. **Challenges by a Party to Designation as Confidential or Highly Confidential Information**. The designation of any document as Confidential or Highly Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

   (a) **Meet and Confer**. A party challenging the designation of Confidential or Highly Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated document, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days of the meet and confer.

   (b) **Judicial Intervention**. If the meet and confer process does not resolve the issue, a party may (i) seek informal dispute resolution with the Court if such process can be mutually agreed upon with the designating party; or (ii) file and serve a motion that identifies the challenged document and sets forth in detail the basis for the challenge. Each such motion's supporting brief may not exceed five (5) pages and must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure outlined above. The burden of persuasion in any such challenge proceeding shall be on the designating party, who shall have the right to respond to any motion filed by a challenging party. Until the Court rules on the challenge, all parties shall continue to treat the document as Confidential or Highly Confidential Information under the terms of this Order. As such, any motion challenging a confidentiality designation must not publicly file the documents with contested designations nor describe them in a manner that would reveal Confidential or Highly Confidential Information.

12.   **Action by the Court**.  Applications to the Court for an order relating to documents designated Confidential or Highly Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

13.   **Use of Confidential or Highly Confidential Documents or Information at Trial**.  Nothing in this Order shall be construed to limit the use of any document at any trial or hearing provided that the parties take necessary advance precautions to avoid the public disclosure of Confidential or Highly Confidential Information. A party that intends to present, or that anticipates that another party may present, Confidential or Highly Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion, by reference in the proposed Final Pretrial Conference Order, or by other pretrial submission sufficiently in advance of the proceeding without disclosing the Confidential or Highly Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents at hearing or trial.

14.   **Third Parties**.  In seeking discovery from third parties, the parties shall attach this Order to a copy of any subpoena or other discovery request. Third parties from whom discovery is requested are parties to this Order and are entitled to the protections of this Order in responding to such requests.

15.   **Confidential or Highly Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**

(a)   If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any document designated in these Litigations as Confidential or Highly Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(b)   The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving

party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c)     The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in these Litigations an opportunity to try to protect its Confidential or Highly Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential or Highly Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in these Litigations to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential or Highly Confidential Information by the other party to these Litigations.

16.     **Challenges by Members of the Public to Sealing Orders**.  If a party or interested member of the public challenges the sealing of particular documents that have been filed under seal, the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

17.     **Unauthorized Disclosure or Use**.  If a party learns that it or its counsel, officers, directors, employees, consultants, experts or other agents have disclosed documents designated Confidential or Highly Confidential Information in any circumstance not authorized under this Order, that party must, within two (2) business days of learning of such disclosure, (a) notify the designating party of the disclosure and all pertinent facts relating thereto; (b) make every reasonable effort to prevent disclosure by each unauthorized person who received such information; (c) use reasonable best efforts to retrieve all copies of the protected documents disclosed to unauthorized persons; (d) inform the person or persons to whom unauthorized disclosures were made of the terms of this Order; and (e) request that each such person execute the certification contained in Exhibit A to this Order. Nothing contained herein shall limit the right of the designating party to seek relief against the party responsible for such disclosure.

18.     **Limitations on Waiver of Privilege.**

(a)     **Clawback of Inadvertent Disclosure**.  This Order is entered, *inter alia*, pursuant to Federal Rule of Evidence 502(d). If a party

or non- party that produces or otherwise discloses information in connection with these Litigations (the "Producing Party") thereafter claims that such information is protected by any privilege or attorney work product protection ("Disclosed Protected Information"), the disclosure of the Disclosed Protected Information shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection that the Producing Party would otherwise be entitled to assert with respect to the Disclosed Protected Information and its subject matter in this proceeding or in any other federal or state proceeding. By entering this Protective Order, the Court intends to provide the maximum protection allowed by Rule 502(d).

(1)    **Assertion of a Clawback.** Any Producing Party may request, in writing, the return of any Disclosed Protected Information by identifying it and stating the basis for withholding such material or information from production. The Producing Party must also provide a privilege log explaining the basis for the assertion of the privilege within 3 business days of asserting a clawback.

(2)    **Clawbacks before Deposition**.  To the extent a party believes a clawback made prior to a scheduled deposition impacts that deposition, the parties will meet and confer and a party may seek guidance from the Court if the meet and confer does not reach a successful resolution.

(3)    **Clawback Process**.  Federal Rule of Civil Procedure 26(b)(5)(B) shall govern the clawback of Disclosed Protected Information.

   a.    If a Producing Party requests the return of such Disclosed Protected Information then in the custody of one or more parties, the receiving parties shall— unless it contests the claim of attorney-client privilege or work product protection in accordance with this Order— within ten (10) business days of receipt of written notice destroy or return to the Producing Party the Disclosed Protected Information and all copies thereof, and (ii) provide a certification of counsel that all of the Disclosed Protected Information has been returned or destroyed.

