# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE CATTLE ANTITRUST LITIGATION<br><br>*This document relates to:*<br><br>ALL CASES | Case No. 0:19-cv-1222 (JRT/HB)<br><br>**ORDER ON JOINT STIPULATION REGARDING *EX PARTE* WITNESS CONTACT DISCLOSURES** |
| KENNETH PETERSON, et al.,<br><br>            Plaintiffs,<br><br>v.<br><br>JBS USA FOOD COMPANY HOLDINGS, et al.,<br><br>            Defendants. | Case No. 0:19-cv-1129 (JRT/HB) |
| IN RE DPP BEEF LITIGATION<br><br>*This document relates to:*<br><br>ALL CASES | Case No. 0:20-cv-1319 (JRT/HB) |
| ERBERT & GERBERT'S, INC.,<br><br>            Plaintiff,<br><br>v.<br><br>JBS USA FOOD COMPANY HOLDINGS, et al.,<br><br>            Defendants. | Case No. 0:20-cv-1414 (JRT/HB) |

Pursuant to the Joint Stipulation regarding *Ex Parte* Witness Contact Disclosures [19-cv-1222, ECF No. 306; 19-cv-1129, ECF No. 231; 20-cv-1319, ECF No. 132; 20-cv-1414, ECF No. 98], entered into by the parties in the above-captioned actions,

**IT IS HEREBY ORDERED** that the Joint Stipulation is **APPROVED** as follows:

1. For purposes of this Order, the phrase "lawyers in this action" shall include (i) any lawyer who is a member of, associated with, employed by, or otherwise affiliated with any law firm that has made an appearance on behalf of any party in this case, even if such lawyer has not individually filed a notice of appearance in the case; (ii) any non-lawyer employee, agent, or representative of any law firm who has made an appearance in this case; (iii) any in-house lawyer of any party to this case; and (iv) any other individual, including but not limited to an investigator, working for or on the direction of a person identified in clauses (i) through (iii) of this paragraph.

2. In representing their respective clients and contacting individuals regarding the subject matter of the litigation, the lawyers in this action, as defined in Paragraph 1, shall, after verifying the identity of an individual who is contacted as a possible fact witness, but before eliciting any substantive information:

    a. fully disclose their representative capacity to the individual contacted, including the firm they are associated with, the party they represent, and their reason(s) for making contact;

    b. inquire and confirm whether the individual contacted is a current or former employee of an adverse party, and:

        i.       if they are a current employee, stop the interview immediately; or

        ii.      if they are a former employee, inquire whether the individual contacted is currently represented for purposes of the subject matter of this litigation, and if so, stop the interview immediately;

    c.      inform the individual contacted that the interview is voluntary; and

    d.      inform the individual contacted that he or she should not divulge privileged communications during the interview.

3.      In representing their respective clients and contacting individuals regarding the subject matter of the litigation, the lawyers in this action, as defined in Paragraph 1, shall, after verifying the identity of an individual who is contacted as a possible expert witness, but before eliciting any substantive information:

    a.      fully disclose their representative capacity to the individual contacted, including the firm they are associated with, the party they represent, and their reason(s) for making contact; and

    b.      inquire and confirm whether the individual contacted is a current or former employee of an adverse party, and:

        i.       if they are a current employee, stop the interview immediately; or

    ii. if they are a former employee, inquire whether the individual contacted is currently represented for purposes of the subject matter of this litigation, and:

     1. if so, stop the interview immediately; or

     2. if not, inform the individual contacted that (i) the interview is voluntary and (ii) he or she should not divulge privileged communications during the interview.

4. If the lawyers in this action leave a voicemail for a potential fact or expert witness, they will not misrepresent their identity or affiliation in the voicemail.

5. This Order Regarding Ex Parte Witness Contact Disclosures shall govern all parties in the above-captioned cases and any related actions that may later be consolidated with these cases.

Date:  December 8, 2020    s/ *Hildy Bowbeer*
              HILDY BOWBEER
              United States Magistrate Judge