# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| **IN RE: DPP BEEF LITIGATION**<br><br>**This document applies to:**<br>ALL CASES | Case No. 20-cv-1319 (JRT/HB)<br><br>**(Lead Case)** |
| IN RE CATTLE ANTITRUST LITIGATION<br><br>This document relates to:<br>ALL CASES | Case No. 19-cv-1222 (JRT/HB) |
| KENNETH PETERSON, et al.,<br><br>      Plaintiffs,<br><br>v.<br><br>JBS USA FOOD COMPANY HOLDINGS, et al.,<br><br>      Defendants. | Case No. 19-cv-1129 (JRT/HB) |
| ERBERT & GERBERT'S, INC.,<br><br>      Plaintiff,<br><br>v.<br><br>JBS USA FOOD COMPANY HOLDINGS, et al.,<br><br>      Defendants. | Case No. 20-cv-1414 (JRT/HB) |
| WINN-DIXIE STORES, INC., AND BI-LO HOLDING, LLC,<br><br>      Plaintiffs,<br><br>v.<br><br>CARGILL, INC., et al.,<br><br>      Defendants. | Case No. 21-cv-1751 (JRT/HB) |

**ORDER ON STIPULATION REGARDING COORDINATION, RESPONDING TO COMPLAINTS, AND CASE MANAGEMENT**

This matter is before the Court on the parties' Joint Stipulation Regarding Coordination, Responding to Complaints, and Case Management in the above-captioned actions ("Joint Stipulation"). For good cause shown, the Court adopts the Joint Stipulation, as specifically set forth herein.

**PRETRIAL CONSOLIDATION & COORDINATION**

1. The Court entered an order consolidating all then-existing direct purchaser plaintiff beef antitrust actions. (*See* Sept. 9, 2020 Ord. [Case No. 20-cv-1319 (JRT/HB), ECF No. 71] (hereafter "DPP Consolidation Order").) The DPP Consolidation Order requires that any cases subsequently filed in the District of Minnesota arising out of similar conduct "shall be consolidated in the *In re DPP Beef Litigation*" absent "object[ion] within 14 days after receipt of a copy of this Order." (*See id.* at 7.) Subsequently, Winn-Dixie Stores, Inc. and Bi-Lo Holding, LLC filed Case No. 21-cv-1751 and requested transfer to Judge Tunheim and consolidation with *In re DPP Beef Litigation*. [*See* Case No. 21-cv-1751 (JRT/HB), ECF No. 10 (attaching DPP Consolidation Order).] The Court transferred the case, but did not issue an order on the consolidation request. [*See* Case No. 21-cv-1751 (JRT/HB), ECF No. 11.] Pursuant to the DPP Consolidation Order and Rule 42(a) of the Federal Rules of Civil Procedure, Case No. 21-cv-1751 (JRT/HB) is hereby consolidated with *In re: DPP Beef Litigation*, Case No. 20-cv-1319 (JRT/HB).[1]

---

[1] Accordingly, subsequent references in this Order to *In re DPP Beef Antitrust Litigation* include the *Winn-Dixie* action.

2. *In re Cattle Antitrust Litigation*, Case No. 19-cv-1222 (JRT/HB) (the "Cattle Antitrust Action"); *Peterson v. JBS USA Food Company Holdings, et al.*, Case No. 19-cv-1129 (JRT/HB) (the "Consumer Indirect Purchaser Plaintiff Action"); *In re: DPP Beef Antitrust Litigation*, Case No. 20-cv-1319 (JRT/HB) (the "Direct Purchaser Plaintiff Action"); and *Erbert & Gerbert's, Inc. v. JBS USA Food Company Holdings, et al.*, Case No. 20-cv-1414 (JRT/HB) (the "Commercial and Institutional Indirect Purchaser Plaintiff Action") shall be coordinated for pretrial purposes. The Direct Purchaser Plaintiff Action shall be designated as the "Lead Case" for purposes of coordination only.

3. This Order takes no position on whether some or all of these actions should be consolidated for trial, nor shall it be deemed to make any person or entity a party to an action in which it has not been joined and served in accordance with the Federal Rules of Civil Procedure.

4. Any lawyer who has been admitted *pro hac vice* in any of the actions need not seek *pro hac vice* admission in any other action. Any lawyer who has filed a notice of appearance in any of the actions need not file an appearance in any other action. It is incumbent upon each lawyer to ensure his or her appearance is listed in the coordinated proceedings for ECF purposes.

## **CAPTION**

5. Every pleading or other document filed in these coordinated actions, and in any separate action subsequently coordinated with these actions, shall be filed in the Lead Case (No. 20-cv-1319 (JRT/HB)) and shall bear the following caption:

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| *IN RE CATTLE AND BEEF ANTITRUST LITIGATION*<br><br>This Document Relates To: | No. 0:20-cv-1319 (JRT/HB) |

6. When a filing is intended to apply to all actions to which this Order is applicable, the words "All Actions" shall appear immediately after the words "This Document Relates to:" in the caption above. When a filing is intended to apply only to some, but not all of such actions, the group name (*e.g.*, Cattle Antitrust Action (*i.e.*, *In re Cattle*)), Direct Purchaser Plaintiff Action (*i.e.*, *In re DPP Beef*), Commercial and Institutional Indirect Purchaser Plaintiff Action (*i.e.*, *Erbert & Gerbert's*), or Consumer Indirect Purchaser Plaintiff Action (*i.e.*, *Peterson*)), or the unique case name and docket number for each action to which the filing is intended to apply shall appear there.

