UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| *IN RE CATTLE AND BEEF ANTITRUST LITIGATION*<br><br>This Document Relates To: ALL CASES | Case No. 20-cv-1319 (JRT/HB)<br><br>**(Lead Case)** |

**ORDER REGARDING STIPULATION REGARDING**
**CASE MANAGEMENT ISSUES**

This matter is before the Court on the parties' Joint Stipulation Regarding Case Management Issues [ECF No. 269] in the above-captioned coordinated actions ("Joint Stipulation"). For good cause shown, the Court adopts the Joint Stipulation, as specifically set forth herein.

1. **Rule 34 Requests:**

    a. The *Peterson* Plaintiffs' first Rule 34 requests (referred to as "Beef Set One") to Defendants shall be deemed to have been served on Defendants in all other currently pending or future actions on behalf of "beef purchasers"[1] coordinated with the *In re Cattle and Beef Antitrust Litigation*. Defendants' responses and objections to those *Peterson* Beef Set One Rule 34 requests are deemed to have been served on all existing beef purchaser plaintiffs in

---

[1] For the avoidance of doubt, the Parties intend "beef purchasers" to include the plaintiff classes in the Consumer Indirect Purchaser Plaintiff Action, the Direct Purchaser Plaintiff Action, and the Commercial and Institutional Indirect Purchaser Plaintiff Action, as well as subsequent actions filed by plaintiffs who allege purchasing beef directly or indirectly from Defendants.

1

        all actions on behalf of beef purchasers that are subsequently coordinated with the *In re Cattle and Beef Antitrust Litigation*.[2]

b.     The *In re* Cattle Plaintiffs' first Rule 34 requests (referred to as "Cattle Set One") shall be deemed to have been served on Defendants in all future actions on behalf of "cattle sellers"[3] that are coordinated with the *In re Cattle and Beef Antitrust Litigation*. Defendants' responses and objections to those Cattle Set One Rule 34 requests are deemed to have been served in all current actions on behalf of cattle sellers and those that are subsequently coordinated with the *In re Cattle and Beef Antitrust Litigation*.[4]

c.     Defendants shall provide copies of their responses and objections to the Beef and/or Cattle Set One Rule 34 requests to any plaintiffs in subsequently coordinated actions within **20 days** of the coordination of such actions.[5]

d.     The JBS Defendants served amended responses and objections to these Cattle and Beef Set One Rule 34 requests on **October 22, 2021,** to account

---

[2] The *Peterson* Plaintiffs' first Rule 34 requests to Defendants were previously deemed to have been served on Defendants in *In re DPP* and *Erbert & Gerbert's*, and Defendants already served responses and objections to the *In re DPP* and *Erbert & Gerbert's* plaintiffs. *See* Case No. 20-cv-1319, ECF No. 72, ¶ 4.c.

[3] For the avoidance of doubt, the Parties intend "cattle sellers" to include the plaintiff classes that are part of the Cattle Antitrust Action, as well as subsequent actions filed by plaintiffs who allege having sold cattle to Defendants.

[4] The parties in *In re Cattle* also already served a first set of Rule 34 requests and responses and objections thereto.

[5] References to days and deadlines in this Order will be governed by the Federal Rules of Civil Procedure.

for JBS S.A. (in all cases) and JBS USA Food Company (in *In re DPP*, *Peterson*, and *Erbert & Gerbert's*).

e. Defendants' Set One Rule 34 requests served on Plaintiffs in *Olean Wholesale Grocery Cooperative, Inc., v. Cargill, Incorporated*, Case No. 20-cv-1602, shall be deemed to have been served on each *Winn-Dixie* plaintiff. Defendants provided copies of those requests to each *Winn-Dixie* plaintiff, with responses due **November 15, 2021**.

f. All Parties reserve the right to also serve amended responses and objections as needed.

2. **Initial Disclosures:**

a. *Winn-Dixie* Plaintiffs shall serve initial disclosures on Defendants by **November 5, 2021**.

b. The JBS Defendants shall serve amended initial disclosures by **November 5, 2021,** to account for JBS S.A. (in all cases) and JBS USA Food Company (in *In re DPP*, *Peterson*, and *Erbert & Gerbert's*).

c. All Parties reserve the right to amend their initial disclosures as needed as permitted under the Federal Rules of Civil Procedure.

d. In all subsequently coordinated actions, the newly added parties shall serve initial disclosures within **28 days** of coordination.

e. This Order does not modify any Party's rights and/or obligations under Fed. R. Civ. P. 26(a)(1).

