## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| *IN RE CATTLE AND BEEF ANTITRUST LITIGATION*<br><br>This Document Relates To: ALL CASES | Case No. 20-cv-1319 (JRT/HB)<br><br>**(Lead Case)**<br><br>**RULE 26(f) REPORT** |

The parties/counsel identified below participated in the meeting required by Fed. R. Civ. P. 26(f) and the Local Rules, on November 3, 8 and 17, 2021 and prepared the following report. The provisions and deadlines set forth herein shall apply to the current parties in the above-captioned cases and to all parties in any related actions that may be later consolidated or coordinated with the above-captioned case.

The initial pretrial conference in this case is scheduled for December 6, 2021, at 1:00 pm, before United States Magistrate Judge Bowbeer, by Zoom.

## DESCRIPTION OF CASE

1. **Concise Factual Summary of Plaintiffs' Claims**

Plaintiffs, comprising four putative classes across several actions, allege that Defendants, the nation's four largest beef packers, conspired to generate historically unprecedented profit margins in violation of the Sherman Act, the Packers and Stockyards Act, and myriad state laws; and that Defendants manipulated the Live Cattle Futures market in violation of the Commodity Exchange Act. As Judge Tunheim recognized, Plaintiffs "plausibly plead that Defendants conspired to suppress the price of fed cattle and drive up the price of beef in order to realize sky-high margins."

2. **Concise Factual Summary of Defendants' Claims/defenses**

Defendants deny Plaintiffs' allegations of a conspiracy. Plaintiffs cannot establish a violation of Section One of the Sherman Act, the Packers and Stockyards Act, or any of their claims under state law. Defendants compete vigorously against one another and other competitors in the beef and cattle industry, making independent and self-interested decisions about purchasing, production, and sales, and utilizing a wide range of contracting methods. Further, the market for cattle is cyclical, and a fall in cattle prices around 2015—from historic highs in 2014—was due to a variety of normal supply-and-demand forces, as the United States Government Accountability Office found following an 18-month study. Plaintiffs cannot prove the elements of their Commodities Exchange Act claims; to the

extent Defendants trade in cattle futures, they also make their trading decisions independently and for legitimate business reasons.

Plaintiffs' claims suffer from a number of other deficiencies, including:[1]

- Plaintiffs have inappropriately sued corporate parents with no operational responsibility for, or direct involvement in, the cattle and beef operations central to Plaintiffs' claims; all such entities should be dismissed.

- Many of the Plaintiffs lack antitrust standing and cannot demonstrate causation or damages.

- Plaintiffs' claims are also untimely and cannot be saved by the fraudulent-concealment or continuing-violation doctrines.

- A class cannot be certified or maintained in any of these actions.

### 3.   Statement of Jurisdiction (including statutory citations)

Plaintiffs assert that the Court has subject matter jurisdiction under 28 U.S.C. 1331, 1337, and Sections 4 and 16 of the Clayton Act, 14 U.S.C. 15(a) and 26. Venue is appropriate in the District under sections 4, 12, and 16 of the Clayton Act, 15 U.S.C. 15, 22, and 26 and 28 U.S.C. 1391(b), (c), and (d) because one of more Defendants resided or transacted business in this District, is licensed to do business or is doing business in this District, and because a substantial portion of the affected interstate commerce described herein was carried out in this District. Defendants do not contest the Court's subject matter jurisdiction.

### 4.   Summary of Factual Stipulations or Agreements

The parties have not entered into any factual stipulations or agreements at this time but will discuss at an appropriate time.

### 5.   Statement of whether all process has been served and all pleadings filed, and any current plans for any party to move to amend pleadings or add additional parties to the action

Plaintiffs in the cases currently consolidated or coordinated in this Action have all served Amended Complaints. Defendants claim that Plaintiffs' amendments exceeded in certain respects the scope of allowable amendments pursuant to the Court's September 14, 2021 Order granting in part, denying in part Defendants' motions to dismiss. Defendants' Answers to those Amended Complaints are due January 28, 2022. None of the current

---

[1]   JBS S.A. also has defenses based on lack of personal jurisdiction and insufficient service of process.

parties have current plans to move to amend the pleadings again or add additional parties to the Action.

The parties anticipate that there may be additional cases filed, transferred, or remanded that may be consolidated or coordinated in this Action. To the extent future cases are filed in, removed to, or transferred to this Court and coordinated with this action, Defendants shall only be required to answer new allegations (or unique causes of action) alleged in those complaints, and otherwise their prior answers in *In re Cattle* shall be incorporated by reference in such a newly-filed action.

6. **Statement of whether jury trial has been timely demanded by any party**

Plaintiffs in all of the cases consolidated or coordinated in this Action have demanded a trial by jury on all matters so triable.

7. **If applicable, a list of all insurance carriers/indemnitors, including limits of coverage of each defendant or statement that the defendant is self-insured**

Not applicable.

8. **If the parties would like the case resolved under the Rules of Procedure for Expedited Trials of the United States District Court for the District of Minnesota, a statement of the parties' agreement to that effect**

Not applicable.

## DISCOVERY

Pursuant to Fed. R. Civ. P. 26(f), the parties propose the below discovery plan that is designed to maximize the efficiency of pretrial case preparation and is appropriate and proportionate to the needs of the case. To the extent the parties do not agree on certain issues, their respective positions are set out below.

## FACT DISCOVERY

The parties recommend that the Court establish the following fact discovery deadlines and limitations:

1.      **Initial disclosures**

The parties have already made their **initial disclosures** required by Rule 26(a)(1). In all subsequently coordinated actions, the newly added parties shall serve initial disclosures within **28 days** of coordination. If the parties disclose(d) documents by describing them by category and location pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii), they will produce copies of the documents themselves in response to discovery requests.

2.      **Document production and related procedures**

a.      (i) The parties shall begin **rolling productions of documents** in response to the first sets of requests for production (*i.e.*, those served prior to the Court's order on Defendants' motions to dismiss) within 60 days after completion of

a.  [**Disputed Insert 1**]

i.  [***PLAINTIFFS' PROPOSAL***: a party's meet and confer process on its requests, custodians, sources, search methodology, and date ranges.

ii.  [***DEFENDANTS' PROPOSAL:*** the parties' meet and confer process on such requests, custodians, sources, search methodology, and date ranges.

