UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE CATTLE AND BEEF ANTITRUST LITIGATION | Case No. 0:20-cv-01319 JRT-HB |
| This Document Relates To:<br><br>IN RE DPP BEEF LITIGATION | **[PROPOSED] ORDER** |

Now before the Court is Direct Purchaser Plaintiffs' ("DPPs") Motion for Preliminary Approval of Settlement Between Direct Purchaser Plaintiffs and Defendants JBS S.A., JBS USA Food Company, Swift Beef Company, and JBS Packerland, Inc. (collectively, "JBS").

The Court, having reviewed the Motion, its accompanying memorandum, and the exhibits thereto, the Settlement Agreement between JBS and DPPs (the "Settlement"), and the file, hereby ORDERS:

1. Upon review of the record, the Court finds that the proposed Settlement Agreement has been negotiated at arm's length, falls within the range of possible approval and is hereby preliminarily approved, subject to further consideration at the Court's Fairness Hearing. The Court finds that the Settlement Agreement is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Class, raises no obvious reasons to doubt its fairness, and raises a reasonable basis for presuming that the Settlement and its terms satisfy the requirements of Federal Rules of Civil Procedure 23(c)(2) and 23(e) and due process so that notice of the Settlement may be given to the Settlement Class when appropriate.

1

2. This Court has jurisdiction over this action and each of the parties to the Settlement.

3. This Court preliminarily approves the settlement between DPPs and JBS.

4. This Court certifies a Settlement Class defined as:

> All persons and entities who, from January 1, 2015, through February 10, 2022, purchased for use or delivery in the United States, directly from any of the Defendants or their respective subsidiaries and affiliates, boxed or case-ready beef processed from Fed Cattle, excluding ground beef made from culled cows. Excluded from the Settlement Class are Defendants; their officers, directors or employees; any entity in which a Defendant has a controlling interest; and any affiliate, legal representative, heir or assign of a Defendant. Also excluded from this Settlement Class are any federal, state, or local governmental entities, any judicial officer presiding over this action; the members of the judicial officer's immediate family and staff, and any juror assigned to this action.

This class definition is in all material respects the same class proposed in DPPs' Corrected Consolidated Amended Class Action Complaint, ECF No. 158 (Filed Under Seal version), ECF No. 159 (Public Redacted version), and is the same settlement class set forth in the Settlement.

5. The Court appoints Howard B. Samuels solely in his capacity as Chapter 7 trustee for the bankruptcy estate of Central Grocers, Inc.; R&D Marketing, LLC; and Redner's Markets, Inc. as representatives of the Class.

6. This Court appoints DPP Interim Co-Lead Counsel as Settlement Class Counsel.

7. This Court approves the proposed form and manner of notice to the Settlement Class, and directs that the notice to the Settlement Class be disseminated by

Claims Administrator A.B. Data in the manner described, establishing a deadline for Settlement Class Members to request exclusion from the Class or file objections to the Settlement.

8.  So that the proposed notice plan may be carried out, this Court orders the non-settling Defendants in this action to produce to the Claims Administrator, A.B. Data, customer names, addresses, and email addresses for the settlement class period, pursuant to the schedule below.

9.  This Court sets the following proposed schedule for completion of further Settlement proceedings, including scheduling the Final Approval Hearing:

| EVENT | DEADLINE |
| --- | --- |
| JBS to issue CAFA notice | Within 10 days after the Preliminary Approval Motion is filed |
| Order approving Plaintiffs' proposed Notice Program ("Order") | N/A |
| All Defendants to produce reasonably available customer names, mailing addresses and email addresses | 30 days after the Court's Order |
| Direct mail; Mailed and Email notice to potential Settlement Class Members; establish the settlement website; and issue a press release over PR Newswire | 60 days after the Court's Order |
| Publication notice begins | 60 days after the Court's Order or as soon as practicable thereafter due to publication schedules |

| EVENT | DEADLINE |
|---|---|
| Plaintiffs to file motion for final approval of $5 million Litigation Fund | 75 days after the Court's Order |
| Deadline for class members to object | 105 days after the Court's Order (objections must be received by this deadline) |
| Deadline for class members to request to opt out of the settlement | 105 days after the Court's Order (requests must be postmarked by this deadline) |
| Plaintiffs to file affidavits or declarations of the person(s) under whose general direction notice was issued | At least 10 days before the Final Approval Hearing |
| Plaintiffs to file final approval brief, response to objections, if any, and a proposed final approval order with a complete list of all Settlement Class Members that have opted out of the Settlement | At least 10 days before the Final Approval Hearing or by a date to be set by the Court |
| Final Approval Hearing | At least 135 days after the Court's Order, as the Court's schedule permits |

10.   If this Settlement is terminated or rescinded in accordance with its provisions, or otherwise does not become Final, then the Settlement and all proceedings in connection therewith shall be vacated, and shall be null and void, except insofar as expressly provided otherwise in the Settlement, and without prejudice to the status quo ante rights of DPPs, JBS, and the members of the Class. The Parties shall also comply with any terms or provisions of the Settlement applicable to termination, rescission, or the Settlement otherwise not becoming Final.

11. Neither this Order nor this Settlement shall be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, or regulation or of any liability or wrongdoing by JBS or of the truth of any of DPPs' Claims or allegations, nor shall it be deemed or construed to be an admission nor evidence of Released Parties' defenses.

12. The Action with respect to DPPs' Claims is stayed as to the Released Parties (as that term is defined in the Settlement) except as necessary to effectuate this Settlement.

IT IS SO ORDERED.

Dated: _____           _____
                                        HON. JOHN R. TUNHEIM
                                        Chief Judge, United States District Court