## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE CATTLE AND BEEF ANTITRUST LITIGATION | Case No. 0:20-cv-1319 (JRT/HB) |
| This document relates to: | **<u>JURY TRIAL DEMANDED</u>** |
| IN RE DPP BEEF LITIGATION | |

## DEFENDANTS CARGILL, INCORPORATED AND CARGILL MEAT SOLUTIONS CORPORATION'S ANSWER TO DIRECT PURCHASER PLAINTIFFS' THIRD CONSOLIDATED AMENDED CLASS ACTION COMPLAINT

Defendants Cargill, Incorporated ("Cargill") and Cargill Meat Solution Corporation ("CMS"), by and through their counsel of record, respond as follows to the corresponding numbered allegations in the Direct Purchaser Plaintiffs' Third Amended Complaint ("Plaintiffs"). Except as expressly stated below, and in accordance with Federal Rule of Civil Procedure 8(b)(3), Cargill and CMS deny all allegations in the Complaint not specifically admitted. For the reader's convenience, Cargill and CMS have organized this Answer to correspond with the headings, subheadings, and numbering used within the Complaint. In doing so, Cargill and CMS do not admit that the headings or subheadings are factually accurate, and to the extent that any heading can be read to contain factual allegations, each and every one of them is denied. In addition, Plaintiffs' Complaint contains dozens of footnotes. To the extent the contents of those footnotes are not addressed in the text of the response to the Complaint paragraph to which the footnote relates and/or

to the extent that the content of any footnote can be read to contain factual allegations, Cargill and CMS deny each and every one of them.

## ANSWER

## I.    NATURE OF THIS ACTION

1.    Paragraph 1 of the Complaint states legal conclusions to which no response is required. To the extent a response may be required, Cargill and CMS admit the Complaint purports to seek relief under various federal laws, but they deny that Plaintiffs are entitled to any relief whatsoever. Cargill and CMS deny the remaining allegations in Paragraph 1.

2.    Paragraph 2 of the Complaint states legal conclusions to which no response is required. To the extent a response may be required, Cargill and CMS admit that CMS is a meat processing and packing company, and that it sells beef in the United States. Cargill and CMS further admit the Complaint purports to characterize data from various unidentified sources. Cargill and CMS deny any characterization or reflection that is inconsistent with such sources. Cargill and CMS deny the remaining allegations in Paragraph 2 to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 2 insofar as they are directed at others, and therefore deny those allegations.

3.    Paragraph 3 of the Complaint states legal conclusions to which no response is required. To the extent a response may be required, Cargill and CMS deny the allegations in Paragraph 3 of the Complaint.

4.      Cargill and CMS admit that Cargill has received civil investigative inquiries from the U.S. Department of Agriculture ("USDA") and the U.S. Department of Justice ("DOJ"). Cargill and CMS further admit the Complaint purports to characterize data from various unidentified news sources. Cargill and CMS deny any characterization or reflection that is inconsistent with such sources. Cargill and CMS deny the remaining allegations in Paragraph 4 to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 4 insofar as they are directed at others, and therefore deny those allegations.

5.      Cargill and CMS admit the Complaint purports to characterize the testimony from Secretary Perdue's testimony before Congress. Cargill and CMS deny any characterization or description that is inconsistent with such testimony. Cargill and CMS deny the remaining allegations in Paragraph 5.

6.      Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 6 relating to any "confidential witness" and therefore deny those allegations. Cargill and CMS deny the remaining allegations in Paragraph 6 of the Complaint.

7.      Paragraph 7 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS deny the allegations in Paragraph 7.

8.      Paragraph 8 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS deny the allegations in Paragraph 8.

9.      Paragraph 9 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS deny the allegations in Paragraph 9.

10.      Paragraph 10 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS deny the allegations in Paragraph 10.

11.      Paragraph 11 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS deny the allegations in Paragraph 11.

12.      Paragraph 12 of the Complaint states legal conclusions to which no response is required. To the extent a response may be required, Cargill and CMS deny the allegations in Paragraph 12.

13.      Paragraph 13 of the Complaint states legal conclusions to which no response is required. To the extent a response may be required, Cargill and CMS admit the Complaint contains a chart purporting to reflect data from various unidentified sources. Cargill and CMS deny any characterization or reflection that is inconsistent with such sources. Cargill and CMS deny the remaining allegations in Paragraph 13 to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 13 insofar as they are directed at others, and therefore deny those allegations.

14.      Paragraph 14 of the Complaint states legal conclusions to which no response is required. To the extent a response may be required, Cargill and CMS admit the

Complaint contains a chart purporting to reflect data from various unidentified sources. Cargill and CMS deny any characterization or reflection that is inconsistent with such sources. Cargill and CMS deny the remaining allegations in Paragraph 14 to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14 insofar as they are directed at others, and therefore deny those allegations.

15.     Cargill and CMS admit the Complaint contains a chart purporting to reflect data from various unidentified sources. Cargill and CMS deny any characterization or reflection that is inconsistent with such sources. Cargill and CMS deny the remaining allegations in Paragraph 15 to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 15 insofar as they are directed at others, and therefore deny those allegations.

16.     Paragraph 16 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS deny the allegations in Paragraph 16 of the Complaint to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 16 insofar as they are directed at others, and therefore deny those allegations.

17.     Paragraph 17 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS deny the allegations in Paragraph 17.

18.     Paragraph 18 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS deny the allegations in Paragraph 18 of the Complaint to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 18 insofar as they are directed at others, and therefore deny those allegations.

19.     Cargill and CMS admit the Complaint contains a chart purporting to reflect data from various unidentified sources. Cargill and CMS deny any characterization or reflection that is inconsistent with such sources. Cargill and CMS deny the remaining allegations in Paragraph 19 to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 19 insofar as they are directed at others, and therefore deny those allegations.

20.     Cargill and CMS admit the Complaint purports to cite and characterize data from the USDA Economic Research Service. Cargill and CMS deny any characterization or reflection that is inconsistent with such sources. Cargill and CMS deny the remaining allegations in Paragraph 20 to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 20 insofar as they are directed at others, and therefore deny those allegations.

21.     Paragraph 21 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS deny the allegations in Paragraph 21 to the extent they relate to Cargill and CMS. Cargill and CMS

lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 21 insofar as they are directed at others, and therefore deny those allegations.

22.    Paragraph 22 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS deny the allegations in Paragraph 22 to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 22 insofar as they are directed at others, and therefore deny those allegations.

23.    Paragraph 23 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS deny the allegations in Paragraph 23 of the Complaint to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 23 insofar as they are directed at others, and therefore deny those allegations.

24.    Paragraph 24 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS deny the allegations in Paragraph 24 to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 24 insofar as they are directed at others, and therefore deny those allegations.

25.    Paragraph 25 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS admit the Complaint purports to quote from various sources, including Cassie Fish. Cargill and CMS deny any characterization, quotation or reflection that is inconsistent with such sources.

Cargill and CMS deny the remaining allegations in Paragraph 25 to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 25 insofar as they are directed at others, and therefore deny those allegations.

26. Paragraph 26 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS deny the allegations in Paragraph 26 of the Complaint to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 26 insofar as they are directed at others, and therefore deny those allegations.

## II.    JURISDICTION AND VENUE

27. Paragraph 27 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS admit that the Complaint purports to bring claims under various sections of the Sherman Act and Clayton Act, and that it seeks injunctive relief, damages, costs, and fees. Cargill and CMS deny the remaining allegations in Paragraph 27.

28. Paragraph 28 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS admit that the Complaint purports to bring claims under various sections of the Sherman Act and Clayton Act. Cargill and CMS deny the remaining allegations in Paragraph 28.

29. Paragraph 29 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS admit that

Cargill is headquartered in Minnesota and that CMS has sold beef in Minnesota. Cargill and CMS deny the remaining allegations in Paragraph 29 as they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 29 insofar as they are directed at others, and therefore deny those allegations.

30.    Paragraph 30 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS admit that Cargill is located in Minnesota and that CMS has transacted business in Minnesota. Cargill and CMS deny the remaining allegations in Paragraph 30 as they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 30 insofar as they are directed at others, and therefore deny those allegations.

31.    Paragraph 31 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS deny the allegations in Paragraph 31.

## III.    PARTIES

### A.    Plaintiffs

32.    Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 32, and therefore deny them.

33.    Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 33, and therefore deny them.

34.    Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 34, and therefore deny them.

**B.    Defendants**

**1.    The Cargill Defendants**

35.    Cargill and CMS admit that Cargill, Incorporated is a Delaware corporation with its principal place of business at 15407 McGinty Road, Wayzata, Minnesota 55391, and that Cargill is CMS's parent company. Cargill and CMS admit that CMS sells beef in the United States, but state that Cargill does not sell beef. Cargill and CMS deny the remaining allegations in Paragraph 35 of the Complaint.

