UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE CATTLE AND BEEF ANTITRUST LITIGATION<br><br>This document relates to: ALL CASES | Case No. 0:20-cv-1319 (JRT/HB)<br><br>**(Lead Case)** |

### DECLARATION OF HOLLEY C. M. HORRELL IN SUPPORT OF DEFENDANTS' MOTION FOR A PROTECTIVE ORDER REGARDING SUBPOENAED PHONE RECORDS

I, Holley C. M. Horrell, declare, pursuant to 28 U.S.C. § 1746, that:

1. I am a partner with the law firm of Greene Espel PLLP, and we represent Defendants Cargill, Incorporated, and Cargill Meat Solutions Corporation ("Cargill") in the above-entitled matter. I make this Declaration in Support of the Defendants' Motion for a Protective Order Regarding Subpoenaed Phone Records.

2. I am familiar with All Plaintiffs' First Set of Interrogatories to All Defendants served on my client on November 5, 2021. The sole interrogatory asked Defendants to identify without limitation "every cellular, mobile, office, company main number, or work telephone number (including, but not limited to, direct dial and shared numbers) and every telephone service provider used by each Custodian to make, send, or receive a telephone call, text message, or facsimile relating to their work for You" from "January 1, 2012 through the present." In response to the interrogatory, Cargill identified a total of 19 unique landline and mobile telephone numbers. Of the nine cell phone numbers

identified by Cargill, I am informed that at least five of those numbers are or were assigned to mobile devices that were personally owned ("personal numbers").

3. Plaintiffs served subpoenas on AT&T Corp. and Verizon on December 23, 2021 that sought records associated with the numbers identified by Defendants in response to Plaintiffs' interrogatory, as well as some additional numbers. On or about February 1, 2022, AT&T produced nearly 102,000 pages of records in response to Plaintiffs' subpoenas. The records are comprised of different record types for "wireline," "mobility," and "international" calls, each with differing fields. Although the information on each page varies depending on the type of record, the records list an average of about 30 calls or texts per page. At least 100,000 pages appear to contain logs of calls and texts.

4. Included in the records produced by AT&T in response to Plaintiffs' subpoenas are records relating to a personal mobile device for a Cargill employee (B. Brophy, \*\*\*-\*\*\*-2390). AT&T produced 5,455 pages of records for this single number, reflecting approximately 119,771 calls and texts. Excerpts of these records are attached hereto as Exhibit 9 (*Filed Under Seal*). Defendants searched these records for the other Defendants' phone numbers that Plaintiffs included in their subpoenas, and determined that none of those phone numbers that Plaintiffs believe are associated with other Defendants appear on the call and text logs for this personal device.

5. Attached hereto are true and correct copies of documents cited in Defendants' supporting memorandum:

| Exhibit 1 | Notification of Docket Entry (ECF No. 337), *John Gross and Co., Inc., et al. v. Agri Stats, Inc., et al.,* Case No. 1:19-cv-8318 (N.D. Ill. Dec. 7, 2021) |

| Exhibit 2 | Nov. 5, 2021 All Plaintiffs' First Set of Interrogatories to All Defendants |
|---|---|
| Exhibit 3 | Dec. 6, 2021 Cargill, Incorporated and CMS's Confidential Answer to Plaintiffs' First Set of Interrogatories to All Defendants, served Dec. 6, 2021 (*Filed Under Seal*) |
| Exhibit 4 | JBS USA Food Company, Swift Beef Company, JBS Packerland, Inc. and JBS S.A.'s Responses and Objections to All Plaintiffs' First Set of Interrogatories to All Defendants, served Dec. 6, 2021 (*Filed Under Seal*) |
| Exhibit 5 | National Beef Packing Company, LLC's Amended Responses and Objections to All Plaintiffs' First Set of Interrogatories to All Defendants, served Dec. 8, 2021 (*Filed Under Seal*) |
| Exhibit 6 | Tyson Defendants' Objections and Responses to All Plaintiffs' First Set of Interrogatories to All Defendants, served Dec. 6, 2021 (*Filed Under Seal*) |
| Exhibit 7 | Plaintiffs' first set of subpoenas to produce documents issued to AT&T and Verizon on Dec. 23, 2021 (*Filed Under Seal*) |
| Exhibit 8 | Plaintiffs' second set of subpoenas to produce documents issued to AT&T and Verizon on Dec. 23, 2021 (*Filed Under Seal*) |
| Exhibit 9 | Excerpts from documents produced by AT&T Corp. pursuant to Plaintiffs' subpoenas (*Filed Under Seal*) |
| Exhibit 10 | Excerpt of Dec. 8, 2021 – Jan. 20, 2022 email exchange among the parties re: Notice of Third Party Subpoenas (*Filed Under Seal*) |

6. In their disclosures of the subpoenas that they served on Verizon and AT&T, Plaintiffs included lists of each custodian associated with each phone or fax number. Analysis of those lists reveals that Plaintiffs' subpoenas sought records of all calls and texts for 57 custodians and 124 phone numbers.

7. We have confirmed that the personal numbers referenced above in Paragraph 2 (for Cargill) and in the declarations for the other Defendants being filed concurrently were each listed in Plaintiffs' subpoenas.

I declare under penalty of perjury that the foregoing is true and correct.

3

Executed on February 25, 2022, in Minneapolis, Minnesota.

/s/Holley C. M. Horrell
Holley C. M. Horrell