Exhibit 1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| IN RE CATTLE ANTITRUST LITIGATION | Case No. 19-cv-1222-JRT-HB |
| This document relates to: | |
| ALL CASES | |

## TYSON DEFENDANTS' UPDATED INITIAL DOCUMENT CUSTODIAN, NON-CUSTODIAL SOURCE, AND DATE RANGE PROPOSALS PURSUANT TO SECTION V OF ESI PROTOCOL

Defendants Tyson Foods, Inc. and Tyson Fresh Meats, Inc. (collectively, "Tyson") provide the following updated initial document custodian, non-custodial document source, and date range proposals to Cattle Plaintiffs ("Plaintiffs") in the above-captioned proceedings pursuant to Section V of the ESI Protocol (ECF No. 250) and the Court's September 8, 2020 Second Order on Discovery Pending Resolution of Motions to Dismiss (ECF No. 254).[1]

Tyson reserves its right to amend and/or supplement these proposals at any appropriate time if Tyson obtains additional or more accurate information, if it should appear at any time that there are omissions or errors in these proposals or if otherwise appropriate based upon the Court's rulings in this case, including the pending motions to dismiss. Further, in making these proposals, Tyson makes no representations regarding whether it may use any documents, people, or information listed herein in support of its claims or defenses in this matter.

Tyson further makes these proposals based on its understanding of the allegations set forth in Plaintiffs' Second Consolidated Amended Class Action Complaint (ECF No. 125) and Tyson's

---

[1] By making these disclosures, Tyson does not waive any rights, including but not limited to, whether Tyson Foods, Inc. is a proper party and its right to challenge the propriety of Tyson Foods, Inc. as a defendant with discovery obligations and/or the scope of such disclosures. Tyson reserves its right to raise this issue and other objections, privileges, and/or defenses at a later time.

understanding of the information reasonably available to Tyson as of the present date. By making these proposals, Tyson does not waive its right to object to discovery or admissibility of any information described herein on the basis of attorney-client privilege, attorney work product, joint defense privilege, common interest privilege, or any other applicable privilege, law, or rule. Nor does Tyson waive the right to assert any other objection authorized by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or any other applicable law or rule in response to requests for the production of documents, interrogatories, requests for admission, deposition questions, or any other discovery requests involving or relating to the subject matter of these proposals.

Further, Tyson incorporates as if stated in full the objections and responses from Tyson Defendants' Objections and Responses to Plaintiffs' First Set of Requests for Production to All Defendants, dated July 20, 2020 ("Tyson First RFP Responses"), including any amendment and supplementation to Tyson's First RFP Responses.

These proposals are also subject to the Protective Order entered in this case (ECF No. 197) ("Protective Order").

## I.      PROPOSED LIST OF DOCUMENT CUSTODIANS

Tyson proposes that the following persons be considered "document custodians" as that term is used in Tyson's First RFP Responses.  For all of these document custodians, the search will be limited to the time period when they held relevant positions at Tyson Foods or Tyson Fresh Meats.

- Steve Billups

- Randall Chambers

- John Gerber

- 2 -

- Jerry Holbrook

- Kevin Hueser

- Donald Kieffer

- Terry Koertner

- Shane Miller

- Justin Nelson

- Jason Poole

- Kurtis Suther

- Steve Stouffer

- Donnie Smith

- Noel White

- Bradley Brandenburg

- Leah Anderson

## II.   PROPOSED LIST OF NON-CUSTODIAL DOCUMENT SOURCES

- Network shared drives used by employees in the beef business

- Departmental shared laptops used by accounting department for beef business

- SharePoint used by employees in the beef business

- Beef transactions database (includes procurement data)

- Beef sales transactions database

## III.   PROPOSED LIST OF PRODUCTION DATE RANGES

The parties have not met and conferred regarding either scope or custodians and Plaintiffs have acknowledged that "the collection, processing, review, and production of documents has been deferred until after the ruling on Defendants' motions to dismiss." Joint Letter Brief, ECF No. 203,

- 3 -

at 2. As the date range will be driven by considerations of proportionality, which must account for the number of custodians and non-custodial sources to be searched, the volume of data and the search terms and methodologies deployed, Tyson reserves the right to revisit any presumptive or proposed date range after it has determined the burden for each request or search term and after the Court's ruling on the motions to dismiss. In particular, Tyson reserves the right to propose different date ranges for different custodian and non-custodial sources, and reserves the right to revise these proposals in the event that the scope of documents expands beyond the position Tyson set forth in Tyson's First RFP Responses or in response to the Court's rulings, including but not limited to the motions to dismiss.

Tyson proposes the date ranges set forth in the chart below as limited to the proposed custodians and non-custodial sources identified above. To the extent that Plaintiffs propose additional custodians or non-custodial sources, the parties will need to confer on additional custodians and non-custodial sources and whether the proposed date ranges herein should apply to any additional custodians or non-custodial sources agreed upon. With respect to structured data, Tyson proposes January 1, 2014 to June 30, 2020, and will meet and confer regarding subsets of data requested by Plaintiffs based on availability of such data and the specific data's relevance to this litigation.[2] Finally, the meet-and-confer on this subject must also include counsel for Plaintiffs in the related cases, who have requested similar types of data.

