# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| *IN RE CATTLE AND BEEF ANTITRUST LITIGATION*<br><br>This Document Relates to: ALL CASES | Case No. 20-cv-1319 (JRT/HB)<br><br>**AMENDED[1] ORDER REGARDING CASE MANAGEMENT CONFERENCES** |

HILDY BOWBEER, United States Magistrate Judge

The undersigned will hold case management conferences by ZOOMGOV video technology in this matter. *The conferences do not relieve counsel of the obligation to meet and confer in good faith to resolve or narrow disputes without the need for the Court's assistance.*

In preparation for the conference, counsel for the parties must meet and confer about the issues to be discussed and must file on CM/ECF, on the due dates set forth below, a joint agenda that must (1) briefly describe and prioritize the matters to be discussed, (2) identify the attorneys who will attend the conference for each party or group of parties, and (3) specify which of those attorneys are expected to speak to which agenda items or issues on behalf of which party or group of parties. Counsel must notify the Court **by 10:00 a.m. Central time** the morning of the conference of

---

[1] This Order amends the prior Order Regarding Case Management Conferences [ECF No. 295] by adding a case management conference to be held on May 4, 2022 and deleting references to conferences already held.

any changes or additions in attendance or anticipated speaking roles from those identified in the joint agenda. Any counsel who do not notify the Court by that time of their intention to attend the conference may not have their appearance noted. Counsel who may be speaking (other than to identify themselves) must attend by video; others who wish their appearances noted but will not be speaking may attend by video or audio.

Absent extraordinary circumstances, the Court will not entertain matters at the case management conference about which the parties have not met and conferred in advance and included on the agenda. The Court expects the parties to be transparent with each other in preparation for the conference. Sandbagging and ambushing will not be tolerated.

Each party or group of parties must also file update letters that track the agenda and describe progress made in discovery and other case activities, and that briefly apprise the Court of that party or group's position or perspective on any agenda items as to which there may be a dispute but which are not yet ripe for submission to the Court through motion practice or the IDR process. Groups are encouraged to collaborate with each other where possible on their update letters to avoid duplication, perhaps through the submission of a joint letter that addresses matters as to which they have a common perspective, with separate sections or shorter, supplemental letters to cover updates or positions that are specific to a particular party or group of parties. *The conference does not relieve counsel of the*

*obligation to meet and confer in good faith to resolve or narrow disputes without the need for the Court's assistance.*

The Court is willing to hear disputes through its IDR process at this case management conference, subject to the time available in view of other matters on the agenda. The IDR process will be described in the upcoming Pretrial Scheduling Order. *The agenda submitted by the parties for the case management conference must clearly identify any dispute as to which the parties have agreed to seek a decision at the conference through the IDR process.* The parties' IDR position letters must be filed in accordance with the deadlines set forth below; the content and length must be in compliance with the requirements set forth in the Pretrial Scheduling Order. Absent leave of Court, which must be sought in advance, a party or party group seeking relief on more than one issue may only file a single position letter, which must cover all matters on which they seek relief. If the dispute is common to more than one party or group, they must collaborate on a single letter in support of or in opposition to the request for relief. Exhibits should be kept to a minimum, and include only what is necessary for the Court to understand and address the dispute. Pleadings, orders, and voluminous documents that were previously filed in this matter may be cited by docket number and should not be attached.

If after review of the letters the Court determines there will not be adequate time at the case management conference to address the dispute/s, the Court will confer with the parties to schedule a separate IDR conference call or calls.

The case management conferences will take place on the following dates, and the following deadlines will govern submissions for each conference:

1. **May 4, 2022, at 1:00 p.m. CT**

    Joint agenda due:  **April 27, 2022, by 5:00 p.m. CT**

    IDR "moving party" letters due:  **April 28, 2022, by 5:00 p.m. CT**

    IDR "responding party" letters due:  **May 2, 2022, by 5:00 p.m. CT**

    Update letters due:  **May 3, 2022, by 5:00 p.m. CT**

2. **June 8, 2022, at 1:00 p.m. CT**

    Joint agenda due:  **June 1, 2022, by 5:00 p.m. CT**

    IDR "moving party" letters due:  **June 2, 2022, by 5:00 p.m. CT**

    IDR "responding party" letters due:  **June 6, 2022, by 5:00 p.m. CT**

    Update letters due:  **June 6, 2022, by 5:00 p.m. CT**

**IT IS SO ORDERED.**

Dated: April 4, 2022     s/*Hildy Bowbeer*
HILDY BOWBEER
United States Magistrate Judge