# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| *IN RE CATTLE AND BEEF ANTITRUST LITIGATION*<br><br><br>This document relates to: All Actions | Case No. 0:20-cv-01319 (JRT/HB)<br><br>Hon. John R. Tunheim<br><br>Magistrate Judge Hildy Bowbeer<br><br>**ORAL ARGUMENT REQUESTED** |

## NON-PARTY MARFRIG GLOBAL FOODS S.A.'S CORRECTED OPPOSITION TO PLAINTIFFS' MOTION FOR ISSUANCE OF LETTER OF REQUEST

Dated:  April 15, 2022

Leonid Feller, P.C. (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
191. N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7484
Facisimile: (312) 705-7401
E-Mail: leonidfeller@quinnemanuel.com

*Attorney for Non-Party Marfrig Global Foods, S.A.*

07680-00029/13320079.1

# **TABLE OF CONTENTS**

**Page**

BACKGROUND ................................................................................................................ 2

ARGUMENT .................................................................................................................... 4

I. This Court Should Employ Heightened Scrutiny Where Brazil Has Declared That It Will Not Execute Letters of Request For Pre-trial Discovery Under The Hague Convention. ................................................................ 4

II. The Five Factors Considered In Evaluating Hague Convention Requests Establish That The Letter Of Request Should Not Issue HERE. ....................... 6

    A. The Requested Documents Are Not Important to the Litigation. ............... 6

    B. The Document Requests Are Overly Broad and Not Specific. ................... 9

    C. Plaintiffs Concede That Many Of The Documents May Originate In The United States And May Be Obtained Through Alternate Means. .............. 11

    D. Important Interests of Both Countries Weigh Against Issuance. ............... 12

III. Ordinary Course Discovery Principles Establish That These Requests Are Overbroad, Unduly Burdensome, And Not Relevant To Any Claim Or Defense In This Action. ................................................................................... 12

CONCLUSION .............................................................................................................. 13

# **TABLE OF AUTHORITIES**

**Page(s)**

## **Cases**

*Am. Ins. Co. v. St. Jude Medical, Inc.*,
   No. 08-0013(DSD/JJG), 2009 WL 10678836 (D. Minn. Dec. 18, 2009) .......... 13

*Bigham v. R&S Heating & Air Conditioning, Inc.*,
   No. 14-1357(DWF/BRT), 2021 WL 4622240 (D. Minn. Oct. 7, 2021) ............ 10

*Cardiovascular Sys., Inc. v. Cardio Flow, Inc.*,
   No. 0:18-cv-1253-SRN-KMM, 2020 WL 6262378 (D. Minn. May 6, 2020) .................................................................................................................. 5

*Donaldson Co., Inc. v. Fleetguard, Inc.*,
   No. 04-2680(DWF/JSM), 2005 WL 8163190 (D. Minn. Aug. 19, 2005) ......... 10

*Gordon v. Sappi North Am., Inc.*, No. 20-cv-1167(PJS/LIB),
   2021 WL 6763719 (D. Minn. Feb. 24, 2021) .................................................. 10

*In re Baycol Prods. Litig.*,
   348 F. Supp. 2d 1058 (D. Minn. 2004) .............................................................. 6

*Ingenico Inc. v. Iogengine, LLC*,
   No. 18-826-WCB, 2021 WL 765757 (D. Del. Feb. 26, 2021) ..................... 8, 10

*Misc. Docket Matter #1 v. Misc. Docket Matter #2*,
   197 F.3d 922 (8th Cir. 1999) ........................................................................... 13

*Richards v. University College Aberystwyth*,
   No. 04-0073ADMAJB, 2005 WL 839100 (D. Minn. Apr. 12, 2005) ................ 8

*Société Nationale Industrielle Aérospatiale v. United States District Court for Southern District of Iowa*,
   482 U.S. 522 (1987) ....................................................................................... 4-5

*Thomas v. Wells Fargo Bank, N.A.*,
   No. 19-cv-482(ECT/TNL), 2021 WL 4099894 (D. Minn. Sept. 9, 2021) ......... 12

*Vallejo v. Amgen, Inc.*,
   903 F.3d 733 (8th Cir. 2018) ........................................................................... 12

*WWP, Inc. v. Wounded Warriors Family Support, Inc.*,
   628 F.3d 1032 (8th Cir. 2010) ...................................................................... 9-10

**Rules**

Fed. R. Civ. P. 26(b)(1) ................................................................................... 13

**Other Authorities**

Hague Evidence Convention ....................................................................... *passim*

Plaintiffs' motion to issue a letter of request to Marfrig Global Foods S.A. ("Marfrig") in Brazil under the Hague Evidence Convention (hereafter, "Hague Convention") should be denied for at least three independent reasons.

