UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE CATTLE AND BEEF ANTITRUST LITIGATION | Case No. 0:20-cv-01319 JRT-HB |
| This Document Relates To:<br><br>IN RE DPP BEEF LITIGATION | |

**MEMORANDUM OF LAW IN SUPPORT OF DIRECT PURCHASER PLAINTIFFS' MOTION FOR ESTABLISHMENT OF A LITIGATION FUND TO COVER CURRENT AND FUTURE LITIGATION EXPENSES**

**TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................1
II. BACKGROUND ....................................................................................................3
III. ARGUMENT .........................................................................................................5
   A. Counsel for DPPs Should be Reimbursed for Reasonable Out-Of-Pocket Expenses Incurred in Pursuing this Litigation..........................................................................5
   B. A Portion of the Settlement Fund Should be Set Aside for Future Litigation Expenses ................................................................................................................7
IV. CONCLUSION ....................................................................................................10

# **TABLE OF AUTHORITIES**

**Cases**                                                                                             **Page(s)**

*Auto Parts*,
  2016 WL 9459355 (E.D. Mich. Nov. 29, 2016) ............................................................. 9

*In re California Micro Devices Sec. Litig.*,
  965 F. Supp. 1327 (N.D. Cal. 1997) ......................................................................... 11

*In re Linerboard Antitrust Litig.*,
  292 F.Supp.2d 631 (E.D. Pa. 2003) ........................................................................... 2

*In re Pressure Sensitive Labelstock Antitrust Litig.*,
  584 F. Supp. 2d 697 (M.D. Pa. 2008) ...................................................................... 11

*In re Transpacific Passenger Air Transp. Antitrust Litig.*,
  No. 07-5634, 2015 WL 3396829 (N.D. Cal. May 26, 2015) ................................. 10, 11

*In re Zurn Pex Plumbing Prod. Liab. Litig.*,
  No. 08-1958 (ADM/AJB), 2013 WL 716460 (D. Minn. Feb. 27, 2013) ........................ 7

*Khoday v. Symantec Corp.*,
  No. 11-cv-180 (JRT/TNL), 2016 WL 1637039 (D. Minn. April 5, 2015) .................. 7, 8

*Krueger v. Ameriprise Fin., Inc.*,
  No. 11-2781, 2015 WL 4246879 (D. Minn. July 13, 2015) ......................................... 6

*Newby v. Enron Corp.*,
  394 F.3d 296 (5th Cir. 2004) .................................................................................. 10

*Yarrington v. Solvay Pharm., Inc.*,
  697 F.Supp.2d 1057 (D. Minn. 2010) ........................................................................ 7

**Rules**

Fed. R. Civ. P. 23 .......................................................................................................... 6

Fed. R. Civ. P. 23(h) and 54(d)(2) .............................................................................. 2, 5

ii

**I.     INTRODUCTION**

Direct Purchaser Plaintiffs ("DPPs"),[1] along with classes of Cattle Ranchers, Commercial Indirect Purchasers and Consumer Indirect Purchasers, and now Direct Action plaintiffs, allege Defendants, some of the world's largest meat processing and packing companies, conspired in violation of the antitrust laws. DPPs allege that Defendants conspired to suppress the price paid to ranchers for cattle and artificially fix, stabilize, or increase the price charged for beef in the United States. Defendants JBS, Cargill, National Beef, and Tyson[2] collectively controlled approximately 81-85% of the domestic cattle processed (or slaughtered) in the United States during the relevant period. After nearly two years of hard-fought litigation, including overcoming multiple motions to dismiss, and extensive settlement negotiations spanning months and overseen by an experienced mediator, DPPs reached an ice-breaker settlement with Defendant JBS. That settlement results in monetary compensation of $52.5 million and extensive cooperation to be used by DPPs in prosecuting the action against the remaining Defendants. This settlement is the first settlement by ***any*** direct action plaintiff or plaintiff group in this litigation. On March 31, 2022, the Court granted preliminary approval of the settlement. ECF No. 494.

Now, having secured preliminary approval of the settlement, DPP Counsel seek court approval to use a portion of the settlement fund to cover current and future expenses,

---

[1] As used herein, "DPPs" means Howard B. Samuels solely in his capacity as Chapter 7 trustee for the bankruptcy estate of Central Grocers, Inc.; R&D Marketing, LLC; and Redner's Markets, Inc.
[2] Defendants are JBS S.A., JBS USA Food Company, Swift Beef Company, JBS Packerland, Inc., Cargill, Inc., Cargill Meat Solutions Corporation (a/k/a Cargill Protein), National Beef Packing Company, Tyson Foods, Inc., and Tyson Fresh Meats, Inc.

which will be used to pursue the litigation against the remaining Defendants. This fund will help DPP counsel to navigate the inherently risky and costly matter ahead.

