UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE CATTLE AND BEEF ANTITRUST LITIGATION | Case No. 0:20-cv-01319 JRT-HB |
| This Document Relates To:<br>IN RE DPP BEEF LITIGATION | |

**DECLARATION OF MICHELLE J. LOOBY IN SUPPORT OF DIRECT PURCHASER PLAINTIFFS' MOTION FOR ESTABLISHMENT OF A LITIGATION FUND TO COVER CURRENT AND FUTURE LITIGATION EXPENSES**

I, Michelle J. Looby, hereby declare and state as follows:

1. I am a member of the law firm of Gustafson Gluek PLLC ("Gustafson Gluek"), one of the Interim Co-Lead Class Counsel firms appointed by the Court, for the Direct Purchaser Plaintiffs ("DPPs") in this matter. I am admitted to practice before the Court and am a member in good standing of the bar of the State of Minnesota.

2. I respectfully submit this declaration in support of DPPs' Motion for Establishment of a Litigation Fund to Cover Current and Future Litigation Expenses. Except as otherwise noted, I make this declaration based on knowledge and if called as a witness, I could and would competently testify to the matters stated herein.

3. On December 28, 2020, DPPs filed a Consolidated Class Action Complaint alleging, inter alia, Sherman Act violations against four defendants, including JBS S.A., JBS USA Food Company, Swift Beef Company, and JBS Packerland, Inc. (collectively "JBS"). During the relevant period, Defendants collectively controlled approximately 81-

1

85% of the domestic cattle processed (or slaughtered) in the United States, of which JBS processed on average approximately 18%.

4. Following mediation with nationally recognized complex litigation mediator Professor Eric Green, DPPs and JBS entered into a settlement which provides, inter alia, that JBS Defendants will pay $52.5 million into a settlement fund that will be used to compensate the DPPs class, pay for notice and administration of the settlement, and pay litigation fees and expenses. Additionally, JBS will provide extensive cooperation, which will assist DPPs in continuing to prosecute the action against the remaining Defendants. This was the first settlement for DPPs and, thus far, the only known settlement in any of the related beef antitrust cases.

5. DPPs' Counsel began investigating this action more than three years ago, prior to the first Direct Purchaser Action, Pacific Agri-Products, v. JBS USA Food Co. Holdings, et al., 19-cv-02720, ECF No. 1, which was filed on October 16, 2019. Since then, DPPs' Counsel have been working on a contingency basis against well-funded Defendants who have hired some of the largest and most sophisticated law firms in the country. To date, DPPs' Counsel have not been compensated for any of their time, nor reimbursed for any of the expenses incurred. Counsel have expended significant time and money prosecuting this case, despite the very real risk of never recovering for any of these efforts, and at the opportunity cost of pursuing other work due to the substantial time and monetary commitment required to litigate a case of this magnitude.

6. DPPs' Counsel have advanced a substantial amount of money to prosecute this action and achieve this icebreaker settlement with JBS. These expenses included,

among other things: expert consulting costs; mediation costs; document collection, scanning and copying costs; hearing transcripts; court fees; costs incurred related to the creation and maintenance of discovery databases; and other similar expenses. To date, DPPs' Counsel have incurred out-of-pocket expenses totaling more than $188,821.33. Attached as Exhibit 1 is a true and correct copy of the expenses incurred to date. In addition to the expenses detailed in Exhibit 1, DPP Counsel have also incurred additional held costs advanced for the common benefit of the class for things such as computerized legal research; filing fees and other courts costs; travel expenses; copies and other similar expenses. Counsel paid for these expenses without any guarantee they would be reimbursed. These expenses were reasonable and necessary for the advancement of this litigation, including the icebreaker settlement with JBS.

7. In addition to committing significant financial resources to this case, DPPs' Counsel have also expended considerable energy and time litigating this complex antitrust class action. Through March 31, 2022, DPPs' Counsel had already devoted more than 9,500 hours to prosecuting this litigation. This commitment of time and money will only continue to increase as the litigation proceeds.