14

b.   **Challenging a Clawback**.  If a party seeks to challenge a Producing Party's request to return such Disclosed Protected Information, that party shall notify the Producing Party or non-party that it wishes to challenge the claim of privilege or work product protection and has sequestered the material until the issue can be resolved. The parties agree to meet and confer regarding the claim of privilege. If, at the conclusion of the meet and confer process, the parties are still not in agreement, they may bring the issue to the Court. A party challenging a clawback request under this paragraph may rely upon Rule 502(b) and use the clawed-back document and its contents for the purpose of filing or responding to a motion with the Court to determine whether or not: (i) the document is privileged or work product; and/or (ii) any privileges have been waived pursuant to Rule 502(b), only in accordance with the provisions of Fed. R. Civ. P. 26(b)(5)(B). For any such filing, the Disclosed Protected Information at issue shall be filed under seal.

c.   **Presumptive Loss of Clawback After Use**. Nothing in this Section 18 precludes a party who challenges the clawback of Disclosed Protected Information from arguing under Federal Rule for Evidence 502(b) that the circumstances under which the information was disclosed or used amounted to an intentional waiver of privilege or that the party who seeks to claw back the information failed to take reasonable steps to prevent disclosure or to rectify the error. Without limiting the foregoing, a party seeking to claw back Disclosed Protected Information under this Section shall be presumed to have lost the right to clawback under this Section if (1) the Disclosed Protected Information, or document containing such information, is used by any party in a deposition, hearing, or court filing in these Litigations (with the exception of a motion to determine the existence of any privilege), or specifically referred to in the body of an expert report served in these Litigations, (2) the party seeking to claw back the information was represented at the

deposition or hearing, was a party to the motion or other proceeding in connection with which the court filing was made, or was a subject of the opinions expressed in the expert report, and (3) such party fails to claw back the information pursuant to this Order within 21 calendar days of its use or, in the case of a document first used by a party on an exhibit list, within the time prescribed by the trial court for objections to such pretrial filings, if less than 21 days.

d. The parties may stipulate to extend the time periods set forth in sub-paragraphs (a) and (c).

e. Disclosed Protected Information that is sought to be reclaimed by the parties to these Litigations pursuant to this Order shall not be used as grounds by any third party to argue that any waiver of privilege or protection has occurred by virtue of any production in these Litigations.

f. The Producing Party retains the burden of establishing the privileged or protected nature of the Disclosed Protected Information. Nothing in this paragraph shall limit the right of any party to petition the Court for an *in camera* review of the Disclosed Protected Information.

(b) Where a party agrees to or is ordered to destroy a clawed back document, the party must instruct their e-discovery vendor to delete the document entirely from their e-discovery database and delete other copies of the clawed back document. To the extent that it is not technologically feasible for a receiving party to destroy a clawed back document (for example, if the clawed back document is part of a production provided on read-only production media such that the clawed back document cannot be destroyed without destroying the entire production media), the parties will meet and confer as to an acceptable alternative approach.

(c) **Receiving Party's Obligation**. Without waiving the ability to challenge a clawback under this Order, a party who discovers that it may have received an inadvertently disclosed or produced protected document must promptly notify the disclosing or

Producing Party. A party who is notified or discovers that it may have received a protected document must comply with Fed. R. Civ. P. 26(b)(5)(B).

19. **Claims of Privilege and Redactions.**

    (a)    **Production of Privilege Logs.** Except as provided otherwise below, for any document withheld in its entirety or produced but redacted, the Producing Party will produce privilege/redaction logs in MS Excel format or any other format that permits electronic sorting and searching, and a party must produce such logs on a rolling basis. The parties will use reasonable, good faith efforts to timely prepare supplemental privilege logs, also on a rolling basis, to avoid the production of a substantial privilege log at the end of the discovery period. A final privilege log will be produced within 60 days after the Substantial Completion[1] of all document productions.

    (b)    **Exclusions from Logging Potentially Privileged Documents.** The following categories of documents do not need to be contained on a Producing Party's initial privilege log, unless good cause exists to require that a party do so.

        (1)    Information generated after April 24, 2019. This provision does not apply to third parties to these Litigations.

        (2)    Any communications exclusively between a Producing Party and its outside counsel, an agent of outside counsel other than the party, any non-testifying experts in connection with specific litigation, or with respect to information protected by Fed. R. Civ. P. 26(b)(4), testifying experts in connection with specific litigation.