7. The Clerk of this Court shall continue to maintain a separate file for each of the actions listed above, and filings shall be made therein in accordance with the regular procedures of the Clerk of Court except as modified by this Order. Nothing in this Order, however, shall be interpreted to require the Clerk of Court to cross-file everything on the *In re Cattle and Beef Antitrust Litigation* docket in every separate case file to which it might apply.

### NEWLY FILED OR TRANSFERRED ACTIONS

8. When an action that relates to the same subject matter and asserts substantially similar claims as these coordinated actions is hereafter filed in, removed to,

4

or transferred to this Court and assigned to the undersigned, it shall be coordinated with these actions as part of the *In re Cattle and Beef Antitrust Litigation*.

9. Counsel must call to the attention of the Clerk the filing or transfer of any case that might properly be consolidated or coordinated with these actions and identify the group of actions to which it belongs.

10. With respect to such newly filed or transferred actions, the Clerk of Court shall:

    a. docket a copy of this Order in the separate file for such action,

    b. make an appropriate entry in the Lead Case docket that a new case has been assigned, and

    c. note on the docket that, upon entry of this Order, all papers shall be filed in the Lead Case file and no further papers shall be filed in that individual case docket.

11. The terms of this Order shall apply automatically to all such newly filed, removed, or transferred actions that are coordinated as part of *In re Cattle and Beef Antitrust Litigation*.

## AMENDING COMPLAINTS

12. Plaintiffs in *In re DPP Beef*, *Peterson*, and *Erbert & Gerbert's* may amend their complaints in compliance with the Court's September 14, 2021 Order no later than **October 15, 2021**.

13. Defendants, except as noted below, agree to accept service of any such amended complaints in these four actions electronically consistent with Federal Rule of

Civil Procedure 5. With respect to JBS S.A. specifically, JBS S.A. reserves all rights concerning service but agrees that the Court's order concerning the motion for alternative service filed in *In re Cattle*, *In re DPP Beef*, *Peterson*, and *Erbert & Gerbert's* shall apply to the amended complaints to be filed in *In re DPP Beef*, *Peterson*, and *Erbert & Gerbert's*.

## ANSWERING COMPLAINTS

14. Defendants must answer the operative complaint in *In re Cattle* no later than **January 28, 2022**, by filing an answer to the Third Consolidated Amended Class Action Complaint in *In re Cattle* [Case No. 19-cv-1222 (JRT/HB), ECF No. 312].

15. Defendants must answer the amended complaints in *In re DPP Beef*, *Peterson*, and *Erbert & Gerbert's* by **January 28, 2022**.

## DISCOVERY-RELATED PROVISIONS

16. **ESI Protocol and Protective Order.** The ESI Protocol, Protective Order, and Order on Joint Stipulation Regarding *Ex Parte* Witness Contact Disclosures entered in the *In re Cattle*, *Peterson*, *In re DPP Beef*, and *Erbert & Gerbert's* actions (*e.g.*, *In re DPP Beef*, Case No. 20-cv-1319 (JRT/HB), ECF Nos. 93 ("ESI Protocol"), 123 ("Protective Order")), 134 ("Witness Contact Order") shall apply to all coordinated actions.

17. The discovery stay ordered on October 30, 2020, is lifted, consistent with the dates set forth below.

18. Following the parties' November 3, 2021 Rule 26(f), the parties may serve additional discovery pursuant to Federal Rule of Civil Procedure 26(d)(1). No party waives any right to object to such discovery and/or seek a protective order for reasons unrelated to Federal Rule of Civil Procedure 26(d)(1).

19. The following discovery-related deadlines shall apply in all cases coordinated with *In re Cattle and Beef Antitrust Litigation* and supersede any previously imposed deadlines for the same events:

| Event | Deadline |
|---|---|
| Parties to engage in a Rule 26(f) conference. | November 3, 2021 |
| Parties to file a joint Rule 26(f) report. | November 17, 2021 |
| Parties to commence meeting and conferring regarding (1) Requests for Production previously served in these actions; and (2) associated custodian, non-custodial sources, and date range proposals. | Week of November 15, 2021 |
| Case management and scheduling conference to be held by Zoom. | December 6, 2021 at 1:00 pm[2] |

20. All Plaintiffs and Defendants in these coordinated actions shall, respectively, work together to coordinate discovery, where appropriate and practicable, in a manner that reduces needless duplication and inefficiency, keeping in mind the goal of Federal Rule of Civil Procedure 1 to promote the just, speedy, and inexpensive resolution of these cases.

**IT IS SO ORDERED.**

Date:  October 13, 2021                     /s Hildy Bowbeer
                                            HILDY BOWBEER
                                            United States Magistrate Judge

---

[2] Procedures and deadlines for submissions in advance of the case management conference will be established by a separate order.