3. **<u>Attachment 1 Disclosures:</u>**

    a.  *Winn-Dixie* Plaintiffs shall have served Attachment 1 disclosures on Defendants by **November 5, 2021**.

    b.  The JBS Defendants shall have served amended Attachment 1 disclosures by **November 5, 2021,** to account for JBS S.A. (in all cases) and JBS USA Food Company (in *In re DPP*, *Peterson*, and *Erbert & Gerbert's*).

    c.  In all subsequently coordinated actions, the newly added parties shall serve Attachment 1 disclosures within **28 days** of coordination.

4. **<u>Initial Section V(B)(1) Proposals:</u>**

    a.  Defendants previously served proposed lists of document custodians, non-custodial sources, and date ranges pursuant to Section V(B)(1) of the ESI Protocol in *In re Cattle, Peterson*, and *Olean*, and *Samuels* (pre-consolidation into the *In re DPP* action).

    b.  The lists of document custodians, non-custodial sources, and date ranges previously served on the *Olean* plaintiffs shall be deemed to have been served on all existing or future beef purchaser plaintiffs.

    c.  The lists served by Defendants on the *In re Cattle* plaintiffs will be deemed to have been served on all existing or future cattle seller plaintiffs.

    d.  The *In re Cattle* and *Peterson* Plaintiffs previously served counterproposals on Defendants in their actions. The *Peterson* counterproposals (including amended lists pursuant to paragraph 4(g)) shall be deemed to have been served on the Defendants to all other beef purchaser actions, and the *In re*

        *Cattle* counterproposals (including amended lists pursuant to paragraph 4(g)) shall be deemed to have been served on Defendants to all other cattle seller actions.

    e.    *In re DPP* and *Erbert & Gerbert* Plaintiffs served their initial proposed lists of document custodians, non-custodial sources, and date ranges on **October 22, 2021**. *Winn-Dixie* Plaintiffs shall have served an initial proposed list of document custodians, non-custodial sources, and date ranges on **November 5, 2021**. Defendants shall serve their respective counterproposals to the *In re DPP*, *Winn-Dixie* and *Erbert & Gerbert* proposed lists by **November 17, 2021**.

    f.    The JBS Defendants shall have served amended proposed lists of Document Custodians, non-custodial sources, and date ranges by **November 5, 2021** (in all cases) and JBS USA Food Company (in *In re DPP*, *Peterson*, and *Erbert & Gerbert's*).

    g.    All Parties reserve the right to serve amended lists as needed.

    h.    Except as noted above in 4.e, Defendants and Plaintiffs shall serve their respective counterproposals within **14 days** of receipt of these initial and/or revised proposed lists.

5. **<u>Meet and Confers Regarding Rule 34 Responses and Objections:</u>**

The parties are to meet and confer on all parties' Cattle and Beef Rule 34 responses and objections as follows:

a. <u>Plaintiffs' Objections and Responses to Defendants' Set One Discovery Requests</u>: The Defendants may meet and confer with each of (1) the *Cattle* Plaintiffs; (2) the *Peterson* Plaintiffs; (3) the *DPP* Plaintiffs; (4) the *Erbert & Gerbert's* Plaintiffs; and (5) *Winn-Dixie* Plaintiffs, separately regarding their respective responses and objections, or jointly as to issues common to a group of plaintiffs (*e.g.*, the putative *In re DPP* class plaintiffs and *Winn-Dixie*), and shall complete such meet and confers by the date(s) set forth below under Initial Discovery Deadlines.

b. <u>Defendants' Objections and Responses to Plaintiffs' Set One Discovery Responses</u>: The parties shall jointly meet and confer regarding Defendants' responses and objections to the Cattle and Beef Set One Rule 34 Requests and complete such meet and confer by the date(s) set forth below under Initial Discovery Deadlines. In this meet and confer, the parties will discuss the extent to which requests from both Set One Rule Requests overlap and whether to treat one or more of these requests as the operative request.

c. To the extent any individual party does not adopt a common position with regard to any responses and objections due to the differences in the cases, the parties may, after their initial meet and confer, break into separate meet and confers to address issues that are unique to that party and/or case.