(ii)    [**Disputed Insert 2**]

a.  [***PLAINTIFFS' PROPOSAL***: The parties will prioritize the production of documents for 5 Priority Custodians per Defendant Family. *See* Exhibit A Scheduling Proposal.]

b.  [***DEFENDANTS' PROPOSAL:*** The parties will notify all parties when they have completed, to the best of their knowledge, productions for any given custodian.]

b.      **Fact discovery and resolution of privilege log procedures** must be commenced in time to be completed on or before [**Disputed Insert 3**] [***PLAINTIFFS' PROPOSAL***:  **June 1, 2023**] [***DEFENDANTS' PROPOSAL***:  **May 16, 2023**]. The parties have discussed whether interim dates for the **substantial completion of structured data and document production** should be set to facilitate the scheduling and taking of depositions, and they agree that

         i.   structured data production should be complete by [**Disputed Insert 4**]

            [*PLAINTIFFS' PROPOSAL*: **April 1, 2022**] or [*DEFENDANTS' PROPOSAL*: **July 1, 2022**];

        ii.   document production should be substantially complete by [**Disputed Insert 5**]

            [*PLAINTIFFS' PROPOSAL*: **June 1, 2022**] [*DEFENDANTS' PROPOSAL*: **August 1, 2022**];

(*See* the chart of the parties' proposed dates in Exhibit A.)

3.    **The parties do not believe that discovery should be conducted in phases or limited to or focused on certain issues or certain sources before others.**

4.    **Foreign Discovery**

The parties have discussed whether evidence is likely to be located in countries other than the United States, and if so, whether there may be any timing considerations or impediments to obtaining discovery of that evidence, such as the need to employ special procedures for the taking of evidence abroad (e.g., under the Hague Convention) or the existence of blocking statutes in the jurisdictions where the evidence is located. If so, describe here, along with any plans or proposals the parties have for addressing those considerations or impediments while adhering to case management deadlines:

[**Disputed Insert 6**]

[*PLAINTIFFS' PROPOSAL:* Plaintiffs expect there to be significant discovery relating to Defendant JBS S.A., which is based in Brazil. Additionally, Defendant National Beef Packing Company, LLC's parent company, Marfrig Global Foods S.A., is also based in Brazil and discovery of information from this entity will likely prove necessary. The parties have not yet had an opportunity to confer regarding any special procedures relating to such discovery, but propose a January 14, 2022 deadline to either submit an agreed foreign discovery protocol or a joint letter brief regarding any disputes relating thereto.]

[*DEFENDANTS' PROPOSAL:* The relevant Defendants do not agree with Plaintiffs' statements about the need for and scope of any Brazil-based discovery, including whether any protocol is necessary, nor whether any such protocol could be binding on Marfrig, a non-

party foreign company.  Nevertheless, the relevant Defendants agree to meet and confer with Plaintiffs on this topic.]

5.   **The parties propose that the Court limit the use and number of written discovery procedures as follows**:

    a)   **Interrogatories:**[2]

Interrogatories will be counted in accordance with Rule 33(a). The parties will coordinate efforts and each side will avoid serving duplicative or unduly burdensome interrogatories.

[**Disputed Insert 7**]

[***PLAINTIFFS' PROPOSAL:*** Plaintiffs may jointly serve 25 interrogatories on each Defendant Family. Each Plaintiff Class (with Direct Action Plaintiffs counting as one class) may separately serve an additional 10 interrogatories. Defendants may jointly serve 20 interrogatories on each of the individual named Plaintiffs and 30 interrogatories on each of the corporate named Plaintiffs and the Weinreis Family.]

[***DEFENDANTS' PROPOSAL:*** Plaintiffs may jointly serve 30 interrogatories on each Defendant Family. Each Plaintiff Class together with any related Direct Action Plaintiffs (*e.g.*, *In re DPP* Class Action Plaintiffs jointly with *Winn-Dixie* Plaintiffs) separately serve an additional 5 interrogatories. Defendants may jointly serve 20 interrogatories on each of the individual named Plaintiffs and 30 interrogatories on each of the corporate named Plaintiffs and the Weinreis Family.]

    b)   **Document requests:**

Consistent with Fed. R. Civ. P. 34, there is no limit on the number of requests to produce the parties may serve. Plaintiffs shall endeavor to jointly serve their requests where there is overlap, which may be addressed to Defendant Families or, for any discrete issues, on individual parties. Defendants shall endeavor to jointly serve their requests addressed to all Plaintiffs or, for any discrete issues, on an individually named plaintiff or plaintiff class. No rights, obligations, or objections available under the Federal Civil Rules of Procedure are modified by this Paragraph.

---

[2]   The parties discussed whether the proposed limitations should be "per side" or "per party." The proposed limitations should be applied generally by party or party "Family." References to Plaintiff and Defendant "Families" are defined as set forth in Appendix A.

c)     **Requests for admissions:**

The parties will meet and confer in good faith to determine if a process for a stipulation and/or a deferred Rule 30(b)(6) deposition can be agreed to concerning various evidentiary issues addressed in the Federal Rules of Evidence ("FRE"), including authenticity (FRE 902 & 903), duplicates (FRE 1001(4) & 1003), the requirement for a sponsoring witness to establish authenticity or best evidence, and status of a document as a business record (FRE 803(6)). The parties understand that the Court's presumption is that a document is authentic if it was produced from a party's files, unless a party makes a showing of good cause to the contrary. For any documents for which the parties cannot agree upon a stipulation, a party may serve, without limitation, any necessary requests for admission to address any potential evidentiary objections.

With respect to requests for admission not pertaining to the evidentiary issues addressed in the prior paragraph: All parties shall endeavor to coordinate to ensure that any such requests do not cause unnecessary duplication. Requests to Admit must be served no later than 90 days before the close of discovery. [The parties disagree on the number of requests for admission, as outlined below:]

[**Disputed Insert 8**]

[*PLAINTIFFS' PROPOSAL*:  Each Plaintiff Class (with Direct Action Plaintiffs counting as one class) (*i.e.*, *Cattle* Plaintiffs; *Peterson* Plaintiffs; *DPP* Class Action Plaintiffs; *E&G* Plaintiffs; and *Winn-Dixie* combined with any other Direct Action Plaintiffs) may serve 50 requests for admission on each Defendant Family, and Defendants may jointly serve 50 requests for admission on each named Plaintiff and Plaintiff Family in the class-action cases, and on each direct action Plaintiff.]