36.    Cargill and CMS admit that Cargill Meat Solutions Corporation is a Delaware corporation and a wholly owned subsidiary of Cargill, Incorporated. Cargill and CMS admit that CMS's principal place of business is at 825 East Douglas Avenue, Wichita, Kansas 67202. Cargill and CMS admit that CMS owns and operates fed cattle slaughter plants in the United States, and that CMS is the contracting entity for fed cattle purchased and slaughtered at its plants. Cargill and CMS deny the remaining allegations in Paragraph 36.

37.    Cargill and CMS admit that CMS is a wholly owned subsidiary of Cargill. Cargill and CMS admit that CMS has sold beef in the United States. Cargill and CMS deny the remaining allegations in Paragraph 37.

38.    Paragraph 38 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS deny the allegations in Paragraph 38.

### 2.    The JBS Defendants

39.    Upon information and belief, Cargill and CMS admit that JBS S.A. is a Brazilian corporation. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 39, and therefore deny them.

40.    Upon information and belief, Cargill and CMS admit that JBS USA is a Delaware corporation with its principal place of business located in Greeley, Colorado. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 40, and therefore deny them.

41.    Upon information and belief, Cargill and CMS admit that Swift Beef Company is a Delaware corporation with its principal place of business located in Greeley, Colorado. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 41, and therefore deny them.

42.    Upon information and belief, Cargill and CMS admit that JBS Packerland is a Delaware corporation with its principal place of business located in Greeley, Colorado. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 42, and therefore deny them.

43.    Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 43, and therefore deny them.

44.    Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 44, and therefore deny them.

45.    Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 45, and therefore deny them.

### 3.    The Tyson Defendants

46.    Upon information and belief, Cargill and CMS admit that Tyson Foods is a Delaware corporation with its principal place of business located in Springdale, Arkansas. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 46, and therefore deny them.

47.    Upon information and belief, Cargill and CMS admit that Tyson Fresh Meats is a Delaware corporation with its principal place of business located in Dakota Dunes, South Dakota. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 47, and therefore deny them.

48.    Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 48, and therefore deny them.

49.    Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 49, and therefore deny them.

50.    Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 50, and therefore deny them.

51.    Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 51, and therefore deny them.

### 4.    National Beef Packing Company

52.    Upon information and belief, Cargill and CMS admit that National Beef Packing Company is a Delaware limited liability company with its principal place of

business in Kansas City, Missouri. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 52, and therefore deny them.

53.     Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 53, and therefore deny them.

54.     In response to Paragraph 54, Cargill and CMS admit that the Complaint refers to defendants collectively as the "Defendants," but deny that said definition is accurate or appropriate for any purpose in this litigation.

55.     Paragraph 55 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS admit CMS sold beef to customers in the United States. Cargill and CMS deny the remaining allegations in Paragraph 55 as they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 55 insofar as they are directed at others, and therefore deny those allegations.

## C.     Defendants' co-conspirators

56.     Paragraph 56 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS deny the allegations in Paragraph 56 as they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 56 insofar as they are directed at others, and therefore deny those allegations.

**D.** **Reciprocal agency of Defendants and co-conspirators**

57. Paragraph 57 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS deny the allegations in Paragraph 57 as they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 57 insofar as they are directed at others, and therefore deny those allegations.

58. Paragraph 58 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS deny the allegations in Paragraph 58.

**E.** **Defendant parent and subsidiary companies share a unity of interest**

59. Paragraph 59 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS deny the allegations in Paragraph 59.

60. Paragraph 60 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS deny the allegations in Paragraph 60.

61. Paragraph 61 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS deny the allegations in Paragraph 61.

62. Paragraph 62 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS deny the allegations in Paragraph 62 as they relate to Cargill and CMS. Cargill and CMS lack

sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 62 insofar as they are directed at others, and therefore deny those allegations.

63.     Paragraph 63 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS deny the allegations in Paragraph 63 as they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 63 insofar as they are directed at others, and therefore deny those allegations.

### 1.     The Cargill Defendants

64.     Paragraph 64 states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS admit that CMS is Cargill's wholly owned subsidiary, and that before CMS was incorporated, Cargill was involved in the meat and protein industry through itself or its affiliates. Cargill and CMS deny the remaining allegations in Paragraph 64.

65.     Paragraph 65 states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS admit that Cargill does not separately identify the number of employees that are employed by its wholly-owned subsidiaries on the Cargill website. Cargill and CMS further admit that Cargill's website states that it and its affiliated entities collectively have 155,000 employees. Cargill and CMS deny the remaining allegations in Paragraph 65.

66.     Paragraph 66 states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS admit that Plaintiff purports to quote portions of Cargill's Annual Report and further that Plaintiff purports to

15

characterize the quoted text. Cargill and CMS deny any characterization, quotation or description that is inconsistent with Cargill's 2019 Annual Report. Cargill and CMS deny the remaining allegations in Paragraph 66.

67.    Cargill and CMS deny the allegations in Paragraph 67 of the Complaint.

68.    Cargill and CMS deny the allegations in Paragraph 68 of the Complaint.

69.    Cargill and CMS admit that Plaintiff purports to cite, characterize and quote from Cargill's website. Cargill and CMS deny that Plaintiff's characterization, quotation or description is consistent therewith. Cargill and CMS deny the remaining allegations in 69.

70.    Cargill and CMS admit that Plaintiff purports to cite, characterize and quote from Cargill's website and other various unidentified sources. Cargill and CMS deny any quotation, characterization, or description that is inconsistent therewith. Cargill and CMS admit that CMS's principal place of business is in Wichita, Kansas. Cargill and CMS deny the remaining allegations in Paragraph 70 of the Complaint.

71.    Cargill and CMS admit that Plaintiff purports to cite and characterize information from the USDA Food Safety and Inspection Service. Cargill and CMS deny any characterization or description that is inconsistent therewith. Cargill and CMS deny the remaining allegations in Paragraph 71.

72.    Paragraph 72 states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS deny the allegations in Paragraph 72.

### 2. The JBS Defendants

73.    Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 73 and therefore deny them.

74.    Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 74 and therefore deny them.

75.    Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 75 and therefore deny them.

76.    Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 76 and therefore deny them.

77.    Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 77 and therefore deny them.

78.    Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 78 and therefore deny them.

79.    Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 79 and therefore deny them.

### 3. The Tyson Defendants

80.    Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 80 and therefore deny them.

81.    Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 81 and therefore deny them.

82.    Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 82 and therefore deny them.

83.    Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 83, and therefore deny them.

84.    Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 84, and therefore deny them.

85.    Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 85, and therefore deny them.

86.    Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 86, and therefore deny them.

87.    Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 87, and therefore deny them.

88.    Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 88, and therefore deny them.

89.    Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 89, and therefore deny them.

## IV.    INDUSTRY BACKGROUND

90.    Cargill and CMS admit the Complaint purports to cite and characterize data from various sources. Cargill and CMS deny any characterization or description that is inconsistent with such sources. Cargill and CMS deny the remaining allegations in Paragraph 90.

91.    Cargill and CMS admit that the cattle production cycle is the longest of all animals typically raised for meat in the United States. Cargill and CMS deny the remaining allegations in Paragraph 91.

92.     Cargill and CMS admit the Complaint contains a graphic purportedly copied from a U.S. Government Accountability Office ("GAO") report. Cargill and CMS deny any characterization or description of the graphic that is inconsistent with the GAO report. Cargill and CMS deny the remaining allegations in Paragraph 92.

93.     Cargill and CMS admit that the cattle production cycle is the longest of all animals typically raised for meat in the United States. Cargill and CMS further admit the Complaint contains a graphic purportedly copied from a GAO report and that Plaintiff purports to characterize it. Cargill and CMS deny any characterization or description of the graphic that is inconsistent with the GAO report. Cargill and CMS deny the remaining allegations in Paragraph 93.

94.     Cargill and CMS admit that CMS processes cattle carcasses into various cuts of beef for sale to customers. Cargill and CMS deny the remaining allegations in Paragraph 94 to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 94 insofar as they are directed at others, and therefore deny those allegations.

95.     Paragraph 95 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS admit that cattle may be sold on the cash or spot markets, or through supply contracts. Cargill and CMS further admit that the base price of cattle under supply contracts can be determined by reference to cash cattle prices. Cargill and CMS deny the allegations in Paragraph 95 as they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information

to form a belief as to the truth of the allegations in Paragraph 95 insofar as they are directed at others, and therefore deny those allegations.

96.    Cargill and CMS admit that CMS sells beef to retailers, grocery chains, and restaurants. Cargill and CMS deny the remaining allegations in Paragraph 96 to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 96 insofar as they are directed at others, and therefore deny those allegations.

97.    Cargill and CMS admit that certain CMS employees conduct meetings to discuss and make decisions concerning the procurement of fed cattle and the production and sale of beef. Cargill and CMS deny the remaining allegations in Paragraph 97 to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 97 insofar as they are directed at others, and therefore deny those allegations.

98.    Cargill and CMS admit the Complaint purports to characterize and quote from a Department of Justice ("DOJ") complaint. Cargill and CMS deny any characterization, quotation or description that is inconsistent with the DOJ complaint. Cargill and CMS deny the remaining allegations in Paragraph 98.