---

[2] For the data-related requests in RFP Nos. 2 and 12, Tyson agrees to extend the end date from what was included in Tyson's First RFP Responses (December 31, 2019) to June 30, 2020.

Pursuant to Section V(B)(1)(a)(ii) of the ESI Protocol (ECF No. 250), and subject to the

limitations and objections in Tyson's First RFP Responses, Tyson proposes the following date

ranges on a request-by-request basis:

| No. | Tyson Date Range for Proposed Custodians and Non-Custodial Sources | Tyson First RFP Response |
|---|---|---|
| 1 | **January 1, 2012 – June 30, 2020** | Tyson will produce non-privileged documents and communications sufficient to show its current and former antitrust, commodities, and CME compliance policies relating to its Cattle business. |
| 2 | **January 1, 2014 – June 30, 2020.** Tyson will meet and confer regarding subsets of data requested by Plaintiffs based on availability of such data and the specific data's relevance to this litigation. | Tyson will meet and confer with Plaintiffs about producing any available data sufficient to show its fed cattle purchase data, boxed beef sales data, live cattle futures transaction data, and live cattle options transaction data for the period January 1, 2014 to December 31, 2019 and will further meet and confer with Plaintiffs on producing additional or different data for different time periods. |
| 3 | **January 1, 2014 – June 30, 2020** | Tyson will produce non-privileged documents that it produced to the U.S. Department of Justice, U.S. Government Accountability Office, the USDA, U.S. Commodity Futures Trading Commission, CME, National Futures Association, U.S. Federal Trade Commission, or a states' attorney general in response to a civil investigative demand or other investigative demand to the extent the investigation and the documents relate to whether there was anticompetitive coordination between defendants concerning the procurement or slaughter of fed cattle or manipulation of live cattle futures and/or live cattle options, to the extent not duplicative of documents otherwise produced to Plaintiffs. |
| 4 | **January 1, 2014 – June 30, 2020** | Tyson will produce non-privileged documents constituting or reflecting communications between any Tyson document custodian and any other defendants regarding fed cattle purchases, boxed beef sales, or fed cattle slaughter levels, excluding communications between any person whose responsibilities include monitoring the health, safety, or well-being of animals. |

| 5 | **January 1, 2014 – June 30, 2020** | Tyson will produce non-privileged documents constituting or discussing communications between its document custodians and any fed cattle seller regarding queuing conventions, card drawing, or other bidding procedures referenced in the Complaint. |
|---|---|---|
| 6 | **January 1, 2014 – June 30, 2020** | Tyson will produce non-privileged communications between document custodians who are responsible for trading live cattle futures or options and third parties regarding other defendants' live cattle futures or options trades. |
| 7 | **January 1, 2014 – June 30, 2020** | Tyson will produce non-privileged documents of its document custodians discussing a defendant and that defendant's fed cattle purchases, fed cattle pricing decisions, slaughter plant utilization, live cattle futures transactions, and/or live cattle options transactions. |
| 8 | **January 1, 2012 – June 30, 2020** | Tyson will produce non-privileged documents sufficient to show Tyson Fresh Meat, Inc's policies for setting the pricing or other terms, and/or conditions of fed cattle purchases and any template contracts for fed cattle purchases. |
| 9 | **January 1, 2012 – June 30, 2020** | Tyson will produce non-privileged documents sufficient to show Tyson Fresh Meat, Inc.'s policies for pricing or sales of boxed beef. |
| 10 | **January 1, 2012 – June 30, 2020** | Tyson will produce non-privileged documents sufficient to show Tyson Fresh Meat's policies for CME live cattle futures and live cattle options trading. |
| 11 | **January 1, 2014 – June 30, 2020:** Documents described in item (i) in Tyson's First RFP Responses. Tyson will also produce documents sufficient to show "regularly prepared reports analyzing the supply of fed cattle for slaughter in the United States" for the time period January 1, 2012 - December 31, 2013.<br><br>**January 1, 2012 – June 30, 2020:** Documents described in item (ii) in Tyson's First RFP Responses. | Tyson will produce the following non-privileged materials: (i) regularly prepared reports analyzing the supply of fed cattle for slaughter in the United States, and (ii) documents sufficient to show its forecasts of available supply of fed cattle for slaughter in the United States. |