***First***, while Brazil is a party to the Hague Convention, it has expressly declared pursuant to Article 23 of the Convention that it will ***not*** execute letters of request for pre-trial discovery (as Plaintiffs do or should know).  As such, this motion is subject to heightened scrutiny under applicable law.  As a practical matter, even if the Court issues the letter of request, Plaintiffs proffer no reason to believe that it will ever be executed.  To the contrary, Brazil's adoption of Article 23 makes clear that it would not be.  This motion, therefore, needlessly wastes the resources of the parties, the Court, and non-party Marfrig and is likely to lead to unnecessary delay in the underlying litigation.

***Second***, each of the five factors that courts consider in evaluating a motion under the Hague Convention weighs heavily against this letter of request being issued.  The documents sought have no relevance to the litigation, and Plaintiffs have proffered no possible theory under which they could ever be admitted even if they were relevant.  Far from the specificity required under the Hague Convention, Plaintiffs' requests are hopelessly overbroad.  Plaintiffs concede that many of the documents they seek may originate in the United States and might well be in the possession of National Beef Packing Company, LLC ("National Beef"), a party to

this litigation, meaning there is no legitimate justification for burdening non-party Marfrig with an extraterritorial discovery request. And given all of the foregoing, issuing the letter of request would serve no important interest of the United States.

***Third***, all else aside, and under ordinary principles of non-party discovery, these requests are overbroad, unduly burdensome, and not relevant to the litigation. Non-party Marfrig should not be burdened with the requested discovery.

In sum, Plaintiffs' motion for a letter of request is a prototypical fishing expedition, seeking to obtain proprietary and confidential business records of a foreign corporation that would not further this litigation but, instead, would stall it. While Plaintiffs provide platitudes and generalities about why the letter of request should issue, these are insufficient to justify the overly broad requests for documents from a foreign entity located outside of the United States. Plaintiffs have fallen far short of their burden to establish that the letter of request should issue pursuant to the Hague Convention. Marfrig respectfully requests that the Court deny Plaintiffs' Motion for Issuance of Letter of Request [Dkt. No. 513].

## BACKGROUND

Plaintiffs broadly assert a purported conspiracy among the defendants to suppress the price of fed cattle and drive up the price of beef "from at least January 2015 until the present." (Consumer Indirect Purchaser Plaintiffs' Fourth Amended Class Action Complaint [Dkt. No. 259] at 1.)

Marfrig initially was named as a defendant in *Ranchers Cattlemen Action Legal Fund United Stockgrowers of America et al. v. Tyson Foods, Inc. et al.* on May 7, 2019.  [Case No. 19-cv-1222-JRT-HB Dkt. No. 1]  After Marfrig filed a motion to dismiss [Dkt. No. 111], Plaintiffs stipulated to the voluntary dismissal of Marfrig on October 17, 2019.  [Dkt. No. 126.]

Marfrig was named as a defendant in these consolidated cases a second time on December 28, 2020 in *Kenneth Peterson et al. v. AgriStats, Inc., et al*.  [Case No. 19-cv-01129-JRT-HB Dkt. No. 237.]  Plaintiffs stipulated to Marfrig's voluntary dismissal a second time on January 14, 2021.  [Dkt. No. 252.]

Thus, while National Beef is a defendant in these cases, Marfrig is not.  Among other reasons, this is because it is undisputed that Marfrig did not acquire a controlling interest in National Beef until 2018, three years ***after*** the inception of the alleged conspiracy.  (Mem. at 1 [Dkt. No. 516].)

Prior to filing its motion, Plaintiffs initially sought four categories of documents from Marfrig, including documents such as National Beef's financial statements and annual reports.  (Mem. at 4-5 [Dkt. No. 516].)  After Marfrig pointed out to Plaintiffs that such documents could and should be obtained pursuant to standard documents requests to National Beef, a party to the case, rather than a non-party like Marfrig, Plaintiffs abandoned two of the four requests.

The remaining two categories of documents now sought by Plaintiffs fare no better. Plaintiffs seek:

- Documents showing Marfrig's prospective and retrospective assessment of its 2018 acquisition of National Beef Packing Company, LLC, including financial projections and evaluations of National Beef's financial health.