Antitrust class actions are "arguably the most complex action to prosecute" as the "legal and factual issues involved are always numerous and uncertain in outcome." *In re Linerboard Antitrust Litig.,* 292 F.Supp.2d 631, 639 (E.D. Pa. 2003). This case is no exception. DPP Counsel have zealously prosecuted this action for years without payment while Defendants have mounted vigorous defenses. In that time, DPP counsel have dedicated thousands of hours of time and incurred more than $181,821 in out-of-pocket expenses. As the litigation proceeds against the non-settling Defendants, DPP Counsel will devote significantly more resources, both in terms of attorney time and expenses. As communicated in the Court-approved class notice, and pursuant to Rules 23(h) and 54(d)(2) of the Federal Rules of Civil Procedure, DPPs submit this memorandum in support of their request for the establishment of a $5 million litigation fund to pay for current and future litigation expenses.[3] Any remainder of that amount following the conclusion of the case would automatically revert to the benefit of the class and be distributed to qualified claimants. As discussed further *infra*, courts regularly approve motions to establish a fund to cover future litigation costs.

---

[3] Direct Purchaser Plaintiffs are not, at this time, seeking attorneys' fee or service awards for the named plaintiffs, but intend to do so in the future as indicted in their motion for preliminary approval. Exhibit A to Gustafson Decl., Settlement Agreement Between Direct Purchaser Class Plaintiffs and JBS Defendants ("Settlement Agreement") ¶ 13.

## II.     BACKGROUND

In June and July of 2020, DPPs filed their underlying complaints. *See* Case No. 20-cv-1319, ECF No. 1; Case No. 20-cv-1602, ECF No. 1. DPPs filed consolidated class action complaints on December 28, 2020, ECF No. 142; October 15, 2021, ECF No. 256; and the operative third amended consolidated class action complaint on January 18, 2022, ECF No. 303 ("Compl."). DPPs alleged that Defendants engaged in a price-fixing conspiracy by, *inter alia*, constraining the supply of beef in the United States, fixing prices, and engaging in other collusive conduct. *See, e.g.,* Compl. ¶ 3.

On February 11, 2021, Defendants, both collectively and individually, moved to dismiss the DPP's Complaint. The parties fully briefed the issues and participated in oral arguments on July 12, 2021. *See* ECF No. 234. On September 14, 2021, the Court denied Defendants' motions as to the DPP's Complaint. ECF No. 238.

Following the Court's denial of Defendants' motions to dismiss, the parties have engaged in extensive discovery negotiations, meet and confers, and significant motion practice concerning the appropriate scope of discovery before Magistrate Judge Bowbeer. *See, e.g.,* Declaration of Daniel E. Gustafson in Support of Motion for Approval of Settlement ("Gustafson Decl.") ECF No. 332 ¶ 10.

Before reaching this settlement, DPPs and JBS engaged in numerous rounds of settlement negotiations. *Id.* ¶¶ 12-13. With the assistance of nationally recognized and experienced complex litigation mediator, Professor Eric Green, DPPs and JBS engaged in hard-fought negotiations, which, after many months, ultimately culminated in the Settlement between the parties. *Id.* ¶¶ 12-15. The settlement provides that, *inter alia*, JBS

3

will pay $52.5 million into a settlement fund. Settlement Agreement ¶ 1(u), 9. In addition, the settlement requires JBS to provide extensive cooperation, which DPPs will use to continue to litigate this case against the remaining defendants. *See, e.g.,* Settlement Agreement ¶ 10; Looby Decl. ¶ 4. This was the first settlement for DPPs and the first and, thus far, remains the only known settlement in any of the other related beef antitrust cases. Looby Decl. ¶ 4.

On February 1, 2022, DPPs submitted their Motion for Preliminary Approval of Settlement between DPPs and JBS. ECF No. 329. DPPs' request for the establishment of a $5 million litigation fund was set forth in their memorandum in support of their motion for preliminary approval. ECF No. 331 at 26. On March 31, 2022, the Court granted DPPs' motion and appointed DPP Interim Co-Lead Counsel as Settlement Class Counsel. ECF No. 494 ¶ 6. The Order also set May 25, 2022, as the deadline for "Plaintiffs to file motion for final approval of $5 million Litigation Fund" pursuant to the Settlement Agreement. *Id.* ¶ 8. Consistent with the Court's approved notice program, DPPs provided the class with notice of this request, which states in relevant part:

> The Settlement proceeds will also be used to pay attorneys' fees, to establish a litigation fund, and provide service awards to the named Class Representatives, as approved by the Court. Co-Lead Counsel will seek to establish a litigation fund of $5 million to cover current and ongoing litigation expenses in connection with approval of this settlement and in accord with the Court-approved notice program. Co-Lead Counsel will file a motion for approval of the $5 million Litigation Fund on May 25, 2022. At this time, however, Direct Purchaser Plaintiffs and their counsel are not seeking attorneys' fees, or service awards from the Settlement proceeds. However, they will do so in the future, subject to additional notice to you and approval by the Court. With respect to attorneys' fees, Class Counsel will seek an amount not to exceed one-third of the Settlement proceeds. Class Counsel will seek up to $75,000 in service awards for each of the named plaintiffs that are serving as Class Representatives. A copy of any motion for attorneys' fees, litigation

expenses, or service awards will be filed on the Court's docket and will be publicly available and available on the Settlement website.

Exhibit B to Declaration of Eric Schachter in Support of Direct Purchaser Plaintiffs' Notice Program, ECF No. 333 ¶ 10.

Consistent with the Notice, DPPs have reserved their rights to seek attorneys' fees and service awards for the named class representatives from this Settlement at a later date, but are not doing so at this time. Instead, DPPs seek only reimbursement of expenses already incurred and a portion of the Settlement Fund to pay future litigation expenses.

### III.  ARGUMENT

#### A.  Counsel for DPPs Should be Reimbursed for Reasonable Out-Of-Pocket Expenses Incurred in Pursuing this Litigation

Fed R. Civ. P. 23(h) and 54(d)(2) allow the Court to reimburse counsel for costs advanced on behalf of the members of the settlement class. "It is well established that counsel who create a common fund like the one at issue are entitled to the reimbursement of litigation costs and expenses, which include such things as expert witness costs, mediation costs, computerized research, court reports, travel expenses, and copy, telephone, and facsimile expenses." *Krueger v. Ameriprise Fin., Inc.,* No. 11-2781, 2015 WL 4246879, at *3 (D. Minn. July 13, 2015) (citing Fed. R. Civ. P. 23 and cases). The costs requested are in proportion to the benefits that the litigation has produced.

DPP Counsel began investigating this action more than three years ago. Gustafson Decl. ¶¶ 3-4. DPP Counsel have been working on a contingency basis against well-funded defendants who have hired some of the largest and most sophisticated law firms in the country. Looby Decl. ¶ 5. Counsel have not been compensated for any of their time, nor

5

reimbursed for any of the expenses incurred to date. *Id.* Counsel have expended significant time and money prosecuting this case, despite the very real risk of never recovering for any of these efforts, and at the opportunity cost of pursuing other work due to the substantial time and monetary commitment required to litigate a case of this magnitude. *Id.* Since inception, DPP Counsel have spent more than 9,500 hours litigating this case. Looby Decl. ¶ 7.

DPP Counsel have advanced substantial money to cover litigation expenses incurred in prosecuting this action and achieving this icebreaker settlement with JBS. Courts regularly reimburse reasonable and necessary costs and expenses incurred on behalf of the class from the settlement fund. *Khoday v. Symantec Corp.,* No. 11-cv-180 (JRT/TNL), 2016 WL 1637039, at *12 (D. Minn. April 5, 2015) ("Courts generally allow plaintiffs' counsel in a class action to be reimbursed for costs and expenses out of the settlement fund, so long as those costs and expenses are reasonable and relevant to the litigation."); *see also In re Zurn Pex Plumbing Prod. Liab. Litig.*, No. 08-1958 (ADM/AJB), 2013 WL 716460, at *5 (D. Minn. Feb. 27, 2013) (awarding $1.78 million in costs and expenses out of an $8.5 million settlement fund for expenses "related and necessary to the prosecution of this type of litigation."); *Yarrington v. Solvay Pharm., Inc.,* 697 F.Supp.2d 1057, 1067 (D. Minn. 2010). The amount requested here represents less than 10% of the settlement fund.

The costs incurred by DPPs are and were reasonable and necessary to achieve the icebreaker settlement and are of a type normally awarded in class actions. Counsel for DPPs have to date incurred out-of-pocket expenses totaling more than $188,821.33. Looby Decl. ¶ 6. These expenses included, among other things: expert consulting costs; mediation

costs; document collection, scanning and copying costs; hearing transcripts; court fees; costs incurred related to the creation and maintenance of discovery databases; and other similar expenses. *Id.* These costs were incurred without any guarantee they would be reimbursed, were reasonable and necessary for the case, and should be reimbursed. *Id.*; *Khoday,* 2016 WL 1637039, at *12.