8. DPPs' Counsel have informed the class, via the court-approved notices, that DPPs will request that $5 million of the $52.5 million JBS settlement, be set aside and used to pay current and future expenses incurred in the litigation against the non-settling Defendants. *See* ECF No. 331 (DPPs' Memo. in Support of Mot. For Preliminary Approval) & 494 at ¶ 3 (Order setting May 25, 2022, as date for Plaintiffs to file motion for final approval of $5 million litigation fund). These funds will be used to benefit the

class members' claims against the non-settling Defendants. As class members also were informed, this motion will be posted on the case website, www.BeefDirectPurchaserSettlement.com, contemporaneously with the filing of this motion and class members have until June 24, 2022, to object to the settlement. *See* Exhibit B to Declaration of Eric Schachter in Support of Direct Purchaser Plaintiffs' Notice Program, ECF No. 333 ¶ 10. Prior to the Court's hearing on August 2, 2022, DPP Counsel will report to the Court any objections received from class members.

9. Since the dismissal of Defendants' motions to dismiss, the parties have continued to engage in extensive discovery negotiations and motion practice, consult with multiple experts, and otherwise continued to research and pursue this litigation vigorously against the remaining defendants. DPPs' Counsel anticipate the costs of litigation to increase exponentially as full-blown discovery productions begin and expert costs mount as the parties proceed to the next big case event, class certification, and beyond.

10. Based on DPP Counsels' collectively experience in dozens of complex antitrust class actions such as this, DPP Counsel reasonably anticipate expenditure of more than $5 million over the course of this litigation. For example, DPP plaintiffs in the *In re Pork Antitrust Litigation*, recently submitted a motion for attorneys' fees of just under $34 million, $5 million for current and ongoing litigation expenses, including approximately $2.5 million in expenses incurred to date, and service awards of $25,000 to each of the four class representatives. *In re Pork Antitrust Litig.*, No. 18-cv-1776 (JRT-HB), ECF No. 1363 (D. Minn. May 13, 2022). DPP Plaintiffs in the *In re Broilers Antitrust Litigation,* incurred and were awarded $4.5 million in expenses prior to filing for class certification. *In re*

4

*Broiler Chicken Antitrust Litig.,* No. 16-cv-8637, ECF No. 5225 (N.D. Ill. Nov. 30, 2021). And the Commercial and Institutional Indirect Plaintiffs in the *Broilers Litigation,* a case in which Gustafson Gluek and Cotchett, Pitre & McCarthy serve as co-lead counsel, have incurred and been awarded more than $10.4 million for expenses incurred to date. *Id.* ECF No. 5543 (Apr. 19, 2022, order granting motion for payment of attorneys' fees, reimbursement of expenses, and class representative service awards).

11. DPPs will provide an accounting of their expenditures in any future petition for reimbursement of expenses, or anytime at the Court's request. If any funds remain in the proposed litigation fund at the conclusion of the case, those funds will automatically revert to the benefit of the class and be distributed to qualified claimants.

12. DPPs therefore respectfully ask the Court, to approve of their request to set aside $5 million of the settlement with JBS to reimburse counsel for DPPs for expenses already incurred on behalf of DPPs, and fund those continuing expenses, which will include costs for experts to create damage models and analyze structured and unstructured data, as well as to host and review ESI and other documentation. Based on expenses incurred in similar cases, DPPs believe that this amount is reasonable and will benefit the settlement class's claims against the remaining Defendants.

*Continued on Next Page*

I, declare under penalty of perjury pursuant to 28 U.S.C. § 1746, and under the laws of the United States of America that the foregoing and the attached are true and correct to the best of my knowledge. Executed on this 25th day of May 2022, in Minneapolis, Minnesota.

*/s/ Michelle J. Looby*
Michelle J. Looby