        (3)    Any privileged materials or work product created by or specifically at the direction of a party's outside counsel, an agent of outside counsel other than the party, any non-

---

[1] "Substantial Completion" means when a party, in good faith, believes it has completed the majority of its document production; provided, however, that this Substantial Completion date does not fall within 60 days of the discovery cut-off. Once the case is within 60 days of the discovery cut-off, any additional Privilege Logs must be served promptly after any additional document productions served.

testifying experts in connection with specific litigation, or with respect to information protected by Fed. R. Civ. P. 26(b)(4), testifying experts in connection with specific litigation.

(c)    Privilege Log Requirements:

(1)    **Metadata Log**.  To the extent applicable, each party's privilege log need only provide objective metadata (to the extent it is reasonably available and does not reflect privileged or protected information) and an indication of the privilege or protection being asserted by including fields to indicate the privilege asserted (e.g., Attorney Client Communication), the privilege status of the document (e.g., redact or withhold), and if needed (as addressed in (b) below), a description of the privileged material.

a.    Objective metadata includes the following (as applicable to the document types as shown in Appendix 1 to the ESI Protocol Order), though it does not have to be in the order set forth below:

- BegBates[2]
- EndBates
- BegAttach
- EndAttach
- Custodian
- CustodianAll
- LogicalPath
- Email Thread ID
- Email Subject
- Date Sent
- Time Sent
- Time Zone Used
- To/From/CC/BCC
- Page Count
- Fingerprint (Hash value)
- Subject
- Author

---

[2] A document being entirely withheld may not receive a Bates ID and an alternative ID may be provided.

- DocExt
- Confidentiality
- Paper, and
- Production Volume.

b. In addition to the objective metadata fields, a party must also include additional fields on its privilege log entitled "Attorney/Description of Privileged Material" if the basis for the privilege asserted is not apparent from the objective metadata (e.g., the name of the attorney will be provided if not included in the objective metadata). Further, a party must manually populate on its privilege log an author and date for any withheld document where that information is not provided by the objective metadata, unless such information is not reasonably discernable from the document or the information is not necessary to evaluate the claim of privilege in light of the metadata that is discernable and/or the information provided in the Attorney/Description of Privileged Material field.

c. With respect to the "Email Subject" or "File Name" field, the Producing Party may substitute a description of the document where the contents of these fields may reveal privileged information. In the privilege log(s), the Producing Party shall identify each instance in which it has modified the content of the "Email Subject" or "File Name" field (e.g., "[metadata redacted/altered to protect privilege]").

d. Should a receiving party, in good faith, have reason to believe a particular entry on a metadata-generated privilege log is responsive and does not reflect privileged discoverable information, the receiving party may request, and the Producing Party will not unreasonably refuse to provide, more information about the basis of the asserted privilege in compliance with Fed. R. Civ. P. 26(b)(5).

(2) **Email Chains**. If there is more than one branch of (i.e., more than one unique group of recipients of) an email

19

thread, each branch will be individually logged; however, each individual email within the thread or branch need not be logged if the recipients of the email chain are all identical. A party asserting privilege over a chain of emails may produce only a single redacted copy of such email chain consistent with the ESI Protocol to the extent some portions are only partially privileged, except that any unique branches of the email chain must also either be produced in redacted form or included on the metadata privilege log.

(3)    **Email Families**.  Attachments to emails shall be logged as separate documents on the log, with family relationships identified.

(d)    **Documents Redacted for Privilege**.  As an initial production matter, redacted documents need not be logged as long as (a) for emails, the objective metadata (i.e., to, from, cc, bcc, recipients, date, and time, unless the privilege or protection is contained in these fields) is not redacted, and the reason for the redaction, including the nature of the privilege asserted, is noted on the face of the document, or, if noting the nature on the face of the document is not technologically feasible, is noted in the metadata field provided in section F below (for redacted documents where the subject matter is not decipherable as a result of redactions, a description of the contents of the document that is sufficient to understand the subject matter of the document may be requested); and (b) for non-email documents, the reason for the redaction is noted on the face of the document in the redacted area. The Producing Party will undertake reasonable efforts to make limited, line-by-line redactions of privileged or work product information. After receipt of the production, the requesting party may request in good faith that the Producing Party create a privilege log for specific redacted documents. Electronic documents that are redacted shall be identified as such in a "Redacted" field in the accompanying data load file.

(e)    **Challenges to Privilege Claims**.  Following the receipt of a privilege/redaction log, a requesting party may identify, in writing (by Bates/unique identified number), the particular documents that it believes require further explanation. The Producing Party shall endeavor to respond to such a request within 14 days. If a party

challenges a request for further information, the parties shall meet and confer to try to reach a mutually agreeable solution. If they cannot agree, the matter may be brought to the Court.

20. **Obligations on Conclusion of These Litigations**.