6. **Meet and Confers Regarding Custodian, Noncustodial Source, and Date Range Proposals**:

   a. <u>Plaintiffs' Custodians and Noncustodial Sources</u>: The parties may meet and confer separately regarding the proposals and counterproposals regarding Plaintiffs' custodians and noncustodial sources. The meet and confers may occur either in conjunction with or following the meet and confers regarding Plaintiffs' Rule 34 responses and objections.

   b. <u>Defendants' Custodians and Noncustodial Sources</u>: The parties shall jointly meet and confer regarding the proposals and counterproposals regarding Defendants' custodians and noncustodial sources. These meet and confers may occur either in conjunction with or following the meet and confers regarding Defendants' Rule 34 responses and objections.

   c. To the extent any individual party does not adopt a common position with regard to any custodians and noncustodial sources due to the differences between the cases, the parties may, after their initial meet and confers, break into separate meet and confers to address any issues that are unique to that party and/or case.

   d. <u>Date Ranges</u>: The parties shall discuss their proposed and counter-proposed date ranges during their meet and confers regarding the Rule 34 responses and objections addressed above.

## INITIAL DISCOVERY DEADLINES

7. The following additional discovery-related deadlines shall apply in all cases coordinated herein with *In re Cattle and Beef Antitrust Litigation* and supersede any previously imposed deadlines for the same events:

| Event | Deadline |
|---|---|
| Parties to designate ESI Liaisons, if they have not already. (*See* ESI Protocol § I.C.) | October 29, 2021 |
| Per the Parties' agreed stipulation (ECF No. 246), the Parties shall commence meeting and conferring regarding (1) Requests for Production previously served in these actions; and (2) associated custodian, non-custodial sources, and data range proposals. | Week of November 15, 2021 |
| Parties to provide descriptions and/or definitions for the fields contained in any structured databases identified as a noncustodial source. *See* ESI Protocol § V.D. | December 6, 2021 |
| Parties to begin meeting and conferring regarding (1) a search methodology order regarding unstructured data that provides details and deadlines pertaining to that process, *see* ESI Protocol § V.C., and (2) queries against structured data to identify discoverable data, *see* ESI Protocol § V.D. | December 13, 2021 |
| Deadline to complete meet-and-confer on lists of custodians, non-custodial sources and date ranges and meet-and-confer on all Set One Beef and Cattle Discovery Requests and discovery requests served on Plaintiffs. | January 10, 2022 |
| Production of sample structured data, if needed. | January 17, 2022 |
| Parties to complete their meet and confer process regarding (1) a search-methodology order for unstructured data, *see* ESI Protocol § V.C., and (2) reasonable queries against structured data, *see* ESI Protocol § V.D. | January 31, 2022 |
| Deadline to submit any disputes regarding a search methodology order and/or structured data on which the parties are at an impasse to the Court. Disputes as to the | February 14, 2022 |

| **Event** | **Deadline** |
|---|---|
| search-methodology order for unstructured data will be submitted via a joint letter-brief. | |

8. Nothing in this Order shall constitute a waiver of (a) any jurisdictional defenses that may be available; (b) any affirmative defenses under Rule 8 of the Federal Rules of Civil Procedure, any defense listed in Rule 12(b) of the Federal Rules of Civil Procedure, or otherwise; (c) any other defenses that may be available to Defendants; or (d) any discovery-related objections or reservations of rights that Plaintiffs or Defendants have asserted.  Plaintiffs and Defendants have expressly reserved their rights to raise these and any other defenses and objections available to them.

9. No separately filed non-class-action direct purchaser actions ("Direct Actions") that have been or will be consolidated in the *In re DPP Beef Litigation* docket shall obligate *In re DPP Beef Litigation* interim class counsel to respond to any discovery request directed to or on behalf of the Direct Actions, serve as liaison counsel for the Direct Actions, or otherwise impose any duties on interim class counsel listed in paragraph 4 of the Order Granting Plaintiffs' Motion for Appointment of Interim Co-Lead Counsel for Proposed Direct Purchase Class, ECF No. 71, with respect to the Direct Actions. Nothing in this paragraph, however, is intended to or shall alter the *In re DPP* interim class counsel's obligations to coordinate with any Direct Action counsel "in a manner that reduces needless duplication and inefficiency, keeping in mind the goal of Federal

Rule of Civil Procedure 1 to promote the just, speedy, and inexpensive resolution of these cases." (ECF No. 252, at 7; *see also* ECF No. 72, at 10.)

**IT IS SO ORDERED.**

Dated:  November 10, 2021               s/*Hildy Bowbeer*
                                        HILDY BOWBEER
                                        United States Magistrate Judge