[*DEFENDANTS' PROPOSAL*:  All Plaintiffs together may *jointly* serve 50 requests for admission on each Defendant Family.  Each Plaintiff Class together with any related Direct Action Plaintiffs (*e.g.*, *In re DPP* Class Action Plaintiffs jointly with *Winn-Dixie* Plaintiffs) may separately serve an additional 5 requests for admission but must coordinate to ensure that any such requests do not cause unnecessary duplication. Defendants may jointly serve 50 requests for admission on each named Plaintiff in the class-action cases, and on each direct action Plaintiff.]

6.     **Rule 35 Mental Examinations:** Not applicable.

7.     (**In cases alleging misappropriation of trade secrets** or confidential information): Not applicable.

8.   **The parties have reached the following agreements concerning the taking of fact depositions**:

The parties have not reached any agreements on the taking of fact depositions, except that they will submit a deposition protocol to the Court by **February 1, 2022** addressing deposition procedures. The parties disagree over the scope of that protocol, as indicated below.

[**Disputed Insert 9**]

[***PLAINTIFFS' PROPOSAL***: Plaintiffs provided Defendants a comprehensive deposition protocol on November 5, 2021. Plaintiffs have attached that proposed protocol in connection with this Rule 26(f) report in their separate submission and set forth why they believe these issues should be covered holistically in that protocol. The pertinent provisions contained in that proposed protocol which address the various issues Defendants present below are excerpted here for context:

**Paragraph I: Deposition Limits Per Party**

The parties agree that they will utilize an hours cap to govern the Rule 30(b)(1) and 30(b)(6) depositions of parties, rather than a limit on the number of depositions, to provide the parties with additional flexibility. The parties further agree that there will be a total hours cap of: (i) up to 240 hours[3] per Defendant for Rule 30(b)(1) and 30(b)(6) depositions that are noticed and taken by Plaintiffs; and (ii) 12 hours per corporate named Plaintiff and eight hours per individual named Plaintiff that are noticed and taken by Defendants. The parties further agree that there will be a total hours cap of 50 hours for Defendants' examination of current or former employees of any Defendant. Finally, the parties agree that these hours caps will not apply to expert or third-party depositions.

**Paragraph II: Deposition Procedures**

A. Except as provided herein, a witness may be deposed only once in these proceedings unless the parties otherwise agree or the Court otherwise orders. The Parties shall work together to minimize the likelihood that any individual (other than experts) and Rule 30(b)(6) designees will be deposed multiple times. The

---

[3]    Plaintiffs reserve their right to request additional depositions upon a showing of good cause and Defendants reserve their right to oppose such requests. However, all parties agree that any trial witness that was not deposed during fact discovery shall be made available for deposition at least 30 days before trial, or at a date mutually agreed upon by the parties.

exceptions to this principle are where: (i) a witness properly revokes an earlier assertion of the Fifth Amendment (see Section XI below); (ii) the Parties otherwise agree; (iii) a witness testifies as both a fact witness and as a Rule 30(b)(6) representative as provided in Section II(B).

B. This limitation will not affect the rights of a party to seek additional time to depose a witness, or to depose as a fact witness an individual who has been previously deposed as a corporate representative of a party designated under Rule 30(b)(6), or of other parties to object to such depositions. Nor will this procedure affect the rights of a party to seek a corporate representative deposition under Rule 30(b)(6) when the corporate representative has been previously deposed as a fact witness, or of other parties to object to such depositions.

C. If any individual has been employed by more than one Defendant, that individual may be deposed only once, except as provided in Section II(A) or II(B). For purposes of calculating the number of hours per party, any witness who was employed by multiple parties during the relevant period shall be counted against each party's total allotment in proportion to the number of parties by which he or she was employed (*e.g.*, where a witness was employed by two Parties during the Class Period, his or her five-hour deposition will be counted as a two and a half hour deposition from each such party's allotment).

D. Where a deponent is represented by counsel who does not already represent a party to the above-referenced litigation (*e.g.*, a third party or an employee of a Defendant with separate counsel), then the noticing party shall provide a copy of this Deposition Protocol and the Protective Order to the deponent and deponent's counsel along with the deposition subpoena or notice.

**Paragraph III: <u>Allocation of Deposition Time</u>**

A. As to all depositions noticed by Plaintiffs, Plaintiffs' counsel shall confer before the deposition to allocate examination time among any Plaintiffs' counsel intending to participate and ask questions at the deposition. Absent an agreement as to the allocation of examination time among Plaintiffs, all Plaintiffs seeking to ask questions at the deposition shall jointly present the dispute to the Court no later than seven business days before the date of the deposition.

B.  As to all depositions noticed by Defendants, Defendants' counsel shall confer before the deposition to allocate examination time among any Defendants' counsel intending to participate and ask questions at the deposition. Counsel for any Defendant objecting to the allocation of examination time among Defendants shall be required to seek relief from the Court no later than seven business days before the date of the deposition.

C.  As set forth by the parties in their Rule 26(f) report, depositions of all 30(b)(1) witnesses noticed by any party will be limited to eight hours of direct examination, one hour more than provided by Rule 30(d)(1), in light of the four separate proposed Rule 23 classes and Direct Action Plaintiffs. A party may seek relief from the Court if it in good faith believes eight hours is insufficient time to depose a particular witness. The eight-hour limit on 30(b)(1) testimony shall not limit the time or ability of parties to depose a 30(b)(1) witness who is designated as a corporate representative witness on any 30(b)(6) topics. If any technical issues or disputes between counsel are encountered during depositions, then at the discretion of the noticing party or parties, they may go off the record; such time shall not count against the time limit on depositions. Absent unforeseen circumstances, the parties will not cross-notice the depositions of their own current employees or former employees who have consented to the deposition. Counsel for a witness or for the party that is the witness's current or past employer will have a reasonable amount of time not to exceed 45 minutes to examine the witness at the conclusion of direct examination without need for a cross-notice. If counsel for the witness or for the party that is the witness's current or past employer reasonably believes that circumstances may require additional time for them to question the witness, they must cross-notice the deposition consistent with the provisions of Section III(D) below. Deposing counsel will have a reasonable amount of time, not to exceed 30 minutes, to conduct any redirect examination of the witness, which shall not count towards the eight-hour limit for the deposition or the deposing party's cumulative hours cap. Deposing counsel also may reserve a portion of their eight hours with the witness to conduct further redirect examination in excess of 30 minutes.