## V.    OPERATING DEFENDANTS' ANTITRUST VIOLATIONS

99.    Cargill and CMS deny the allegations in Paragraph 99 as they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 99, and therefore deny them.

100.    Cargill and CMS deny the allegations in Paragraph 100 as they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 100, and therefore deny them.

101.    Cargill and CMS deny the allegations in Paragraph 101 as they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 101, and therefore deny them.

102.    Cargill and CMS deny the allegations in Paragraph 102.

103.    Cargill and CMS deny the allegations in Paragraph 103.

**A.    Direct evidence of Defendants' conspiracy**

104.    Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations concerning Witness 1's conversations with James Hooker in Paragraph 104 and therefore deny them. Cargill and CMS deny the remaining allegations in Paragraph 104 of the Complaint.

105.    Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 105 and therefore deny them.

106.    Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations concerning Witness 1 in Paragraph 106 and therefore deny them. Cargill and CMS admit that, generally speaking, cattle are slaughtered on the "kill floor" and that carcasses are cooled before they are broken down into smaller cuts. Cargill and CMS deny the remaining allegations in Paragraph 106 of the Complaint.

107.    Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations concerning Witness 1 and Mr. Hooker in Paragraph 107

and therefore deny them. Cargill and CMS deny the remaining allegations in Paragraph 107 of the Complaint.

108.    Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations concerning Witness 1 and Mr. Hooker in Paragraph 108 and therefore deny them. Cargill and CMS deny the remaining allegations in Paragraph 108 of the Complaint.

109.    Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations concerning Witness 1 and Mr. Hooker in Paragraph 109 and therefore deny them. Cargill and CMS deny the remaining allegations in Paragraph 109 of the Complaint.

110.    Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations concerning Witness 1 and Mr. Hooker in Paragraph 110 and therefore deny them. Cargill and CMS deny the remaining allegations in Paragraph 110 of the Complaint.

### 1.    Mr. Hooker Was Well Positioned to Know About Operating Defendants' Agreement

111.    Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 111 and therefore deny them.

112.    Cargill and CMS admit that Manny Guerrero is a former CMS employee. Cargill and CMS deny the remaining allegations in Paragraph 112 to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a

belief as to the truth of the remaining allegations insofar as they are directed at others, and therefore deny those allegations.

113.    Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 113 and therefore deny them.

114.    Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 114 and therefore deny them.

115.    Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 115 and therefore deny them.

116.    Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 116 and therefore deny them.

117.    Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 117 and therefore deny them.

118.    Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 118 and therefore deny them.

### 2.    Witness 1 Learns of an Agreement Among Defendants

119.    Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 119 and therefore deny them.

120.    Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 120 and therefore deny them.

121.    Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 121 and therefore deny them.

122.    Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 122 and therefore deny them.

123.    Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 123 and therefore deny them.

124.    Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 124 and therefore deny them.

125.    Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 125 and therefore deny them.

126.    Cargill and CMS deny the allegation in Paragraph 126 of the Complaint.

**B.    The Available Data Corroborates Witness 1's Account**

127.    Cargill and CMS deny the allegations in Paragraph 127 of the Complaint to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 127 insofar as they are directed at others, and therefore deny those allegations.

128.    Cargill and CMS deny the allegations in Paragraph 128 of the Complaint to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 128 insofar as they are directed at others, and therefore deny those allegations.

129.    Cargill and CMS admit the Complaint purports to cite and characterize data from various sources. Cargill and CMS deny any characterization or description that is inconsistent with such sources. Cargill and CMS deny the remaining allegations in Paragraph 129 to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient

knowledge or information to form a belief as to the truth of the allegations in Paragraph 129 insofar as they are directed at others, and therefore deny those allegations.

130.    Cargill and CMS admit the Complaint contains a chart purporting to reflect data from various sources. Cargill and CMS deny any characterization or reflection that is inconsistent with such sources. Cargill and CMS deny the remaining allegations in Paragraph 130 of the Complaint to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 130 insofar as they are directed at others, and therefore deny those allegations.

131.    Cargill and CMS deny the allegations in Paragraph 131 of the Complaint to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 131 insofar as they are directed at others, and therefore deny those allegations.

132.    Cargill and CMS deny the allegations in Paragraph 132 of the Complaint to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 132 insofar as they are directed at others, and therefore deny those allegations.

133.    Cargill and CMS admit the Complaint contains a chart purporting to reflect data from various sources. Cargill and CMS deny any characterization or reflection that is inconsistent with such sources. Cargill and CMS deny the remaining allegations in Paragraph 133 of the Complaint to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the

allegations in Paragraph 133 insofar as they are directed at others, and therefore deny those allegations.

134.    Cargill and CMS deny the allegations in Paragraph 134 of the Complaint to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 134 insofar as they are directed at others, and therefore deny those allegations.

135.    Cargill and CMS admit the Complaint contains a chart purporting to reflect data from various sources. Cargill and CMS deny any characterization or reflection that is inconsistent with such sources. Cargill and CMS deny the remaining allegations in Paragraph 135 of the Complaint to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 135 insofar as they are directed at others, and therefore deny those allegations.

136.    Cargill and CMS deny the allegations in Paragraph 136 of the Complaint.

137.    Cargill and CMS deny the allegations in Paragraph 137 of the Complaint to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 137 insofar as they are directed at others, and therefore deny those allegations.

138.    Cargill and CMS admit the Complaint contains a chart purporting to reflect data from various sources. Cargill and CMS deny any characterization or reflection that is inconsistent with such sources. Cargill and CMS deny the remaining allegations in Paragraph 138 of the Complaint to the extent they relate to Cargill and CMS. Cargill and

CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 138 insofar as they are directed at others, and therefore deny those allegations.

139.    Cargill and CMS admit the Complaint contains a chart purporting to reflect data from various sources. Cargill and CMS deny any characterization or reflection that is inconsistent with such sources. Cargill and CMS deny the remaining allegations in Paragraph 139 of the Complaint to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 139 insofar as they are directed at others, and therefore deny those allegations.

140.    Cargill and CMS admit the Complaint contains a chart purporting to reflect data from various sources. Cargill and CMS deny any characterization or reflection that is inconsistent with such sources. Cargill and CMS deny the remaining allegations in Paragraph 140 of the Complaint to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 140 insofar as they are directed at others, and therefore deny those allegations.

**C.    Operating Defendants slash production in 2015**

141.    Cargill and CMS admit the Complaint purports to cite and characterize data from various sources. Cargill and CMS deny any characterization or description that is inconsistent with such sources. Cargill and CMS deny the remaining allegations in Paragraph 141 of the Complaint to the extent they relate to Cargill and CMS. Cargill and

CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 141 insofar as they are directed at others, and therefore deny those allegations.

142.    Cargill and CMS admit the Complaint purports to cite and characterize data from various sources. Cargill and CMS deny any characterization or description that is inconsistent with such sources. Cargill and CMS deny the remaining allegations in Paragraph 142 to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 142 insofar as they are directed at others, and therefore deny those allegations.

143.    Cargill and CMS deny the allegations in Paragraph 143 of the Complaint to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 143 insofar as they are directed at others, and therefore deny those allegations.

144.    Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 144 and therefore deny them.

145.    Cargill and CMS deny the allegations in Paragraph 145 of the Complaint to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 145 insofar as they are directed at others, and therefore deny those allegations.

146.    Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 146 and therefore deny them.

147.    Cargill and CMS admit the Complaint purports to quote from various sources, including Cassie Fish. Cargill and CMS deny any characterization, quotation or description that is inconsistent with such sources. Cargill and CMS deny the remaining allegations in Paragraph 147 to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 147 insofar as they are directed at others, and therefore deny those allegations.

148.    Cargill and CMS admit the Complaint purports to quote from various sources, including Cassie Fish. Cargill and CMS deny any characterization, quotation or description that is inconsistent with such sources. Cargill and CMS deny the remaining allegations in Paragraph 148 to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 148 insofar as they are directed at others, and therefore deny those allegations.

149.    Paragraph 149 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS deny the allegations in Paragraph 149 of the Complaint to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 149 insofar as they are directed at others, and therefore deny those allegations.

150.    Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 150 and therefore deny them.

151.    Paragraph 151 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS admit

29

the Complaint purports to cite and characterize data from various sources. Cargill and CMS deny any characterization or description that is inconsistent with such sources. Cargill and CMS deny the remaining allegations in Paragraph 151 to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 151 insofar as they are directed at others, and therefore deny those allegations.

**D.      Operating Defendants continued to artificially limit supply into 2016.**

152.    Paragraph 152 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS admit the Complaint purports to quote from and characterize various sources, including Cassie Fish. Cargill and CMS deny any characterization, quotation or description that is inconsistent with such sources. Cargill and CMS deny the remaining allegations in Paragraph 152 to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 152 insofar as they are directed at others, and therefore deny those allegations.