| 12 | **January 1, 2014 – June 30, 2020:** Documents described in item (i) in Tyson's First RFP Responses. Tyson will meet and confer regarding subsets of data requested by Plaintiffs based on availability of such data and the specific data's relevance to this litigation. **January 1, 2014 – December 31, 2019:** Documents described in item (ii) in Tyson's First RFP Responses. **January 1, 2014 – December 31, 2019:** Documents described in item (iii) in Tyson's First RFP Responses. Tyson will also produce documents sufficient to show "permanent or long-term changes in its fed cattle slaughter plant capacity" for the time period **January 1, 2012 – December 31, 2013**. | Tyson will produce non-privileged (i) documents sufficient to show the number and type of fed cattle slaughtered, processed, and stored at its slaughter and fabrication plants and associated cold storage facilities, for the time period January 1, 2014 to December 31, 2019 and will meet and confer with plaintiffs on producing additional or different data for different time periods, (ii) documents discussing planned shutdowns for maintenance that occurred on a day other than Sunday and that lasted for more than 36 hours, and (iii) documents discussing permanent or long-term changes in its fed cattle slaughter plant capacity. |
|---|---|---|
| 13 | **January 1, 2012 – December 31, 2013** (limited to non-privileged documents sufficient to show any "regularly prepared studies, predictive analyses, reports, white papers, and analytics" specified in Tyson's First RFP Responses) **January 1, 2014 – June 30, 2020** (for documents specified to be produced in Tyson's First RFP Responses) | Tyson will produce non-privileged regularly prepared studies, predictive analyses, reports, white papers, and analytics received by Tyson's current or former directors, officers, or executives and used to determine Tyson's fed cattle purchases, fed cattle pricing, boxed beef sales, live cattle futures transactions, and/or live cattle options transactions. |
| 14 | **January 1, 2012 – December 31, 2013** (limited to non-privileged documents sufficient to show any "regularly prepared studies, reports, and high-level strategy documents" specified in Tyson's First RFP Responses) **January 1, 2014 - June 30, 2020** (for documents specified to be produced in Tyson's First RFP Responses) | Tyson will produce non-privileged regularly prepared studies, reports, and high-level strategy documents reviewed by Tyson executives analyzing correlations between fed cattle pricing and supply and demand for fed cattle, boxed beef, live cattle futures, and live cattle options. |
| 15 | **January 1, 2012 – June 30, 2020** | Tyson states that it will produce policies, if any, sufficient to show the means of communications |

| | | |
|---|---|---|
| | | Tyson Fresh Meat, Inc. employees may or may not use. Plaintiffs may also refer to the documents produced in response to other requests to determine the methods of communications or issue an interrogatory on this topic at the appropriate time. |
| 16 | **January 1, 2014 – June 30, 2020** | Tyson will produce non-privileged meeting announcements, agendas, and minutes for National Cattlemen's Beef Association, U.S. Meat Export Federation, Global Roundtable for Sustainable Beef, U.S. Roundtables for Sustainable Beef, and North American Meat Institute meetings attended by Tyson employees identified in Part I.6 to its June 12, 2020 Disclosure Pursuant to Order Regarding Discovery Pending Resolution of Motions to Dismiss. |
| 17 | Tyson stands on its objections and refusal to produce documents in response to this request. Without waiving Tyson's objections and subject to Tyson's proposals "to meet and confer regarding an appropriate scope (e.g., perhaps in connection with future requests for production at an appropriate time)," Tyson proposes the following date range for any documents to be produced: **January 1, 2014 – December 31, 2019**. | Tyson declines to produce any documents in response to this request but agrees to meet and confer regarding an appropriate scope (e.g., perhaps in connection with future requests for production at an appropriate time). |
| 18 | See the above comment in Request No. 2, as Tyson proposes that the date range agreed to regarding data-related requests should apply to this request, as well. | Tyson will produce any responsive documents only after further discussions with Plaintiffs with respect to Request No. 2 and an identification of an appropriate scope sufficient to identify appropriate databases and records. |
| 19 | **January 1, 2014 – June 30, 2020** | Tyson will produce non-privileged documents and communications that discuss a named plaintiff (as of June 19, 2020) in the above-captioned case. |
| 20 | Tyson stands on its objections and refusal to produce documents in response to this request. Without waiving Tyson's objections to this request, Tyson incorporates by reference its Proposed Date Ranges served in the related cases. | Tyson declines to produce documents in response to this request. If there are specific *Peterson* discovery requests that Plaintiffs feel are relevant to this case, Plaintiffs should consider serving them at the appropriate time. |

Date:  September 16, 2020

Respectfully submitted,

*/s/ David P. Graham*
David P. Graham (0185462)
**DYKEMA GOSSETT, PLLC**
4000 Wells Fargo Center
90 South 7th Street
Minneapolis, MN 55402
Tel: (612) 486-1521
dgraham@dykema.com

Jon B. Jacobs
Jeremy C. Keeney
**PERKINS COIE LLP**
700 13th Street, NW, Suite 800
Washington, DC 20005
Tel: (202) 654-1758
jbjacobs@perkinscoie.com
jkeeney@perkinscoie.com
*Admitted Pro Hac Vice*

Susan E. Foster
Ulrike B. Connelly
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101
Tel:  (206) 359-8846
sfoster@perkinscoie.com
uconnelly@perkinscoie.com
*Admitted Pro Hac Vice*

*Counsel for Tyson Foods, Inc. and Tyson Fresh
Meats, Inc.*