- Documents showing Marfrig's assessment of the United States market for fed cattle and beef from 2015 to the present.

[Dkt. No. 517-4 at 20.] As described below, no letter of request should issue with regard to either request.

## ARGUMENT

### I. THIS COURT SHOULD EMPLOY HEIGHTENED SCRUTINY WHERE BRAZIL HAS DECLARED THAT IT WILL NOT EXECUTE LETTERS OF REQUEST FOR PRE-TRIAL DISCOVERY UNDER THE HAGUE CONVENTION.

The leading Supreme Court case with regard to obtaining pre-trial discovery from a foreign entity pursuant to the Hague Convention is *Société Nationale Industrielle Aérospatiale v. United States District Court for Southern District of Iowa*, 428 U.S. 522 (1987). There, the Supreme Court held as follows: "American courts, in supervising pretrial proceedings, should exercise special vigilance to protect foreign litigants from the danger that unnecessary, or unduly burdensome, discovery may place them in a disadvantageous position." *Id.* at 546. "Judicial supervision of discovery should always seek to minimize its costs and inconvenience and to prevent improper uses of discovery requests." *Id.* "[T]he district court must

supervise pretrial proceedings particularly closely to prevent discovery abuses." *Id.* "Objections to 'abusive' discovery that foreign litigants advance should therefore receive the most careful consideration." *Id.* "A Court may deny a motion for letters rogatory if there is a good reason to deny the request." *Cardiovascular Sys., Inc. v. Cardio Flow, Inc.*, No. 0:18-cv-1253-SRN-KMM, 2020 WL 6262378, at *3 (D. Minn. May 6, 2020).

Applying these strict standards, Plaintiffs' motion should be denied. Although Brazil is a party to the Hague Convention, it has chosen to exercise its prerogative under Article 23 ***not*** to exercise letters of request for pre-trial discovery. (*See* Official Hague Convention website, https://www.hcch.net/en/states/authorities/details3/?aid=992, attached hereto as Exhibit A.) Article 23 provides:

> A Contracting State may at the time of signature, ratification or accession, declare that it will not execute Letters of Request issued for the purpose of obtaining pre-trial discovery of documents as known in Common Law countries.

(Hague Convention Article 23.) Thus, while Brazil has adopted the Hague Convention, it has done so in conjunction with a declaration under Article 23, meaning that it will not execute letters of request for pre-trial discovery. (Hague Convention website*, https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=1223&disp=resdn,* attached hereto as Exhibit B (obtained via "full exclusion" hyperlink on Exhibit A.) Under such circumstances, issuing a

letter of request to a nation that does not recognize it would serve no salutary purpose.

## II. THE FIVE FACTORS CONSIDERED IN EVALUATING HAGUE CONVENTION REQUESTS ESTABLISH THAT THE LETTER OF REQUEST SHOULD NOT ISSUE HERE.

Plaintiffs correctly identify the five factors that the Court should consider in deciding this motion but incorrectly apply them. (Mem. at 7 [Dkt. No. 516].) The factors are as follows: "1) the importance of the documents to the litigation; 2) the degree of specificity of the request; 3) whether the information originated in the United States; 4) the availability of alternate means of securing the information; and 5) the extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine important interests of the state where the information is located." *In re Baycol Prods. Litig.*, 348 F. Supp. 2d 1058, 1059 (D. Minn. 2004). As set forth below, each weighs against granting Plaintiffs' request.

### A. The Requested Documents Are Not Important to the Litigation.

First, these documents are not important to the litigation. Plaintiffs contend that "[d]ocuments showing Marfrig's evaluation of its National Beef acquisition and the U.S. cattle and beef markets, which may include both internal and external communications concerning these issues, will shed valuable light on the conspiracy and the truth or falsity of National Beef's public statements." (Mem. at 8 [Dkt. No.

516].) Not so. Any evaluation of the U.S. cattle and beef market from Marfrig, which is *not* a defendant in the case, has no bearing on any antitrust or conspiracy allegations, any more than the evaluation of any other foreign beef producer worldwide. Nor could Marfrig's views about the U.S. market (or anything else)—which are hearsay without exception—ever be admissible. Similarly, Marfrig's "assessment" of whether to invest in National Beef as a "prospective" matter or any post-investment "retrospective" analysis have nothing to do with the conspiracy allegations in the complaint, a conspiracy which allegedly began three years *before* Marfrig acquired National Beef. Similarly, baseless and unsupported allegations that "National Beef spoke through Marfrig executives"—besides being nonsensical (how could a subsidiary ever speak through a parent)—have no connection to the categories of documents actually set out in the letter of request. (*Id.* at 1.) To the extent Plaintiffs seek National Beef communications, directed to Marfrig or anyone else, they can be sought and obtained *from National Beef* (to the extent otherwise appropriate under ordinary rules of discovery).