### B. A Portion of the Settlement Fund Should be Set Aside for Future Litigation Expenses

Counsel for DPPs previously informed the Court (and have informed the class in the court-approved notices), that they would request that $5 million of the $52.5 million JBS settlement be set aside and used to pay current and future expenses incurred in the litigation. Looby Decl. ¶ 8; *see also* ECF No. 494 ¶ 8 (Order setting May 25, 2022, as date for Plaintiffs to file motion for final approval of $5 million litigation fund). These funds will be used to benefit the DPPs' claims against the non-settling Defendants. Looby Decl. ¶ 8. As class members also were informed, this motion will be posted on the case website, www.BeefDirectPurchaserSettlement.com, contemporaneously with the filing of this motion and class members have until June 24, 2022, to object. *Id.* Prior to the Court's hearing on August 2, 2022, DPP Counsel will report to the Court any objections received from class members to this request or the settlement in general. *Id.*

Courts have routinely allowed a portion of class settlement funds to be used to reimburse past litigation expenses and set aside for future expenses. *See, e.g., In re Auto Parts Antitrust Litig.*, No. 12-MD 2311, 2016 U.S. Dist. LEXIS 98446, at *560-61 (E.D. Mich. June 20, 2016) ("*Auto Parts*") (approving $11.25 million of settlement fund to be

set aside for future litigation expenses); *Auto Parts*, 2016 WL 9459355, at *2 (E.D. Mich. Nov. 29, 2016) (approving request to reimburse past litigation expenses and set aside nearly $10 million for use in future litigation expenses); *Auto Parts*, No. 12-2311, 2018 WL 7108072, at *2 (E.D. Mich. Nov. 5, 2018) (approving request to reimburse past litigation expenses and set aside approximately $3.5 million for future litigation expenses); *In re Transpacific Passenger Air Transp. Antitrust Litig.*, No. 07-5634, 2015 WL 3396829, at *3 (N.D. Cal. May 26, 2015) (approving request to reimburse past litigation expenses and setting aside $3 million of a $39.5 million settlement for future expenses); *Newby v. Enron Corp.*, 394 F.3d 296, 302 (5th Cir. 2004) (affirming 37.5 percent set aside for establishment of a $15 million litigation expense fund from the proceeds of a partial settlement); *see also* MANUAL FOR COMPLEX LITIGATION (Fourth) (2004) at § 13.21 ("[p]artial settlements may provide funds needed to pursue the litigation . . . ."). The concept is well-accepted in courts across the country.[4]

---

[4] *In re Packaged Ice Antitrust Litig.*, No. 08-MD-01952, 2011 U.S. Dist. LEXIS 17255 at *63 (E.D. Mich Feb. 22, 2011) (approving fund for future litigation expenses); *In re California Micro Devices Sec. Litig.*, 965 F. Supp. 1327, 1337 (N.D. Cal. 1997) (approving 7.9 percent of approximately $19 million settlement fund for future litigation expenses); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. 07-1827 SI Order Granting Direct Purchaser Class Plaintiffs' Motion for the Advancement of Litigation Expenses From Settlement Funds (ECF No. 2474) (N.D. Cal. Feb. 17, 2011) (granting $3 million in future litigation expenses); *In re Dynamic Random Access Memory* (*DRAM*) *Antitrust Litig.*, No. 02-md-01486, Order Authorizing Class Counsel to Withdraw Settlement Fund for Litigation Expenses (ECF No. 1315) (N.D. Cal. Feb. 14, 2007) (granting fund for future litigation expenses); *In re Microcrystalline Cellulose Antitrust Litig.*, No. 01-cv-111, Final Judgment Order at ¶ 7 (E.D. Pa. June 15, 2005) (same); *In Re Brand Name Prescription Drug Litig.*, No. 94 C 897, MDL No. 997 (N.D. Ill. Feb. 18, 1998) (same); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 584 F. Supp. 2d 697, 702 (M.D. Pa. 2008) (same).

This Court recently followed suit in another antitrust case involving the manipulation of meat prices currently pending in this District, approving the establishment of a future litigation fund in the *Pork* case. *See In re Pork Antitrust Litig.,* No. 18-cv-1776 (JRT/HB), ECF No. 1006 (D. Minn. Nov. 18, 2021) (granting the Commercial and Institutional Indirect Purchaser Plaintiff's request to establish a future litigation fund of 8% of the settlement fund, in addition to awarding fees, expenses, and service awards). The same is appropriate in this case.