(a) **Order Continues in Force**.  Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b) **Obligations at Conclusion of These Litigations**.  Unless agreed to by all parties to the respective Litigation in writing, within sixty (60) days after dismissal or entry of final judgment not subject to further appeal, all Confidential and Highly Confidential Information, including copies as defined above shall be returned to the Producing Party or destroyed to the extent practicable unless: (1) the document has been offered into evidence or filed without restriction as to disclosure or (2) as to documents bearing the notations, summations or other mental impressions of the receiving party. The parties agree that if a receiving party chooses to destroy such Confidential and Highly Confidential Information, the receiving party will certify that destruction has occurred.

(c) **Retention of Work Product and Filed Documents**. Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) email correspondence related to their representation; (2) attorney work product that may incorporate Confidential or Highly Confidential Information, including an index that refers or relates to designated Confidential or Highly Confidential Information so long as that work product is maintained in secured locations subject to security protocols applied in the regular course of business to other matters; and (3) one complete set of (a) all documents filed with or by the Court, including those filed under seal; (b) all transcripts of depositions, including exhibits; and (c) all final expert witness reports and supporting materials disclosed pursuant to Rule 26 of the Federal Rules of Civil Procedure. Any retained Confidential or Highly Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose Confidential or Highly Confidential Information. Nothing in this Order shall be construed to require the destruction or return of

Confidential or Highly Confidential Information stored in counsels' archives, back-up media, or disaster recovery media.

(d)  **Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System**.  Filings under seal shall be deleted from the ECF system only upon order of the Court.

21.  **Order Subject to Modification**.   This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

22.  **No Prior Judicial Determination**.  This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document designated Confidential or Highly Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

23.  **Persons Bound**.  This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

24.  **Future Parties**.  The terms of this Order shall be binding upon all current and future parties to these Litigations and their counsel; any party appearing in these Litigations following entry of this Order shall be deemed to have joined these Litigations subject to its provisions.

25.  **Defenses Not Affected**.   This Stipulated Protective Order shall not constitute a waiver of (a) any jurisdictional defenses that may be available; (b) any affirmative defenses under Rule 8 of the Federal Rules of Civil Procedure, any defense listed in Rule 12(b) of the Federal Rules of Civil Procedure, or otherwise (including but not limited to any defense based on ineffective service), or (c) any other statutory or common law defenses that may be available to Defendants. Defendants expressly reserve their rights to raise these and any other defenses available to them.

26.  **Court Retains Jurisdiction**.  The Court retains jurisdiction even after final disposition of these Litigations to enforce this Stipulation and Order by the sanctions set forth in Rule 37 of the Federal Rules of Civil Procedure and any other sanctions as may be available to the presiding

judge, including the power to hold parties or other violators of this Stipulation and Order in contempt and to make such amendments, modifications, deletions, and additions to this Stipulation and Order as the Court may from time to time deem appropriate.

27.    **Execution**.  This Stipulation and Order may be executed in counterparts. This Stipulation and Order shall become effective as a stipulation as among the executing parties immediately upon its execution by such executing parties.

**Dated**:  November 4, 2020               *s/ Hildy Bowbeer*
                                            HILDY BOWBEER
                                            United States Magistrate Judge

## <u>ATTACHMENT A TO PROTECTIVE ORDER</u>

### UNITED STATES DISTRICT COURT
### DISTRICT OF MINNESOTA

| | |
|---|---|
| **IN RE CATTLE ANTITRUST LITIGATION** | Case No. 0:19-cv-1222 (JRT/HB) |
| *This document relates to:* | **<u>PROTECTIVE ORDER ACKNOWLEDGEMENT</u>** |
| ALL CASES | |
| KENNETH PETERSON, et al., | Case No. 0:19-cv-1129 (JRT/HB) |
| Plaintiffs, | |
| v. | |
| JBS USA FOOD COMPANY HOLDINGS, et al., | |
| Defendants. | |
| **IN RE DPP BEEF LITIGATION** | Case No. 0:20-cv-1319 (JRT/HB) |
| *This document relates to:* | |
| ALL CASES | |
| ERBERT & GERBERT'S, INC., | Case No. 0:20-cv-1414 (JRT/HB) |
| Plaintiff, | |
| v. | |
| JBS USA FOOD COMPANY HOLDINGS, et al., | |
| Defendants. | |

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that they have read the Protective Order in the above-captioned Litigations and understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the District of Minnesota in matters relating to the Protective Order and understands that the terms of the Protective Order obligate them to use materials designated as Confidential or Highly Confidential Information in accordance with the Order solely for the purposes of the above-captioned Litigations, and not to disclose any such Confidential or Highly Confidential Information to any other person, firm, or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

Date:_____    Signature: _____

149536359.2