D.  In the event a party cross-notices the deposition of a current or former employee of that party or a co-party (*e.g.*, a Defendant cross-notices the deposition of an employee of a co-Defendant), the noticing parties and the witness will meet and confer on the

appropriate duration of the deposition. The presumption will be the noticing party shall have the full eight hours of time. The cross-noticing party may have additional time beyond the noticing party's eight hours to depose their co-parties' current or former employee as agreed with their co-parties, which will count against that side's cumulative hours cap for examination of its current or former employees if the witness is (or was) an employee of that Defendant. Cross-noticed depositions requiring more than eight hours of combined testimony time, or depositions where the deposing party has obtained the Court's relief from the eight-hour limit, shall be split over two days (or further as required) ("extended time deposition").

E. To the extent Plaintiffs or Defendants cross-notice a third party for deposition, the parties shall meet and confer regarding the division of time among the parties. Parties may seek leave of Court for additional time for good cause or if they are otherwise unable to agree upon the division of time for a deposition. There shall be no presumption that the first noticing party shall have any preference regarding allocation of time simply by virtue of the timing of its notice.

[*DEFENDANTS' PROPOSAL*:

Defendants have no issue with meeting-and-conferring regarding the actual *protocols* that will govern the conduct of depositions in this matter. To that end, they have agreed with plaintiffs to submit a deposition protocol (or disputed issues) in February 2022. But Defendants believe that any case management schedule must include the number of depositions so the parties can realistically project the end of fact discovery. Defendants' proposal is below. In addition, because Plaintiffs have included their proposals as to cross-noticing third parties (which the parties have yet to meet-and-confer on), Defendants include their position in Disputed Insert 11 below.

*General procedure:*

In accordance with Federal Rule of Civil Procedure 30(d), depositions (including of third parties) shall be limited to 7 hours each, except upon agreement of the witness or the party producing the witness or upon Court order. However, the parties will confer in advance with respect to the timing of conducting such depositions.

The parties will submit a separate Deposition Protocol, or their respective positions, to the Court by **February 1, 2021**, which will address processes for depositions (fact and 30(b)(6)) in these matters.

*Depositions taken by Plaintiffs*:

Plaintiffs may collectively depose up to 10 percipient witnesses per Defendant Family pursuant to Federal Rule of Civil Procedure 30(b)(1). Percipient witnesses shall include Defendants' current employees, as well as former employees where the Defendant makes the witness available for deposition. Depositions of third parties that are not part of any Defendant Family, depositions of former employees whom the Defendant does not make available for deposition, and depositions of experts will not count toward the per-Defendant Family percipient witness limits.

If any individuals have been employed by more than one Defendant, they may be deposed only once and shall not be counted twice for purposes of the previous paragraph. If Defendants are aware of any individual noticed for deposition who has been employed by more than one Defendant, and Plaintiffs have not expressed their knowledge of this fact, Defendants shall make this fact known upon receipt of a deposition notice for such individual.

Plaintiffs may notice one Rule 30(b)(6) deposition on each Defendant family. In the event that any percipient witness who has received a deposition notice also is likely to be designated as a Rule 30(b)(6) representative, or in the event that any Rule 30(b)(6) designee also is likely to be deposed in his or her individual capacity, the parties will use their best efforts to coordinate so as to avoid multiple depositions of the same witness, however, Plaintiffs shall not be forced to prematurely engage in Rule 30(b)(6) depositions, or notice topics for such depositions, before they determine it is most efficient to do so. Rule 30(b)(6) depositions will be limited to a total of 7 hours per Defendant family and shall count as a single deposition.

*Depositions taken by Defendants*:

Defendants may collectively depose up to 5 percipient witnesses per corporate named Plaintiff and one deposition of each individual named Plaintiff, pursuant to Federal Rule of Civil Procedure 30(b)(1). Percipient witnesses shall include corporate Plaintiffs' current employees, as well as former employees where the corporate Plaintiff makes the witness available for deposition. Depositions of third parties that are not part of any corporate Plaintiff, depositions of former employees who the corporate Plaintiff does not make available for deposition, and depositions of experts will not count toward the per-Plaintiff percipient witness limits.

If any individuals have been employed by more than one corporate Plaintiff, they may be deposed only once and shall not be counted twice for purposes of the previous paragraph. If corporate Plaintiffs are aware of any individual noticed for deposition who has been employed by more than one corporate Plaintiff, and Defendants have not expressed their knowledge of this fact, corporate Plaintiffs shall make this fact known upon receipt of a deposition notice for such individual.

Defendants may notice one Rule 30(b)(6) deposition on each corporate Plaintiff. In the event that any percipient witness who has received a deposition notice also is likely to be designated as a Rule 30(b)(6) representative, or in the event that any Rule 30(b)(6) designee also is likely to be deposed in his or her individual capacity, the parties will use their best efforts to coordinate so as to avoid multiple depositions of the same witness. However, Defendants shall not be forced to prematurely engage in Rule 30(b)(6) depositions, or notice topics for such depositions, before they determine it is most efficient to do so. Rule 30(b)(6) depositions will be limited to a total of 7 hours per Plaintiff and shall count as a single deposition.]

9. **The parties have reached the following additional agreements concerning discovery:**

**Third-Party Discovery:**

Absent good cause to the contrary, all third-party subpoenas must be served in sufficient time, taking into account the nature and volume of the material requested, to allow for resolution of reasonably anticipated disputes and production of the material requested no later than the deadline for the completion of all fact discovery. In no event shall third-party subpoenas be served later than 45 days prior to the deadline for completion of fact discovery.

a) **Third-party depositions:**

[**Disputed Insert 10**]

[***PLAINTIFFS' PROPOSAL***:  Provisions dealing with third-party depositions are addressed in Plaintiffs' proposed Deposition Protocol. Plaintiffs believe that it is premature to set any cap on the maximum number of fact depositions of third parties. Plaintiffs oppose the concept that Plaintiffs will automatically split time with Defendants if they cross-notice a third party, but will address that in the deposition protocol.]