153.    Cargill and CMS admit the Complaint purports to cite and characterize data from various unidentified sources. Cargill and CMS deny any characterization or description that is inconsistent with such sources. Cargill and CMS deny the remaining allegations in Paragraph 153 to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 153 insofar as they are directed at others, and therefore deny those allegations.

154.    Paragraph 154 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS admit the Complaint purports to quote from and characterize various sources, including Cassie Fish. Cargill and CMS deny any characterization, quotation or description that is inconsistent with such sources. Cargill and CMS deny the remaining allegations in Paragraph 154 to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 154 insofar as they are directed at others, and therefore deny those allegations.

155.    Cargill and CMS deny the remaining allegations in Paragraph 155 to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 155 insofar as they are directed at others, and therefore deny those allegations.

156.    Cargill and CMS admit the Complaint purports to cite and characterize data from various sources. Cargill and CMS deny any characterization or description that is inconsistent with such sources. Cargill and CMS deny the remaining allegations in Paragraph 156 to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 156 insofar as they are directed at others, and therefore deny those allegations.

157.    Paragraph 157 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS admit the Complaint purports to cite and characterize data from various unidentified sources. Cargill and CMS deny any characterization or description that is inconsistent with such

sources. Cargill and CMS deny the remaining allegations in Paragraph 157 to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 157 insofar as they are directed at others, and therefore deny those allegations.

**E.    After historic cuts, Operating Defendants continued to keep supply restrained, resulting in higher beef prices and unprecedented margins into 2017 and 2018**

158.    Paragraph 158 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS admit the Complaint purports to cite and characterize data from various sources. Cargill and CMS deny any characterization or description that is inconsistent with such sources. Cargill and CMS deny the remaining allegations in Paragraph 158 to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 158 insofar as they are directed at others, and therefore deny those allegations.

159.    Paragraph 159 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS admit the Complaint purports to cite and characterize data from various unidentified sources. Cargill and CMS deny any characterization or description that is inconsistent with such sources. Cargill and CMS deny the remaining allegations in Paragraph 159 to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 159 insofar as they are directed at others, and therefore deny those allegations.

160.    Paragraph 160 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS admit the Complaint purports to cite and characterize data from various unidentified sources. Cargill and CMS deny any characterization or description that is inconsistent with such sources. Cargill and CMS deny the remaining allegations in Paragraph 160 to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 160 insofar as they are directed at others, and therefore deny those allegations.

161.    Paragraph 161 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS admit the Complaint purports to cite and characterize data from various sources, including Cassie Fish. Cargill and CMS deny any characterization or description that is inconsistent with such sources. Cargill and CMS deny the remaining allegations in Paragraph 161 to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 161 insofar as they are directed at others, and therefore deny those allegations.

162.    Paragraph 162 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS admit the Complaint purports to cite and characterize data from various sources. Cargill and CMS deny any characterization or description that is inconsistent with such sources. Cargill and CMS deny the remaining allegations in Paragraph 162 to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to

the truth of the allegations in Paragraph 162 insofar as they are directed at others, and therefore deny those allegations.

**F.    Operating Defendants' 2019 and 2020 Bring Continued Parallel Slaughter, Reaction Against Independent Self-Interest**

163.    Cargill and CMS admit the Complaint purports to cite and characterize data from various sources, including Cassie Fish. Cargill and CMS deny any characterization or description that is inconsistent with such sources. Cargill and CMS deny the remaining allegations in Paragraph 163 to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 163 insofar as they are directed at others, and therefore deny those allegations.

164.    Paragraph 164 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS admit the Complaint purports to cite and characterize data from various sources, including Cassie Fish. Cargill and CMS deny any characterization or description that is inconsistent with such sources. Cargill and CMS deny the remaining allegations in Paragraph 164 to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 164 insofar as they are directed at others, and therefore deny those allegations.

165.    Paragraph 165 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS admit the Complaint purports to cite and characterize data from various sources. Cargill and CMS deny any characterization or description that is inconsistent with such sources. Cargill and

CMS deny the remaining allegations in Paragraph 165 to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 165 insofar as they are directed at others, and therefore deny those allegations.

166.    Cargill and CMS admit the Complaint purports to quote from various sources, including Cassie Fish. Cargill and CMS deny any characterization, quotation or description that is inconsistent with such sources. Cargill and CMS deny the remaining allegations in Paragraph 166 to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 166 insofar as they are directed at others, and therefore deny those allegations.

167.    Cargill and CMS admit the Complaint purports to cite data from various sources. Cargill and CMS deny any characterization or description that is inconsistent with such sources. Cargill and CMS deny the remaining allegations in Paragraph 167 to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 167 insofar as they are directed at others, and therefore deny those allegations.

168.    Upon information and belief, Cargill and CMS admit that on or about August 9, 2019, there was a fire at Tyson's plant in Holcomb, Kansas. Cargill and CMS deny the remaining allegations in Paragraph 168 to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 168 insofar as they are directed at others, and therefore deny those allegations.

169.    Cargill and CMS admit the Complaint purports to cite and characterize data from various sources. Cargill and CMS deny any characterization or description that is inconsistent with such sources. Cargill and CMS deny the remaining allegations in Paragraph 169 to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 169 insofar as they are directed at others, and therefore deny those allegations.

170.    Paragraph 170 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS deny the allegations in Paragraph 170 to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 170 insofar as they are directed at others, and therefore deny those allegations.

171.    Paragraph 171 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS admit the Complaint contains a chart purporting to reflect data from various unidentified sources. Cargill and CMS deny any characterization or reflection that is inconsistent with such sources. Cargill and CMS deny the remaining allegations in Paragraph 171 to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 171 insofar as they are directed at others, and therefore deny those allegations.

172.    Paragraph 172 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS deny

the allegations in Paragraph 172 to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 172 insofar as they are directed at others, and therefore deny those allegations.

173. Paragraph 173 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS admit the Complaint purports to cite and characterize data from various sources. Cargill and CMS deny any characterization or reflection that is inconsistent with such sources. Cargill and CMS deny the remaining allegations in Paragraph 173 to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 173 insofar as they are directed at others, and therefore deny those allegations.

## G. Defendants idled and closed plants, refrained from expanding processing capacity

174. Cargill and CMS admit that CMS closed its Plainview, Texas and Milwaukee, Wisconsin plants in February 2013 and August 2014, respectively. Cargill and CMS state that CMS's Milwaukee plant did not primarily slaughter fed cattle. Cargill and CMS deny the remaining allegations in Paragraph 174 to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 174 insofar as they are directed at others, and therefore deny those allegations.

175.    Cargill and CMS admit that CMS announced in September 2015 that it would sell its plant in Plainview, Texas. Cargill and CMS deny the remaining allegations in Paragraph 175 to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 175 insofar as they are directed at others, and therefore deny those allegations.

176.    Cargill and CMS admit the Complaint purports to cite and characterize data from various unidentified sources. Cargill and CMS deny any characterization or description that is inconsistent with such sources. Cargill and CMS deny the remaining allegations in Paragraph 176 to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 176 insofar as they are directed at others, and therefore deny those allegations.

177.    Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 177 and therefore deny them.

178.    Cargill and CMS deny the allegations in Paragraph 178 to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 178 insofar as they are directed at others, and therefore deny those allegations.

179.    Cargill and CMS deny the allegations in Paragraph 179 to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 179 insofar as they are directed at others, and therefore deny those allegations.

**H.      Operating Defendants signaled their conspiracy and encouraged each other to maintain it**

180.    Cargill and CMS deny the allegations in Paragraph 180 to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 180 insofar as they are directed at others, and therefore deny those allegations.

**I.      Parallel Reductions in Cash Cattle Purchases and Anticompetitive Queuing Conventions**

181.    Cargill and CMS admit that CMS purchases fed cattle on the cash market and through formula and forward contracts, and that under certain kinds of contracts, the producer agrees to deliver its cattle to CMS once the cattle have reached slaughter-weight at a price to be determined at or around the time of delivery. Cargill and CMS deny the remaining allegations in Paragraph 181 to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 181 insofar as they are directed at others, and therefore deny those allegations.

182.    Paragraph 182 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS deny the allegations in Paragraph 182.

183.    Cargill and CMS deny the allegations in Paragraph 183 of the Complaint to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 183 insofar as they are directed at others, and therefore deny those allegations.

184.    Cargill and CMS deny the allegations in Paragraph 184 of the Complaint to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 184 insofar as they are directed at others, and therefore deny those allegations.

185.    Paragraph 185 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS deny the allegations in Paragraph 185 of the Complaint to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 185 insofar as they are directed at others, and therefore deny those allegations.

186.    Cargill and CMS admit that Steve Brown and Rick Vogel are employees of CMS. Cargill and CMS deny the remaining allegations in Paragraph 186 of the Complaint to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 186 insofar as they are directed at others, and therefore deny those allegations.

187.    Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 187 and therefore deny them.