Plaintiffs' Memorandum in support of its motion further confirms that there is no concrete or justified need to seek these documents from Marfrig. There is no reason to believe that documents in the two categories requested would "contain valuable information about National Beef's participation in the conspiracy." (Mem.

at 2 [Dkt. No. 516].) That is a conclusory statement that cannot sustain the heightened scrutiny applied to letters of request.

Stated bluntly, these requests are a vast overreach to try to obtain Marfrig's confidential transactional files and internal information regarding an entire American industry, and are designed to harass a foreign company. That is not what the Hague Convention either was intended to do or allows. *See Richards v. University College Aberystwyth*, No. 04-0073ADMAJB, 2005 WL 839100, at *2 (D. Minn. Apr. 12, 2005) (upholding magistrate judge's denial of petition for letters of request because "the Petition is couched in vague terms," leaving the impression that it was a "fishing expedition"); *see also Ingenico Inc. v. Iogengine, LLC*, No. 18-826-WCB, 2021 WL 765757, at *3 (D. Del. Feb. 26, 2021) (declining to issue letter of request where, *inter alia*, the plaintiff made only conclusory and vague explanations of relevance).

In sum, Plaintiffs have failed to explain how the requested documents have any relevance to the allegations in the case; conclusory allegations do not suffice. *See Ingenico*, 2021 WL 765757, at *3 (denying letter of request where, *inter alia*, the plaintiff made only conclusory and vague explanations of relevance). Plaintiffs' motion should be denied.

### B. The Document Requests Are Overly Broad and Not Specific.

Second, the requests are not specific. The first category of requested documents seeks some amorphous "assessment" of Marfrig's 2018 investment in National Beef—both prospectively and retrospectively. [Dkt. No. 517-4 at 20.] There is no limitation whatsoever on what constitutes an "assessment"—a formal report, an informal memorandum, a stray e-mail? To respond literally, Marfrig would be required to identify every Marfrig employee who had any connection to National Beef and review every one of those employees' documents over a multi-year period. The request is hopelessly overbroad on its face.

The second category of requested documents is equally vague and impermissibly broad. It seeks all "[d]ocuments showing Marfrig's assessment of the United States market for fed cattle and beef from 2015 to the present." [Dkt. No. 517-4 at 20.] Again, what would constitute an "assessment" of the American beef industry by one of the world's largest beef companies is a patently overbroad and vague request. Potential custodians would include not only employees who dealt with National Beef but every employee who had any connection to the United States market.

Aside from the breadth of the subject matter, requests for "all documents" on broad topics like these routinely are held to be impermissible as a general matter. *See, e.g., WWP, Inc. v. Wounded Warriors Family Support, Inc.*, 628 F.3d 1032,

1039 (8th Cir. 2010); *Bigham v. R&S Heating & Air Conditioning, Inc.*, No. 14-1357 (DWF/BRT), 2021 WL 4622240, at *3 (D. Minn. Oct. 7, 2021); *Gordon v. Sappi North Am., Inc.*, No. 20-cv-1167 (PJS/LIB), 2021 WL 6763719, at *5 (D. Minn. Feb. 24, 2021); *Donaldson Co., Inc. v. Fleetguard, Inc.*, No. 04-2680 (DWF/JSM), 2005 WL 8163190, at *20 (D. Minn. Aug. 19, 2005). This is true in the context of requests made pursuant to the Hague Convention as well. *Ingenico*, 2021 WL 765757, at *4 (finding request for "all documents" was overly broad and a needlessly "sweeping document request).

The problem is compounded by the time periods at issue. Despite Plaintiffs' claim that "[e]ach request identifies a relevant time period," that is only half-true, and does not help Plaintiffs' position. The first request has no time limitation at all: it seeks all documents relating to any "assessment" of Marfrig's 2018 acquisition of National Beef. It seeks documents before the transaction ("prospective") and after ("retrospective") with no limitation. With regard to the second request, there is at least a specified time period but it is so broad that it confirms that the request is not reasonable, particularly as regards a non-party: 7 years, "from 2015 to the present." That is not a narrow request at all.