Continuing to litigate against the remaining defendants will inevitably cause counsel for DPPs to incur significant costs. Since the dismissal of Defendants' motions to dismiss, the parties have continued to engage in extensive discovery negotiations and motion practice, DPPs have continued to consult with multiple experts, and otherwise continued to research and pursue this litigation vigorously against the remaining defendants. Looby Decl. ¶ 9. Based on their collective experience in dozens of complex antitrust class actions such as this, DPPs anticipate that the costs of litigation to increase exponentially discovery advances, document productions begin in earnest, and expert costs mount as the parties proceed class certification. *Id.* ¶ 9, 10. *See also In re Pork Antitrust Litig.*, No. 18-cv-1776 (JRT-HB), ECF No. 1363 (D. Minn. May 13, 2022) (motion of direct purchaser plaintiffs seeking attorneys' fee of just under $34 million, $5 million for current and ongoing litigation expenses, including approximately $2.5 million in expenses incurred to date, and service awards of $25,000 to each of the four class representatives); *In re Broiler Chicken Antitrust Litig.,* No. 16-cv-8637, ECF No. 5225 (N.D. Ill. Nov. 30, 2021) (reimbursing DPPs $4.5 million in expenses incurred prior to class certification); *Id.* ECF No. 5543 (N.D.

9

Ill. April 19, 2022) (reimbursing Commercial and Institutional Indirect Purchasers $10.4 million for expenses incurred to date). DPPs therefore respectfully move the Court for approval of their request to set aside $5 million of the settlement with JBS to fund current and future expenses, which will include costs for experts to create damage models and analyze structured and unstructured data, as well as to host and review ESI and other documentation. *Id.* ¶ 12. DPPs will provide an accounting of their expenditures in any future petition for reimbursement of expenses, or anytime at the Court's request. *Id.* ¶ 11. If any funds remain in the proposed litigation fund at the conclusion of the case, those funds will automatically revert to the benefit of the class and be distributed to qualified claimants. *Id.* DPPs believe the amount requested is reasonable and will greatly benefit the DPPs' claims against the remaining Defendants. *Id.* ¶ 12.

## IV.  CONCLUSION

Based on the foregoing, Interim Co-Lead Counsel for DPPs respectfully request that the Court grant their motion to reimburse litigation expenses incurred to date and approve the creation of a future litigation fund, which combined shall total $5 million.

Dated:  May 25, 2022                    Respectfully submitted,

*/s/ Michelle J. Looby*
Daniel E. Gustafson (#202241)
Daniel C. Hedlund (#258337)
Michelle J. Looby (#0388166)
Joshua J. Rissman (#0391500)
Anthony J. Stauber (#0401093)
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 So. Sixth Street, Suite 2600

10

Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
mlooby@gustafsongluek.com
jrissman@gustafsongluek.com
tstauber@gustafsongluek.com

Dennis J. Stewart (*admitted pro hac vice*)
**GUSTAFSON GLUEK PLLC**
600 B Street
17th Floor
San Diego, CA 92101
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
dstewart@gustafsongluek.com

Adam J. Zapala (*admitted pro hac vice*)
Elizabeth T. Castillo (*admitted pro hac vice*)
James G. Dallal (*admitted pro hac vice*)
**COTCHETT, PITRE & MCCARTHY, LLP**
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
azapala@cpmlegal.com
ecastillo@cpmlegal.com
jdallal@cpmlegal.com

Alexander E. Barnett (*admitted pro hac vice*)
**COTCHETT, PITRE & MCCARTHY, LLP**
40 Worth Street, Suite 602
New York, NY 10013
Telephone: (212) 201-6820
Facsimile: (917) 398-7753
abarnett@cpmlegal.com

Jason S. Hartley (*admitted pro hac vice*)
Jason M. Lindner (*admitted pro hac vice*)
Fatima G. Brizuela (*admitted pro hac vice*)
**HARTLEY LLP**
101 W. Broadway, Suite 820

11

San Diego, CA 92101
Tel: (619) 400-5822
hartley@hartleyllp.com
lindner@hartleyllp.com
brizuela@hartleyllp.com

Megan E. Jones (*admitted pro hac vice*)
**HAUSFELD LLP**
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Tel: (415) 633-1908
mjones@hausfeld.com

Timothy S. Kearns (*admitted pro hac vice*)
**HAUSFELD LLP**
888 16th St. NW, Suite 300
Washington, DC 20006
Tel: (202)540-7200
tkearns@hausfeld.com

***Interim Co-Lead Counsel for the Proposed Direct Purchaser Plaintiffs***