[***DEFENDANTS' PROPOSAL***: Absent good cause shown, the maximum number of fact depositions of third parties shall be 40 depositions per side, inclusive of cross-noticed third-party fact depositions and exclusive of expert depositions.

Unless otherwise agreed, if both Plaintiffs and Defendants notice a third-party witness, they agree to split the 7 hours between them, with 4 hours allocated to the side that issued the first notice and the remaining 3 hours to the side that cross-noticed.]

b)   **Third-party subpoenas**: The parties already agreed on procedures specifically relating to notice regarding third-party subpoenas relating to employee cell phones and social media materials. *See* ESI Protocol § V.E. For all other third-party subpoenas, Plaintiffs and Defendants agree to give each side notice, 3 business days in advance, of the issuance of a third-party subpoena.

c)   **Parties' Agreement on exchange of third-party productions**: The parties agree to exchange all third-party productions within 14 calendar days of receipt of the productions or at least 14 days before the deposition of the producing third party, whichever is earlier. Where a production is received within 14 calendar days of any deposition, then the receiving party will notify all parties within 48 hours of receiving such a production and produce it as soon as possible, and the parties will discuss in good faith whether the deposition(s) should be rescheduled.

10.   **Do the parties believe that regularly scheduled case management conferences with the Court would be helpful? If so, how often do you propose such conferences should be held**?

Given the detailed schedule that the parties have agreed upon, and the Court has ordered pursuant to the parties' stipulation, the parties believe a scheduled case status management conference at the end of January 2022 could assist the parties, with further regularly scheduled conferences to be discussed at that time.

[**Disputed Insert 11**]

[***PLAINTIFFS' PROPOSAL***:  After such time, the Court shall set a discovery status conference every 45 days, with the parties to submit an agenda 5 calendar days in advance. If there are no issues to be addressed, the parties will so advise the Court.]

[***DEFENDANTS' PROPOSAL***:  The Court will set a scheduled case status management conference at the end of January 2022, with further regularly scheduled conferences to be discussed at that time.]

11. **Other Fact Discovery Issues**.

   a) <u>Discovery of Electronically Stored Information</u>. The parties have already agreed on an ESI Protocol (ECF No. 93),[4] Protective Order (ECF No. 123), and Order on Joint Stipulation Regarding *Ex Parte* Witness Contact Disclosures (ECF No. 134), which the Court has ordered shall apply to all coordinated actions. *See* ECF No. 252.

   b) <u>Claims of Privilege or Work Product Protection</u>. The parties' Protective Order already addresses issues about claims of privilege and of protection as attorney work-product or trial preparation materials, including with regard to Fed. R. Civ. P. 26(b)(5)(B).

## PROTECTIVE ORDER

The parties have already agreed upon, and the Court has entered, a Protective Order, which shall apply to all coordinated actions. *See* ECF Nos. 123, 252.

## TRIAL EXPERT DISCOVERY

The parties anticipate that they **will** require expert witnesses at trial, and propose that the Court establish the following plan for expert discovery:[5]

1. **Plaintiffs anticipate requiring expert witnesses in connection with issues relating to class certification, liability, and damages, but have not yet determined how many such experts they will require.**

2. **Defendants anticipate calling expert witnesses in connection with issues relating to class certification (discussed below), liability, and damages, as well as rebuttal experts that may be required based on plaintiffs' disclosures, but have not yet determined how many experts they will require.**

3. **The parties propose the following schedule for trial expert discovery**:

For the convenience of the Court, the parties have prepared a chart of the proposed case schedule dates that shows the competing proposals from the Plaintiffs and Defendants.

---

[4]   All ECF numbers refer to the *In re Cattle and Beef Antitrust Litigation* lead case number, 20-cv-1319 (JRT/HB).

[5]   Class action expert discovery is addressed below.

[**Disputed Insert 12**]

[*PLAINTIFFS' PROPOSAL:*

Plaintiffs have set forth dates for trial (merits) expert discovery in the Exhibit A Scheduling Proposal below.]

[*DEFENDANTS' PROPOSAL*:

Identification and Rule 26(a)(2)(B) and 26(a)(2)(C) disclosures must be made for any expert who may testify at trial regarding issues on which the party bears the burden of persuasion no later than **sixty (60) days** after the Eighth Circuit's ruling on any Rule 23(f) Petition and a final decision on any eventual appeal of a class certification ruling. Identification and Rule 26(a)(2)(B) and 26(a)(2)(C) disclosures must be made for any expert who may testify at trial in rebuttal to any initial expert no later than **sixty (60) days** after service of the initial expert report.

Expert discovery, including depositions, must be completed no later than **150 days** after the Eighth Circuit's ruling on any Rule 23(f) Petition and a final decision on any eventual appeal of a class certification ruling.]

## NON-DISPOSITIVE MOTION DEADLINES

The parties propose the following deadlines for filing non-dispositive motions:

1. **Any motion that seeks to amend the pleadings or to add parties must be filed and served on or before**:

[**Disputed Insert 13**]

[*PLAINTIFFS' PROPOSAL*:  120 calendar days after the date Defendants certify substantial completion of their documents, but in no event later than 90 days before the close of discovery].

[*DEFENDANTS' PROPOSAL*: June 2, 2022]

2. **(If applicable) Any motion that seeks to amend the pleadings to add a claim for punitive damages or bad faith damages must be filed and served on or before** _____.

Not applicable.

3.   **All non-dispositive motions that relate to expert discovery must be filed and served on or before**:

The parties believe it is premature to set deadlines for non-dispositive motions that relate to expert discovery.

4.   **All *other* non-dispositive motions,** including those that relate to fact discovery and the scheduling order (*i.e.*, unrelated to expert discovery), must be filed and served on or before:

[**Disputed Insert 14**]

[***PLAINTIFFS' PROPOSAL***: 60 days before the close of fact discovery unless there is a showing of good cause.]

[***DEFENDANTS' PROPOSAL***: May 30, 2023 (two weeks after close of fact discovery).]

5.   The parties do <u>not</u> propose that a party be required to request an informal telephone conference with the Court *before* filing any formal discovery motion.

## CLASS CERTIFICATION MOTION AND RELATED EXPERT DISCOVERY

The parties propose competing schedules with regard to class expert disclosures and discovery and class certification motions, including class expert *Daubert* motions, as set forth in the Exhibit A Scheduling Proposal below.