188.    Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations about what Witness 2 understood and therefore deny them. Cargill and CMS deny the remaining allegations in Paragraph 188 of the Complaint to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or

information to form a belief as to the truth of the allegations in Paragraph 188 insofar as they are directed at others, and therefore deny those allegations.

189. Paragraph 189 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS deny the allegations in Paragraph 189.

## VI. EFFECTS OF DEFENDANTS' ANTITRUST VIOLATIONS

### A. Defendants' conspiracy increased the spread between cattle and beef prices

190. Paragraph 190 of the Complaint states legal conclusions to which no response is required. To the extent a response may be required, Cargill and CMS admit that there were droughts in parts of the United States in 2011 through 2013 and beyond. Cargill and CMS deny the remaining allegations in Paragraph 190 to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 190 insofar as they are directed at others, and therefore deny those allegations.

191. Cargill and CMS admit the Complaint purports to characterize and quote from a DOJ complaint. Cargill and CMS deny any characterization, quotation or description that is inconsistent with the DOJ complaint. Cargill and CMS deny the remaining allegations in Paragraph 191.

192. Paragraph 192 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS deny the allegations in Paragraph 192 as they relate to Cargill and CMS. Cargill and CMS lack

sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 192 insofar as they are directed at others, and therefore deny those allegations.

193.    Cargill and CMS admit the Complaint contains a chart purporting to reflect data from various sources, including the USDA. Cargill and CMS deny any characterization or reflection that is inconsistent with such data. Cargill and CMS deny the remaining allegations in Paragraph 193 to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 193 insofar as they are directed at others, and therefore deny those allegations.

194.    Cargill and CMS admit the Complaint purports to cite and characterize data from the USDA Economic Research Service. Cargill and CMS deny any characterization or reflection that is inconsistent with such sources. Cargill and CMS deny the remaining allegations in Paragraph 194 to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 194 insofar as they are directed at others, and therefore deny those allegations.

195.    Paragraph 195 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS deny the allegations in Paragraph 195.

**B.    Tyson Foods and, jointly, JBS S.A. and JBS USA falsely claimed their record profits were due to market prescience, not supply constraints**

196.    Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 196 insofar as they are directed at others, and therefore deny those allegations.

## VII.    ADDITIONAL PLUS FACTORS ENCOURAGING THE REASONABLE INFERENCE OF DEFENDANTS' CONSPIRACY

197.    Paragraph 197 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS deny the allegations in Paragraph 197.

**A.    The beef market is highly concentrated**

198.    Paragraph 198 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS deny the allegations in Paragraph 198.

199.    Paragraph 199 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS deny the allegations in Paragraph 199.

200.    Paragraph 200 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS deny the allegations in Paragraph 200.

201.    Cargill and CMS admit that CMS acquired Taylor Packing in 2002. Cargill and CMS deny the remaining allegations in Paragraph 201 to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a

belief as to the truth of the allegations in Paragraph 201 insofar as they are directed at others, and therefore deny those allegations.

202.    Paragraph 202 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS deny the allegations in Paragraph 202 to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 202 insofar as they are directed at others, and therefore deny those allegations.

**B.    The beef market has high barriers to entry**

203.    Paragraph 203 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS deny the allegations in Paragraph 203.

204.    Paragraph 204 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS deny the allegations in Paragraph 204.

205.    Paragraph 205 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS admit that the construction of packing plants is expensive and time consuming. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 205 and therefore deny them.

206.    Paragraph 206 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS lack

sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 206 and therefore deny them.

### C.    Beef is a commodity product

207.    Paragraph 207 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS admit that the description of terms related to commodities in Paragraph 207 are generally correct, but state that exact definitions and descriptions may vary and that some exceptions exist. Cargill and CMS deny the remaining allegations in Paragraph 207.

208.    Paragraph 208 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS admit that the USDA posts prices for beef and that cattle futures are traded on the Chicago Mercantile Exchange. Cargill and CMS deny the remaining allegations in Paragraph 208.

209.    Paragraph 209 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS deny the allegations in Paragraph 209.

210.    Paragraph 210 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS deny the allegations in Paragraph 210.

### D.    The demand for beef is inelastic

211.    Cargill and CMS admit that the description of terms related to elasticity in Paragraph 211 are generally correct, but state that exact definitions and descriptions may

vary and that some exceptions exist. Cargill and CMS deny the remaining allegations in Paragraph 211.

212.    Cargill and CMS admit that the description of terms related to elasticity in Paragraph 212 are generally correct, but state that exact definitions and descriptions may vary and that some exceptions exist. Cargill and CMS deny the remaining allegations in Paragraph 212.

213.    Paragraph 213 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS deny the remaining allegations in Paragraph 213.

214.    Paragraph 214 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS deny the remaining allegations in Paragraph 214.

215.    Paragraph 215 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS admit the Complaint purports to quote and characterize information from various sources. Cargill and CMS deny any quotation, characterization or description that is inconsistent with such sources. Cargill and CMS deny the remaining allegations in Paragraph 215.

216.    Paragraph 216 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS admit the Complaint purports to characterize information from various sources. Cargill and CMS deny any characterization or description that is inconsistent with such sources. Cargill and CMS deny the remaining allegations in Paragraph 216.

### E.    Defendants took advantage of multiple opportunities to collude

217.    Paragraph 217 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS admit that certain employees of CMS have attended industry and trade association events. Cargill and CMS deny the remaining allegations in Paragraph 217 to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 217 insofar as they are directed at others, and therefore deny those allegations.

218.    Cargill and CMS admit the Complaint purports to cite and characterize information from various sources, including the NCBA website. Cargill and CMS deny any characterization or description that is inconsistent with such sources. Cargill and CMS further admit that certain employees or former employees of CMS, including Bill Thoni, have attended events and meetings hosted by the NCBA and the Federation of State Beef Councils. Cargill and CMS deny the remaining allegations in Paragraph 218 to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 218 insofar as they are directed at others, and therefore deny those allegations.

219.    Cargill and CMS admit the Complaint purports to cite and characterize information from various sources, including the USMEF website. Cargill and CMS deny any characterization or description that is inconsistent with such sources. Cargill and CMS further admit that certain employees or former employees of CMS, including Pat Binger, have attended events hosted by the USMEF. Cargill and CMS deny the remaining

allegations in Paragraph 219 to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 219 insofar as they are directed at others, and therefore deny those allegations.

220.    Cargill and CMS admit that Cargill was a founding member of the Global Roundtable for Sustainable Beef. Cargill and CMS further admit that certain employees of CMS have attended events hosted by the Global and U.S. Roundtables for Sustainable Beef. Cargill and CMS deny the remaining allegations in Paragraph 220 to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 220 insofar as they are directed at others, and therefore deny those allegations.

221.    Cargill and CMS admit the Complaint purports to characterize information from various sources, including the NAMI website. Cargill and CMS deny any characterization or description that is inconsistent with such sources. Cargill and CMS further admit that certain employees or former employees of CMS, including John Keating, have attended events and meetings hosted by the NAMI. Cargill and CMS deny the remaining allegations in Paragraph 221 to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 221 insofar as they are directed at others, and therefore deny those allegations.

222.    Cargill and CMS admit the Complaint purports to characterize information from various sources. Cargill and CMS deny any characterization or description that is inconsistent with such sources. Cargill and CMS further admit that certain employees or

former employees of CMS, including John Jay and Elizabeth Gutschenritter, have attended events and meetings hosted by the NAMI and the Food Industry Association, including a conference in 2017. Cargill and CMS deny the remaining allegations in Paragraph 222 to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 222 insofar as they are directed at others, and therefore deny those allegations.

223.    Cargill and CMS admit the Complaint purports to characterize information from various sources. Cargill and CMS deny any characterization or description that is inconsistent with such sources. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 223 insofar as they are directed at others, and therefore deny those allegations.

224.    Cargill and CMS admit the Complaint purports to characterize information from various sources. Cargill and CMS deny any characterization or description that is inconsistent with such sources. Cargill and CMS further admit that certain employees or former employees of CMS have attended events and meetings hosted by the NAMI. Cargill and CMS deny the remaining allegations in Paragraph 224 to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 224 insofar as they are directed at others, and therefore deny those allegations.

225.    Cargill and CMS admit the Complaint purports to characterize information from various sources. Cargill and CMS deny any characterization or description that is inconsistent with such sources. Cargill and CMS further admit that certain employees or

former employees of CMS have attended events and conferences at Kansas State University. Cargill and CMS deny the remaining allegations in Paragraph 225 to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 225 insofar as they are directed at others, and therefore deny those allegations.

226.    Cargill and CMS admit the Complaint purports to cite and characterize information from various sources. Cargill and CMS deny any characterization or description that is inconsistent with such sources. Cargill and CMS further admit that JBS S.A. purchased CMS's U.S. pork operations in 2015. Cargill and CMS deny the remaining allegations in Paragraph 226 to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 226 insofar as they are directed at others, and therefore deny those allegations.