Plaintiffs cannot save these overly broad requests by contending that "[i]f any portion of this Letter of Request is deemed unacceptable under the laws of Brazil, please disregard that portion, and continue to comply with as much of the Letter of

Request is legally permissible." [Dkt. No. 517-4 at 20.] Even putting aside the Article 23 prohibition on pre-trial discovery of any kind, Brazil expressly will not "blue-pencil" letters of request meaning, for example, that its courts will not "rephrase, restructure and/or strike out objectionable questions or offensive wording so that a Letter of Request may be executed under the laws of the requested State." (Ex. A, *https://www.hcch.net/en/states/authorities/details3/?aid=992*.) Any argument that the Brazilian court should be the one to determine the proper scope of these facially overbroad requests should be rejected. Plaintiffs fail to satisfy both United States discovery law and the Hague Convention regarding specificity.

    **C.    Plaintiffs Concede That Many Of The Documents May Originate In The United States And May Be Obtained Through Alternate Means.**

As to the third and fourth factors, the reason given for seeking these documents is the nonsensical allegation that National Beef executives purportedly "spoke through Marfrig executives." (Mem. at 1 [Dkt. No. 516].) Plaintiffs are free to seek discovery on this issue from National Beef and responsive documents, if any, necessarily would be in National Beef's possession, custody or control. Further, to the extent such documents exist (they do not to Marfrig's knowledge), they would have been transmitted to or from the United States. Indeed, Plaintiffs concede that "discovery may ultimately reveal … that National Beef possesses some unknown subset of the documents Plaintiffs intend to request from Marfrig." (Mem. at 2 [Dkt.

No. 516].) There is no possible justification for permitting discovery of a foreign non-party when Plaintiffs admit that the same materials, to the extent they exist at all, can be obtained from a party to the litigation.

### D. Important Interests of Both Countries Weigh Against Issuance.

For all of the reasons set forth above, Marfrig vigorously will contest enforcement of any letter of request in Brazilian courts. The United States has an interest in not burdening foreign corporations with unnecessary discovery requests or foreign courts with baseless discovery demands. Plaintiffs acknowledge that litigating this matter in Brazil will take at least 10 months; Marfrig predicts it could take far longer. There is no reason for this Court to countenance proceedings in Brazil further delaying this litigation, which already has gone on for three years. The interests of all courts therefore weighs against issuance.

### III. ORDINARY COURSE DISCOVERY PRINCIPLES ESTABLISH THAT THESE REQUESTS ARE OVERBROAD, UNDULY BURDENSOME, AND NOT RELEVANT TO ANY CLAIM OR DEFENSE IN THIS ACTION.

In all cases, "[a] court can—and must—limit proposed discovery that is not proportional to the needs of the case." *Thomas v. Wells Fargo Bank, N.A.*, No. 19-cv-482 (ECT/TNL), 2021 WL 4099894, at *5 (D. Minn. Sept. 9, 2021), *quoting Vallejo v. Amgen, Inc.*, 903 F.3d 733, 742 (8th Cir. 2018). Considerations bearing on proportionality include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the

parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). A court should give special consideration to the "concern for the unwanted burden thrust upon non-parties.'" *Am. Ins. Co. v. St. Jude Medical, Inc.*, No. 08-0013 (DSD/JJG), 2009 WL 10678836, at *3 (D. Minn. Dec. 18, 2009), *quoting Misc. Docket Matter #1 v. Misc. Docket Matter #2*, 197 F.3d 922, 927 (8th Cir. 1999).

As set forth above, these requests are hopelessly overbroad. They are unduly burdensome. And they are not relevant to any claim or defense in this action. Given the extreme caution with which courts must consider requests for non-party discovery, much less *foreign* non-party discovery under the Hague Convention, Plaintiffs' requests do not withstand scrutiny.

## CONCLUSION

For all of these reasons, non-party Marfrig Global Foods S.A. respectfully requests that this Court deny Plaintiffs' Motion for Issuance of Letter of Request [Dkt. No. 513] and grant Marfrig Global Foods S.A. all other just relief.

DATED:  April 15, 2022 */s/  Leonid Feller*
Leonid Feller, P.C. (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
191. N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7484
Facisimile: (312) 705-7401
E-Mail: leonidfeller@quinnemanuel.com

*Attorney for Non-Party Marfrig Global Foods, S.A.*