The parties agree on the following procedure with regard to class expert disclosures and discovery: The parties shall make best efforts to produce all expert material, including back-up data, relied upon in any expert report pertaining to class certification contemporaneously with the service of the expert report and, in all events, no later than three business days after service of the expert report.

## DISPOSITIVE MOTION DEADLINES

[**Disputed Insert 15**]

[***PLAINTIFFS' PROPOSAL***: Plaintiffs have proposed dates for dispositive motion practice in the Exhibit A Scheduling Proposal.]

[***DEFENDANTS' PROPOSAL***: The Court will hold a status conference within 30 days after a class-certification ruling becomes final to discuss a proposed schedule for dispositive motions and a trial-ready date, if necessary.]

## SETTLEMENT

The parties do not believe that Court assistance with settlement discussions is required at this time.

## CONSENT TO TRIAL BY MAGISTRATE JUDGE

The parties **have not** consented to jurisdiction by the Magistrate Judge pursuant to Title 28, United States Code, Section 636(c).

## TRIAL READY DATE

1. [**Disputed Insert 16**]

   [*PLAINTIFFS' PROPOSAL*: A trial ready date is proposed in the attached schedule of dates.]

   [*DEFENDANTS' PROPOSAL*: (As per Judge Bowbeer's form language:) The trial ready date will be determined by reference to the dispositive motion deadline according to the preferences of the trial judge.]

2. **The parties cannot at this time estimate the length of the jury trial(s).**

Dated:  November 19, 2021

/s/ Patrick J. McGahan
David R. Scott (*pro hac vice*)
Amanda F. Lawrence (*pro hac vice*)
Patrick J. McGahan (*pro hac vice*)
Michael P. Srodoski (Bar No. 0398250)
**SCOTT + SCOTT**
**ATTORNEYS AT LAW LLP**
156 Main Street
P.O. Box 192
Colchester, CT 06415
Tel.: 860-537-5537
Fax.: 860-537-4432
david.scott@scot-scott.com
alawrence@scott-scott.com
pmcgahan@scott-scott.com
msrodoski@scott-scott.com

Christopher M. Burke (*pro hac vice*)
**SCOTT + SCOTT**
**ATTORNEYS AT LAW LLP**
600 W. Broadway, Suite 3300
San Diego, CA 92101
Tel.: 619-233-4565
Fax: 619-233-0508
cburke@scott-scott.com

Joseph P. Guglielmo (*pro hac vice*)
**SCOTT + SCOTT**
**ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Avenue
17th Floor
New York, NY 10169
Tel.: 212-223-6444
Fax: 212-223-6334
jguglielmo@scott-scott.com

Anthony F. Fata (*pro hac vice*)
Jennifer W. Sprengel (*pro hac vice*)
Katilin Naughton (*pro hac vice*)

Respectfully submitted,

/s/ Holley C. M. Horrell
X. Kevin Zhao, Reg. No. 0391302
Holley C. M. Horrell, Reg. No. 0399636
Davida S. McGhee, Reg. No. 0400175
**GREENE ESPEL PLLP**
222 S. Ninth Street, Suite 2200
Minneapolis, MN 55402
Tel.: (612) 373-0830
kzhao@greeneespel.com
hhorrell@greeneespel.com
dwilliams@greeneespel.com

Britt M. Miller (*pro hac vice*)
Nicole A. Saharsky (*pro hac vice*)
William H. Stallings (*pro hac vice*)
**MAYER BROWN LLP**
1999 K Street, NW
Washington, DC 20006-1101
Tel.: (202) 263-3338
bmiller@mayerbrown.com
nsaharsky@mayerbrown.com
wstallings@mayerbrown.com

***Counsel for Defendants Cargill,***
***Incorporated and Cargill Meat Solutions***
***Corporation***

/s/ Benjamin L. Ellison
Benjamin L. Ellison, Reg. No. 0392777
**JONES DAY**
90 South Seventh Street, Suite 4950
Minneapolis, MN 55402
Tel.: (612) 217-8862
bellison@jonesday.com

Julia E. McEvoy (*pro hac vice*)
**JONES DAY**
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113

**CAFFERTY CLOBES**
**MERIWETHER & SPRENGEL LLP**
150 S. Wacker, Suite 3000
Chicago, IL 60606
Tel.: 312-782-4882
Fax: 312-782-4485
afata@caffertyclobes.com
jsprengel@caffertyclobes.com
knaughton@caffertyclobes.com

Ellen Meriwether (*pro hac vice*)
**CAFFERTY CLOBES**
**MERIWETHER & SPRENGEL LLP**
205 N. Monroe Street
Media, PA 19063
Tel.: 215-864-2800
Fax: 215-864-2810
emeriwether@caffertyclobes.com

*Interim Co-Lead Counsel for the Cattle*
*Plaintiffs*

K. Craig Wildfang (Bar No. 0117043)
Thomas J. Undlin (Bar No. 0183751)
Stacy E. Slaughter (Bar No. 0296971)
Geoff Kozen
Eric P. Barstad
**ROBINS KAPLAN LLP**
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Tel.: 612-349-8500
Fax: 612-339-4181
kcwildfang@robinskaplan.com
tundlin@robinskaplan.com
sslaughter@robinskaplan.com
gkozen@robinskaplan.com
ebarstad@robinskaplan.com

Kellie Lerner
**ROBINS KAPLAN LLP**
399 Park Avenue, Suite 3600

Tel.: (202) 879-3867
jmcevoy@jonesday.com

*Counsel for Defendant National Beef*
*Packing Company, LLC*

/s/ Jessica J. Nelson
Donald G. Heeman, Reg. No. 0286023
Jessica J. Nelson, Reg. No. 0347358
Randi J. Winter, Reg. No. 0391354
**SPENCER FANE**
100 South Fifth Street, Suite 2500
Minneapolis, MN 55402
Tel.: (612) 268-7000
dheeman@spencerfane.com
jnelson@spencerfane.com
rwinter@spenderfane.com

Stephen Neuwirth (pro hac vice)
Sami H. Rashid (pro hac vice)
**QUINN EMANUEL URQUHART &**
**SULLIVAN LLP**
51 Madison Avenue
New York, NY 10010
Tel.: (212) 849-7000
stephenneuwirth@quinnemanuel.com
samirashid@quinnemanuel.com