227.    Paragraph 227 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS deny the allegations in Paragraph 227.

**F.    Defendants exacerbated their supply restraints by continuing to reduce their imports**

228.    Cargill and CMS admit the Complaint contains a chart purporting to reflect data from various sources. Cargill and CMS deny any characterization or reflection that is inconsistent with such sources. Cargill and CMS deny the remaining allegations in Paragraph 228 to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient

knowledge or information to form a belief as to the truth of the allegations in Paragraph 228 insofar as they are directed at others, and therefore deny those allegations.

229.    Paragraph 229 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS deny the allegations in Paragraph 229 to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 229 insofar as they are directed at others, and therefore deny those allegations.

230.    Paragraph 230 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS deny the allegations in Paragraph 230.

### G.    Defendants' Market Share Stability is Indicative of a Conspiracy

231.    Paragraph 231 of the Complaint states legal and other conclusions to which no response is required. To the extent a response may be required, Cargill and CMS deny the allegations in Paragraph 231.

232.    Paragraph 232 of the Complaint states legal and other conclusions to which no response is required. To the extent a response may be required, Cargill and CMS deny the allegations in Paragraph 232.

233.    Cargill and CMS admit the Complaint purports to cite and characterize data from unidentified sources. Cargill and CMS deny any characterization or description that is inconsistent with such sources. Cargill and CMS deny the remaining allegations in Paragraph 233 to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient

knowledge or information to form a belief as to the truth of the allegations in Paragraph 233 insofar as they are directed at others, and therefore deny those allegations.

234.    Paragraph 234 of the Complaint states legal and other conclusions to which no response is required. To the extent a response may be required, Cargill and CMS deny the allegations in Paragraph 234 to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 234 insofar as they are directed at others, and therefore deny those allegations.

235.    Paragraph 235 of the Complaint states legal and other conclusions to which no response is required. To the extent a response may be required, Cargill and CMS deny the allegations in Paragraph 235 to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 235 insofar as they are directed at others, and therefore deny those allegations.

236.    Paragraph 236 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS admit the Complaint contains a chart purporting to reflect data from various sources. Cargill and CMS deny any characterization or reflection that is inconsistent with such sources. Cargill and CMS deny the remaining allegations in Paragraph 236 to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 236 insofar as they are directed at others, and therefore deny those allegations.

**H.    The Production Cuts Were Implemented Despite Surging Beef Demand**

237.    Cargill and CMS deny the allegations in Paragraph 237 to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 237 insofar as they are directed at others, and therefore deny them.

238.    Cargill and CMS admit the Complaint purports to cite and characterize data from various sources, including Cassie Fish. Cargill and CMS deny any characterization or description that is inconsistent with such sources. Cargill and CMS deny the remaining allegations in Paragraph 238 to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 238 insofar as they are directed at others, and therefore deny those allegations.

239.    Cargill and CMS admit the Complaint purports to quote from various sources, including Cassie Fish. Cargill and CMS deny any characterization, quotation or description that is inconsistent with such sources. Cargill and CMS deny the remaining allegations in Paragraph 239 to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 239 insofar as they are directed at others, and therefore deny those allegations.

240.    Cargill and CMS admit the Complaint contains a chart purporting to reflect data from various sources. Cargill and CMS deny any characterization or reflection that is inconsistent with such sources. Cargill and CMS deny the remaining allegations in Paragraph 240 to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient

knowledge or information to form a belief as to the truth of the allegations in Paragraph 240 insofar as they are directed at others, and therefore deny those allegations.

## VIII. THE BEEF INDUSTRY FACES GOVERNMENTAL INQUIRIES AND INVESTIGATIONS

241.    Paragraph 241 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 241, and therefore deny those allegations.

242.    Paragraph 242 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS deny the allegations in Paragraph 242.

243.    Cargill and CMS admit that the USDA opened an investigation following a fire at Tyson's Holcomb facility in August 2019. Cargill and CMS deny the remaining allegations in Paragraph 243.

244.    Cargill and CMS admit the Complaint purports to characterize various letters from elected officials. Cargill and CMS deny any characterization or description that is inconsistent with such letters. Cargill and CMS deny the remaining allegations in Paragraph 244.

245.    Cargill and CMS admit the Complaint characterizes statements from elected officials. Cargill and CMS deny any characterization or description that is inconsistent with such statements. Cargill and CMS deny the remaining allegations in Paragraph 245.

246.    Cargill and CMS admit the Complaint purports to characterize reports from media sources. Cargill and CMS deny any characterization or description that is inconsistent with such sources. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 246, and therefore deny those allegations.

247.    Cargill and CMS admit the Complaint purports to quote from and characterize a letter from cattle trade associations. Cargill and CMS deny any quotation, characterization or description that is inconsistent with such sources. Cargill and CMS deny the remaining allegations in Paragraph 247.

248.    Cargill and CMS admit the Complaint purports to quote from and characterize a letter from cattle trade associations. Cargill and CMS deny any quotation, characterization or description that is inconsistent with such letter. Cargill and CMS deny the remaining allegations in Paragraph 248.

249.    Paragraph 249 of the Complaint states legal conclusions to which no response is required. To the extent a response may be required, Cargill and CMS admit the Complaint purports to quote from and characterize a letter from cattle trade associations. Cargill and CMS deny any quotation, characterization, or description that is inconsistent with such letter. Cargill and CMS deny the remaining allegations in Paragraph 249.

250.    Cargill and CMS admit the Complaint purports to characterize a letter from elected officials. Cargill and CMS deny any quotation, characterization or description that is inconsistent with such letter. Cargill and CMS deny the remaining allegations in Paragraph 250.

251.   Cargill and CMS admit that Cargill has received a civil investigative demand from the DOJ. Cargill and CMS deny the remaining allegations in Paragraph 251 to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 251 insofar as they are directed at others, and therefore deny those allegations.

## IX.   ANTITRUST INJURY

252.   Paragraph 252 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS deny the allegations in Paragraph 252 of the Complaint.

253.   Paragraph 253 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS deny the allegations in Paragraph 253 of the Complaint.

254.   Paragraph 254 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS deny the allegations in Paragraph 254 of the Complaint.

255.   Paragraph 255 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS deny the allegations in Paragraph 255 of the Complaint.

256.   Paragraph 256 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS deny the allegations in Paragraph 256 of the Complaint.

257.    Paragraph 257 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS deny the allegations in Paragraph 257 of the Complaint.

258.    Paragraph 258 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS deny the allegations in Paragraph 258 of the Complaint.

259.    Paragraph 259 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS deny the allegations in Paragraph 259 of the Complaint.

260.    Paragraph 260 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS deny the allegations in Paragraph 260 of the Complaint.

261.    Paragraph 261 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS deny the allegations in Paragraph 261 of the Complaint.

262.    Paragraph 262 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS deny the allegations in Paragraph 262 of the Complaint.

263.    Paragraph 263 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS deny the allegations in Paragraph 263 of the Complaint.

## X.    DEFENDANTS FRAUDULENTLY CONCEALED THEIR CONSPIRACY

264.    Paragraph 264 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS deny the allegations in Paragraph 264 of the Complaint.

### A.    Defendants' concealment of Plaintiffs' cause of action

265.    Paragraph 265 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS deny the allegations in Paragraph 265 of the Complaint.

266.    Paragraph 266 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS deny the allegations in Paragraph 266 of the Complaint.

267.    Paragraph 267 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS deny the allegations in Paragraph 267 of the Complaint.

268.    Paragraph 268 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS deny the allegations in Paragraph 268 of the Complaint.

269.    Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 269 and therefore deny them.

270.    Paragraph 270 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS deny the allegations in Paragraph 270 of the Complaint.

271.    Paragraph 271 of the Complaint states legal conclusions to which no response is required. To the extent a response may be required, Cargill and CMS admit the Complaint purports to characterize and quote from Cargill's Code of Conduct. Cargill and CMS deny that the Complaint correctly quoted or characterized it. Cargill and CMS deny the remaining allegations in Paragraph 271 to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 271 insofar as they are directed at others, and therefore deny those allegations.

272.    Paragraph 272 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS deny the allegations in Paragraph 272 to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 272 insofar as they are directed at others, and therefore deny those allegations.

273.    Paragraph 273 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS deny the allegations in Paragraph 273 of the Complaint.

274.    Paragraph 274 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS deny the allegations in Paragraph 274.

### 1.    The Cargill Defendants

275.    Paragraph 275 of the Complaint states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS deny the allegations in Paragraph 275 of the Complaint.

276.    Paragraph 276 of the Complaint states legal conclusions to which no response is required. To the extent a response may be required, Cargill and CMS admit the Complaint purports to characterize and quote from Cargill's 2017 Annual Report. Cargill and CMS deny that the Complaint correctly quoted or characterized Cargill's 2017 Annual Report. Cargill and CMS deny the remaining allegations in Paragraph 276.

277.    Paragraph 277 of the Complaint states legal conclusions to which no response is required. To the extent a response may be required, Cargill and CMS admit the Complaint purports to characterize and quote from Cargill's 2018 Annual Report. Cargill and CMS deny that the Complaint correctly quoted or characterized Cargill's 2018 Annual Report. Cargill and CMS deny the remaining allegations in Paragraph 277.