*Counsel for Defendants JBS USA Food*
*Company, JBS Packerland, Inc., Swift*
*Beef Company, and JBS S.A. in the DPP,*
*Peterson, Erbert & Gerbert's, and Winn-*
*Dixie cases*

/s/ Christopher R. Morris
Lewis A. Remele, Jr., Reg. No. 90724
Christopher R. Morris, Reg. No. 230613
**BASSFORD REMELE, P.A.**
100 South 5th Street, Suite 1500
Minneapolis, MN 55402

New York, NY 10022
Tel.: 212-980-7400
Fax: 212-980-7499
klerner@robinskaplan.com

***Liaison Counsel for the Cattle Plaintiffs***

/s/ Shana E. Scarlett
Shana E. Scarlett (*pro hac vice*)
Rio S. Pierce (*pro hac vice*)
**HAGENS BERMAN SOBOL
SHAPIRO LLP**
715 Hearst Avenue, Suite 202
Berkeley, California 94710
Tel.: (510) 725-3000
Fax: (510) 725-3001
shanas@hbsslaw.com
riop@hbsslaw.com

Steve W. Berman (*pro hac vice*)
**HAGENS BERMAN SOBOL
SHAPIRO LLP**
1301 Second Avenue, Suite 2000
Seattle, Washington 98101
Tel.: (206) 623-7292
Fax: (206) 623-0594
steve@hbsslaw.com

W. Joseph Bruckner (MN #0147758)
Brian D. Clark (MN #0390069)
Arielle S. Wagner (MN #0398332)
Kyle J. Pozan (*pro hac vice*)
**LOCKRIDGE GRINDAL NAUEN
P.L.L.P.**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55402
Tel.: (612) 339-6900
Fax: (612) 339-0981
wjbruckner@locklaw.com
bdclark@locklaw.com

Tel.: (612) 333-3000
lremele@bassford.com
cmorris@bassford.com

William F. Hargens (pro hac vice)
Mark F. Enenbach (pro hac vice)
Patrick E. Brookhouser, Jr. (pro hac vice)
Matthew G. Munro (pro hac vice)
**MCGRATH NORTH MULLIN &
KRATZ, PC LLO**
First National Tower, Suite 3700
1601 Dodge Street
Omaha, NE 68102
Tel: (402) 341-3070
whargens@mcgrathnorth.com
menenbach@mcgrathnorth.com
pbrookhouser@mcgrathnorth.com
mmunro@mcgrathnorth.com

***Counsel for Defendants JBS USA Food
Company, JBS Packerland, Inc., Swift
Beef Company, and JBS S.A. in the
Cattle case***

/s/ Ulrike B. Connelly
David P. Graham, Reg. No. 0185462
**DYKEMA GOSSETT, PLLC**
4000 Wells Fargo Center
90 South 7th Street
Minneapolis, MN 55402
Tel: (612) 486-1521
dgraham@dykema.com

Jon B. Jacobs (pro hac vice)
Jeremy C. Keeney (pro hac vice)
**PERKINS COIE LLP**
700 13th Street, NW, Suite 800
Washington, DC 20005
Tel: (202) 654-1758
jbjacobs@perkinscoie.com
jkeeney@perkinscoie.com

aswagner@locklaw.com
kjpozan@locklaw.com

J. Barton Goplerud
**SHINDLER, ANDERSON,**
**GOPLERUD & WEESE, PC**
5015 Grand Ridge Drive, Suite 100
West Des Moines, Iowa 50265
Tel: (515) 223-4567
Fax: (515) 223-8887
goplerud@sagslaw.com

*Counsel for Plaintiffs and the Proposed*
*Consumer Indirect Purchaser Classes in*
*the Peterson Action*

/s/ Daniel C. Hedlund
Daniel E. Gustafson (#202241)
Daniel C. Hedlund (#259337)
Michelle J. Looby (#0388166)
Joshua J. Rissman (#0391500)
Brittany Resch (#397656)
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 Sixth Street, Suite 2600
Minneapolis, MN 55402
Tel: (612) 333-8844
Fax: (612) 339-6622
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
mlooby@gustafsongluek.com
jrissman@gustafsongluek.com
bresch@gustafsongluek.com

Dennis J. Stewart (*pro hac vice*)
**GUSTAFSON GLUEK PLLC**
600 B Street, 17th Floor
San Diego, CA 92101
Tel: (612) 333-8844
Fax: (612) 339-6622
dstewart@gustafsongluek.com

Susan E. Foster (pro hac vice)
Ulrike B. Connelly (pro hac vice)
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Tel: (206) 359-8846
sfoster@perkinscoie.com
uconnelly@perkinscoie.com

*Counsel for Defendants Tyson Foods,*
*Inc., and Tyson Fresh Meats, Inc.*

Adam J. Zapala (*pro hac vice*)
Elizabeth T. Castillo (*pro hac vice*)
Reid W. Gaa (*pro hac vice*)
**COTCHETT, PITRE & MCCARTHY, LLP**
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Tel: (650) 697-6000
azapala@cpmlegal.com
ecastillo@cpmlegal.com
rgaa@cpmlegal.com

Alexander E. Barnett (*pro hac vice*)
**COTCHETT, PITRE & MCCARTHY, LLP**
40 Worth Street, 10th Floor
New York, NY 10013
Tel: (212) 201-6820
Fax: (917-398-7753
abarnett@cpmlegal.com

Jason S. Hartley (*pro hac vice*)
**HARTLEY LLP**
101 W. Broadway, Suite 820
San Diego, CA 92101
Tel: (619) 400-5822
hartley@hartleyllp.com

Megan E. Jones (*pro hac vice*)
**HAUSFELD LLP**
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Tel: (415) 633-1908

***Interim Co-Lead Counsel for the
Proposed Direct Purchaser Plaintiffs***


/s/ Blaine Finley
Shawn M. Raiter (MN #240424)
**LARSON KING LLP**
30 East Seventh Street, Suite 2800

St. Paul, MN 55101
Tel: (651) 312-6518
sraiter@larsonking.com

Don Barrett (*pro hac vice*)
David McMullan (*pro hac vice*)
**BARRETT LAW GROUP, P.A.**
P.O. Box 927
404 Court Square North
Lexington, Mississippi 39095-0927
Tel: (662) 834-9168
Fax: (662) 834-2628
donbarrettpa@gmail.com
mcmullan@BarrettLawGroup.com