278.    Paragraph 278 states legal conclusions to which no response is required. To the extent that a response may be required, Cargill and CMS deny the allegations in Paragraph 278.

### 2.    The JBS Defendants

279.    Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 279, and therefore deny those allegations.

280.    Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 280, and therefore deny those allegations.

281.    Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 281, and therefore deny those allegations.

282.    Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 282, and therefore deny those allegations.

283.    Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 283, and therefore deny those allegations.

### 3.    National Beef

284.    Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 284, and therefore deny those allegations.

285.    Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 285, and therefore deny those allegations.

286.    Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 286, and therefore deny those allegations.

287.    Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 287, and therefore deny those allegations.

288.    Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 288, and therefore deny those allegations.

289.    Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 289, and therefore deny those allegations.

290.    Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 290, and therefore deny those allegations.

291.    Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 291, and therefore deny those allegations.

292.    Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 292, and therefore deny those allegations.

293.    Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 293, and therefore deny those allegations.

294.    Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 294, and therefore deny those allegations.

### 4.    The Tyson Defendants

295.    Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 295, and therefore deny those allegations.

296.    Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 296, and therefore deny those allegations.

297.    Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 297, and therefore deny those allegations.

298.    Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 298, and therefore deny those allegations.

299.    Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 299, and therefore deny those allegations.

300.    Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 300, and therefore deny those allegations.

**B.    Plaintiffs were unable to discover the existence of Operating Defendants' conspiracy**

301.    Paragraph 301 of the Complaint states legal conclusions to which no response is required. To the extent a response may be required, Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of Plaintiffs' allegations concerning their knowledge and when they learned about Witness 1, and therefore deny them. Cargill and CMS deny the remaining allegations in Paragraph 301.

302.    Paragraph 302 of the Complaint states legal conclusions to which no response is required. To the extent a response may be required, Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of Plaintiffs' allegations concerning their knowledge or notice, and therefore deny them. Cargill and CMS deny the remaining allegations in Paragraph 302.

303.    Paragraph 303 of the Complaint states legal conclusions to which no response is required. To the extent a response may be required, Cargill and CMS deny the allegations in Paragraph 303.

304.    Paragraph 304 of the Complaint states legal conclusions to which no response is required. To the extent a response may be required, Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of Plaintiffs' allegations concerning its notice, and therefore deny them. Cargill and CMS deny the remaining allegations in Paragraph 304.

305.     Paragraph 305 of the Complaint states legal conclusions to which no response is required. To the extent a response may be required, Cargill and CMS deny the allegations in Paragraph 305.

## C.     Plaintiffs exercised due diligence in attempting to discover their claim

306.     Paragraph 306 of the Complaint states legal conclusions to which no response is required. To the extent a response may be required, Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of Plaintiffs' allegations concerning its notice, and therefore deny them. Cargill and CMS deny the remaining allegations in Paragraph 306.

307.     Paragraph 307 of the Complaint states legal conclusions to which no response is required. To the extent a response may be required, Cargill and CMS deny the allegations in Paragraph 307.

308.     Paragraph 308 of the Complaint states legal conclusions to which no response is required. To the extent a response may be required, Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of Plaintiffs' allegations concerning their knowledge or diligence, and therefore deny them. Cargill and CMS deny the remaining allegations in Paragraph 308.

309.     Paragraph 309 of the Complaint states legal conclusions to which no response is required. To the extent a response may be required, Cargill and CMS deny the allegations in Paragraph 309.

310.    Paragraph 310 of the Complaint states legal conclusions to which no response is required. To the extent a response may be required, Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 310 concerning Plaintiffs' awareness. Cargill and CMS deny the remaining allegations in Paragraph 310.

311.    Paragraph 311 of the Complaint states legal conclusions to which no response is required. To the extent a response may be required, Cargill and CMS deny the allegations in Paragraph 311.

312.    Paragraph 312 of the Complaint states legal conclusions to which no response is required. To the extent a response may be required, Cargill and CMS admit the Complaint purports to characterize and quote from a GAO report. Cargill and CMS deny any characterization, quotation or description that is inconsistent with the GAO report. Cargill and CMS deny the remaining allegations in Paragraph 312.

## XI.    DEFENDANTS ENGAGED IN CONTINUING ANTITRUST VIOLATIONS

313.    Paragraph 313 of the Complaint states legal conclusions to which no response is required. To the extent a response may be required, Cargill and CMS deny the allegations in Paragraph 313.

### A.    Defendants Renewed their Conspiracy with New and Independent Acts

314.    Paragraph 314 of the Complaint states legal conclusions to which no response is required. To the extent a response may be required, Cargill and CMS admit that

CMS sold beef during the alleged Class Period. Cargill and CMS deny the remaining allegations in Paragraph 314.

315.    Paragraph 315 of the Complaint states legal conclusions to which no response is required. To the extent a response may be required, Cargill and CMS deny the allegations in Paragraph 315.

316.    Paragraph 316 of the Complaint states legal conclusions to which no response is required. To the extent a response may be required, Cargill and CMS deny the allegations in Paragraph 316.

317.    Paragraph 317 of the Complaint states legal conclusions to which no response is required. To the extent a response may be required, Cargill and CMS deny the allegations in Paragraph 317.

318.    Paragraph 318 of the Complaint states legal conclusions to which no response is required. To the extent a response may be required, Cargill and CMS admit that Cargill has received inquiries from regulators. Cargill and CMS deny the remaining allegations in Paragraph 318 to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 318 insofar as they are directed at others, and therefore deny those allegations.

**B.    Defendants Inflicted New and Accumulating Injury on Plaintiffs**

319.    Paragraph 319 of the Complaint states legal conclusions to which no response is required. To the extent a response may be required, Cargill and CMS deny the allegations in Paragraph 319.

320.    Paragraph 320 of the Complaint states legal conclusions to which no response is required. To the extent a response may be required, Cargill and CMS deny the allegations in Paragraph 320.

321.    Paragraph 321 of the Complaint states legal conclusions to which no response is required. To the extent a response may be required, Cargill and CMS deny the allegations in Paragraph 321.

322.    Paragraph 322 of the Complaint states legal conclusions to which no response is required. To the extent a response may be required, Cargill and CMS deny the allegations in Paragraph 322.

323.    Paragraph 323 of the Complaint states legal conclusions to which no response is required. To the extent a response may be required, Cargill and CMS deny the allegations in Paragraph 323.

324.    Paragraph 324 of the Complaint states legal conclusions to which no response is required. To the extent a response may be required, Cargill and CMS deny the allegations in Paragraph 324.

325.    Paragraph 325 of the Complaint states legal conclusions to which no response is required. To the extent a response may be required, Cargill and CMS deny the allegations in Paragraph 325.

326.    Paragraph 326 of the Complaint states legal conclusions to which no response is required. To the extent a response may be required, Cargill and CMS deny the allegations in Paragraph 326.

327.    Paragraph 327 of the Complaint states legal conclusions to which no response is required. To the extent a response may be required, Cargill and CMS deny the allegations in Paragraph 327.

328.    Cargill and CMS admit that CMS sold beef to Central Grocers and other customers during the alleged Class Period. Cargill and CMS deny the remaining allegations in Paragraph 328 of the Complaint to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 328 insofar as they are directed at others, and therefore deny those allegations.

## XII.    CLASS ACTION ALLEGATIONS

329.    Paragraph 329 of the Complaint states legal conclusions to which no response is required. To the extent a response may be required, Cargill and CMS admit that the Complaint purports to bring a class action on behalf of the class defined in Paragraph 329, but Cargill and CMS deny that such a class may be properly certified.

330.    Paragraph 330 of the Complaint states legal conclusions to which no response is required. To the extent a response may be required, Cargill and CMS admit that CMS sold beef to Central Grocers and other customers during the alleged Class Period. Cargill and CMS deny the remaining allegations in Paragraph 330 to the extent they relate to Cargill and CMS. Cargill and CMS lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 330 insofar as they are directed at others, and therefore deny those allegations.

331.    Paragraph 331 of the Complaint states legal conclusions to which no response is required. To the extent a response may be required, Cargill and CMS deny the allegations in Paragraph 331.

332.    Paragraph 332 of the Complaint states legal conclusions to which no response is required. To the extent a response may be required, Cargill and CMS deny the allegations in Paragraph 332.

333.    Paragraph 333 of the Complaint states legal conclusions to which no response is required. To the extent a response may be required, Cargill and CMS deny the allegations in Paragraph 333.

334.    Paragraph 334 of the Complaint states legal conclusions to which no response is required. To the extent a response may be required, Cargill and CMS deny the allegations in Paragraph 334.

335.    Paragraph 335 of the Complaint states legal conclusions to which no response is required. To the extent a response may be required, Cargill and CMS deny the allegations in Paragraph 335.

336.    Paragraph 336 of the Complaint states legal conclusions to which no response is required. To the extent a response may be required, Cargill and CMS deny the allegations in Paragraph 336.