Jonathon W. Cuneo (*pro hac vice*)
Blaine Finley (*pro hac vice*)
**CUNEO GILBERT & LADUCA, LLP**
4725 Wisconsin Avenue, NW, Suite 200
Washington, DC 20016
Tel: (202) 789-3960
jonc@cuneolaw.com
bfinley@cuneolaw.com

Jon Tostrud
Anthony Carter (to apply *pro hac vice*)
**TOSTRUD LAW GROUP, P.C.**
1925 Century Park East
Suite 2100
Los Angeles, CA 90067
jtostrud@tostrudlaw.com
acarter@tostrudlaw.com

***Counsel for Erbert & Gerbert's, Inc. and the Proposed Classes***

/s/ Patrick J. Ahern
Patrick J. Ahern
Theodore B. Bell
**AHERN AND ASSOCIATES, P.C.**
Willoughby Tower

8 South Michigan Avenue, Suite 3600
Chicago, Illinois 60603
Ph: (312) 404-3760
patrick.ahern@ahernandassociatespc.com
theo.bell@ahernandassociatespc.com

Patrick J. Lee-O'Halloran (#269074)
**THOMPSON TARASEK LEE-O'HALLORAN PLLC**
7101 York Avenue South, Suite 255
Edina, MN 55435
Telephone: (612) 568-0132
Fax: (612) 564-6976
patrick@ttlolaw.com

*Attorneys for Plaintiffs Winn-Dixie Stores, Inc., and Bi-Lo Holding, LLC*

| **Exhibit A: Plaintiffs' and Defendants' Scheduling Proposals** | | |
| --- | --- | --- |
| | **Plaintiffs'<br>Proposed Date** | **Defendants'<br>Proposed Date** |
| Deadline for parties to complete production for 5 Priority Custodians Per Defendant Family | April 1, 2022 | Defendants don't believe the imposition of priority custodians is appropriate under the circumstances. |
| Deadline for parties to complete production of Structured Data | April 1, 2022 | July 1, 2022 |
| File or serve any motion that seeks to amend the pleadings or to add parties | 120 calendar days after the date Defendants certify substantial completion of their documents, but in no event later than 90 days before the close of discovery | June 2, 2022 |
| Document productions to be substantially complete | June 1, 2022 | August 1, 2022 |
| Plaintiffs' initial class certification motions | February 9, 2023 | November 9, 2022 |
| Plaintiffs' initial class expert reports | February 9, 2023 | November 9, 2022 |
| Deposition of Plaintiffs' class certification experts | To be completed by March 23, 2023 | To be completed by Dec. 21, 2022 |
| Defendants' opposition to class certification | April 6, 2023 | Jan. 23, 2023 |
| Defendants' class expert reports | April 6, 2023 | Jan. 23, 2023 |
| Depositions of Defendants' class certification experts | To be completed by May 18, 2023 | To be completed by March 6, 2023 |
| Plaintiffs' replies in support of motions for class certification | June 8, 2023 | March 24, 2023 |
| Plaintiffs' Daubert motions toward Defendants' experts | June 8, 2023 | March 24, 2023 |
| Plaintiffs' rebuttal expert reports | June 8, 2023 | March 24, 2023 |
| Depositions of Plaintiffs' experts re: rebuttal reports | None | To be completed by May 5, 2023 |

| | | |
|---|---|---|
| Close of Fact Discovery | June 1, 2023 | May 16, 2023 |
| Defendants' responses to Plaintiffs' Daubert motions | July 13, 2023 | May 23, 2023 |
| Defendants' Daubert motions | April 6, 2023 | May 23, 2023 |
| Plaintiffs' responses to Defendants' Daubert motions | June 8, 2023 | July 24, 2023 |
| Plaintiffs' replies in support of their Daubert motions | August 10, 2023 | July 24, 2023 |
| Defendants' replies in support of their Daubert motions toward Plaintiffs' experts | July 13, 2023 | Sept. 22, 2023 |
| Plaintiffs' Merits Expert Reports Due | September 29, 2023 | Identification and Rule 26(a)(2)(B) and 26(a)(2)(C) disclosures must be made for any expert who may testify at trial regarding issues on which the party bears the burden of persuasion no later than **sixty (60) days** after the Eighth Circuit's ruling on any Rule 23(f) Petition and a final decision on any eventual appeal of a class certification ruling. Identification and Rule 26(a)(2)(B) and 26(a)(2)(C) |
| Deadline to Depose Plaintiffs' Merits Experts | December 7, 2023 | |
| Defendants' Merits Expert Reports Due | December 21, 2023 | |
| Deadline to Depose Defendants' Merits Experts | February 8, 2024 | |
| Plaintiffs' Rebuttal Experts Due | February 22, 2024 | |
| Amendment or correction of expert reports | February 22, 2024 | |

| Summary Judgment Motions | March 21, 2024<br>(*further briefing schedule to be agreed upon at a later date*) | disclosures must be made for any expert who may testify at trial in rebuttal to any initial expert no later than **sixty (60) days** after service of the initial expert report.<br><br>Expert discovery, including depositions, must be completed no later than **150 days** after the Eighth Circuit's ruling on any Rule 23(f) Petition and a final decision on any eventual appeal of a class certification ruling.<br><br>The parties propose a status conference with the Court within 30 days after a class-certification ruling becomes final to discuss a proposed schedule for dispositive motions and a trial-ready date, if necessary. |
| Trial Ready Date | October 1, 2024 | To be set by Court |

## Appendix A

"Cargill Family" means Cargill, Incorporated, and Cargill Meat Solutions Corporation.

"JBS Family" means JBS S.A., JBS USA Food Company, Swift Beef Company, and JBS Packerland, Inc.

"Tyson Family" means Tyson Foods, Inc., and Tyson Fresh Meats, Inc.

"Defendant Families" includes the Cargill Family, JBS Family, Tyson Family, and National Beef Packing Company, LLC.

"Plaintiff Families" includes Charles Weinreis, Weinreis Brothers Partnership and Minatare Feedlot, Inc., who collective are the "Weinreis Family."

In defining Plaintiff and Defendant "Families" in the interest of streamlining discovery, the respective parties do not concede that the separate entities listed therein are unified in any way. Defendants reserve all rights and arguments with respect to the deficiencies of Plaintiffs' allegations against certain corporate entities, such as parent corporations.