337.    Paragraph 337 of the Complaint states legal conclusions to which no response is required. To the extent a response may be required, Cargill and CMS deny the allegations in Paragraph 337.

# XIII.  VIOLATIONS OF SECTION 1 OF THE SHERMAN ACT, 15 U.S.C. § 1

338.    Cargill and CMS incorporate by reference their responses to each preceding and succeeding paragraph as though set forth fully herein.

339.    Paragraph 339 of the Complaint states legal conclusions to which no response is required. To the extent a response may be required, Cargill and CMS deny the allegations in Paragraph 339.

340.    Paragraph 340 of the Complaint states legal conclusions to which no response is required. To the extent a response may be required, Cargill and CMS deny the allegations in Paragraph 340.

341.    Paragraph 341 of the Complaint states legal conclusions to which no response is required. To the extent a response may be required, Cargill and CMS deny the allegations in Paragraph 341.

342.    Paragraph 342 of the Complaint states legal conclusions to which no response is required. To the extent a response may be required, Cargill and CMS deny the allegations in Paragraph 342.

343.    Paragraph 343 of the Complaint states legal conclusions to which no response is required. To the extent a response may be required, Cargill and CMS deny the allegations in Paragraph 343.

344.    Paragraph 344 of the Complaint states legal conclusions to which no response is required. To the extent a response may be required, Cargill and CMS deny the allegations in Paragraph 344.

345.    Paragraph 345 of the Complaint states legal conclusions to which no response is required. To the extent a response may be required, Cargill and CMS deny the allegations in Paragraph 345.

346.    Paragraph 346 of the Complaint states legal conclusions to which no response is required. To the extent a response may be required, Cargill and CMS deny the allegations in Paragraph 346.

347.    Paragraph 347 of the Complaint states legal conclusions to which no response is required. To the extent a response may be required, Cargill and CMS deny the allegations in Paragraph 347.

## XIV.  REQUEST FOR RELIEF

Cargill and CMS deny that Plaintiff is entitled to any relief whatsoever, including the relief requested in Section XIV of the Complaint.

## XV.   JURY TRIAL DEMANDED

Pursuant to Federal Rule of Civil Procedure 38(b), Cargill and CMS demand a trial by jury on all claims so triable.

## DENIAL

Cargill and CMS deny each and every allegation not specifically admitted herein.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

Cargill and CMS assert the following defenses in response to Plaintiffs' claims, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. Cargill and CMS incorporate

by reference the admissions, allegations, and denials contained in their Answer, and reserve the right to amend this Answer and to assert other defenses as this action proceeds.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted. Cargill and CMS adopt and incorporate by reference all arguments that they raised in the Defendants' joint motion to dismiss and Cargill's and CMS's individual motion to dismiss. To the extent that the Court's rulings have limited or foreclosed any of these defenses, Cargill and CMS continue to plead the defenses to preserve them for appeal.

## SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the Complaint fails to allege how Cargill and/or CMS engaged in anticompetitive activity in furtherance of the alleged conspiracy.

## THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the four-year statute of limitations for Sherman Act claims (15 U.S.C. § 15b).

## FOURTH DEFENSE

To the extent Plaintiffs claim that Cargill and CMS fraudulently concealed any actions, Plaintiffs have failed to allege this fraud with particularity under Federal Rule of Civil Procedure 9(b) and they have failed to adequately allege that they exercised sufficient due diligence to uncover facts in support of their claims.

## FIFTH DEFENSE

Plaintiffs lack standing, including antitrust standing, to bring some or all of their claims.

## SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the alleged injuries and damages, if any, resulted from an intervening or superseding cause. Those intervening and/or superseding causes include, but are not limited to, the conduct of other market participants over which Cargill and CMS had no control and/or events beyond Cargill's and CMS's control such as global pandemics, weather, and changes in applicable laws and regulations.

## SEVENTH DEFENSE

Plaintiffs' claims are barred to the extent the claims or the relief sought are moot.

## EIGHTH DEFENSE

This action is not properly maintainable as a class action under the Federal Rules of Civil Procedure. Among other things, common issues of fact and law do not predominate over individual issues; a class action is not a superior method for adjudicating the purported claims set forth in the Complaint; adjudication on a class basis would be unmanageable; the interests of the purported class members are in conflict with each other; Plaintiffs are not proper class representatives and their claims are not sufficiently typical of the purported class; and Plaintiffs will not fairly and adequately represent the purported class.

## NINTH DEFENSE

The certification and maintenance of this action as a class action would violate Cargill's and CMS's due process rights under the Fifth and Fourteenth Amendments to the United States Constitution and would deny them the right of access to the courts to the extent that the certification and maintenance of a class action would deprive Cargill and CMS of procedural and substantive safeguards and of traditional defenses to liability.

## TENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs seek to impose liability on Cargill and CMS based on the exercise of any person or entity's right to petition federal, state and local legislative bodies, as such conduct is permissible under the *Noerr-Pennington* doctrine and privileged under the First Amendment to the United States Constitution.

## ELEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, unclean hands, and other equitable defenses.

## TWELFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, under the doctrines of collateral estoppel and/or res judicata to the extent that courts have upheld Defendants' conduct alleged in the Complaint.

## THIRTEENTH DEFENSE

Plaintiffs' claims and/or entitlement to damages are barred, in whole or in part, because the damages they seek are too speculative, remote, or difficult to ascertain.

### FOURTEENTH DEFENSE

Plaintiffs did not suffer injury and were not damaged based on any acts alleged in the Complaint that were purportedly traceable to Cargill or CMS.

### FIFTEENTH DEFENSE

Plaintiffs' claims and/or entitlement to damages are barred, in whole or in part, because they have failed to mitigate, prevent or avoid their alleged damages, if any.

### SIXTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent they seek improper multiple damage awards, and damage awards duplicative of those sought in other actions, in violation of the Due Process guarantees of the Fifth and Fourteenth Amendments of the United States Constitution.

### SEVENTEENTH DEFENSE

Plaintiffs' claims and/or entitlement to damages are barred, in whole or in part, by non-settling Defendants' right to offset, including any amount paid to Plaintiff by any Defendants that may settle Plaintiffs' claims in the action.

### EIGHTEENTH DEFENSE

Plaintiffs' claims against Cargill and CMS for damages are barred, in whole or in part, because Plaintiffs would be unjustly enriched if allowed to recover any portion of the damages alleged in the Complaint.

## NINETEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent the contracts pursuant to which they purchased beef contain valid and enforceable arbitration clauses or other terms requiring alternative dispute resolution processes.

## TWENTIETH DEFENSE

Cargill and CMS had independent, legitimate, and self-interested business and economic justifications for their conduct, and they acted unilaterally.

## TWENTY-FIRST DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Cargill's and CMS's actions were authorized or permitted under federal law.

## TWENTY-SECOND DEFENSE

Plaintiffs are not entitled to injunctive or other equitable relief because to the extent Plaintiffs could prove their claims (which Cargill and CMS dispute), Plaintiffs have an adequate remedy at law and any injunctive relief would be improper.

## TWENTY-THIRD DEFENSE

Cargill and CMS adopt and incorporate by references any and all other defenses asserted by any other Defendant to the extent that the defense applies to them.

## RESERVATION OF RIGHTS AND DEFENSES

Cargill and CMS have not knowingly or intentionally waived any applicable defenses and reserve the right to amend this Answer to add, supplement, or modify defenses based upon legal theories that may be or will be divulged through clarification of the Complaint, through discovery, or through further factual or legal analysis of Plaintiffs'

allegations, contentions and positions in this litigation.

## **PRAYER FOR RELIEF**

Wherefore, Cargill and CMS request that Plaintiffs' Complaint be dismissed with prejudice, that the Court find that Plaintiffs are not entitled to any judgment or relief, that the Court enter judgment in favor of Cargill and CMS, and that the Court award Cargill and CMS their attorneys' fees, costs and expenses, pre-judgment interest, and such other further relief as the Court deems just and proper.

Dated:    February 1, 2022

s/ X. Kevin Zhao

X. Kevin Zhao, Reg. No. 0391302
Holley C. M. Horrell, Reg. No. 0399636
Davida S. McGhee, Reg. No. 0400175
**GREENE ESPEL PLLP**
222 S. Ninth Street, Suite 2200
Minneapolis, MN 55402
Tel.: (612) 373-0830
kzhao@greeneespel.com
hhorrell@greeneespel.com
dwilliams@greeneespel.com

Britt M. Miller. (*pro hac vice*)
Matthew Provance (*pro hac vice*)
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600
bmiller@mayerbrown.com
mprovance@mayerbrown.com

William H. Stallings (*pro hac vice*)
MAYER BROWN LLP
1999 K Street, NW
Washington, DC 20006-1101
(202) 263-3338
wstallings@mayerbrown.com

*Counsel for Defendants Cargill, Incorporated and Cargill Meat Solutions Corporation*