## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE CATTLE AND BEEF ANTITRUST LITIGATION | Case No. 0:20-cv-01319 JRT-HB |
| This Document Relates To:<br>IN RE DPP BEEF LITIGATION | **[PROPOSED] ORDER** |

Now before the Court is Direct Purchaser Plaintiffs' ("DPPs") Motion for Establishment of a Litigation Fund to Cover Current and Future Litigation Expenses (ECF No. 557). The Court, having reviewed the Motion, its accompanying memorandum, the supporting documents thereto, and the file, hereby ORDERS:

1. The Court has considered the relevant case law and authority and finds that a reimbursement of expenses and establishment of a litigation fund to cover current and future litigation expenses to DPPs and their counsel is appropriate under Fed. R. Civ. P. 23(h) and 54(d)(2).

2. Notice of this request for reimbursement of expenses and establishment of a litigation fund to cover current and future litigation expenses in an amount up to $5 million was provided to potential class members via direct and publication notice and a settlement website that included relevant documents and pleadings, including a copy of DPPs' Motion for Establishment of a Litigation Fund to Cover Current and Future Litigation Expenses. The Court has considered the reaction of the class members to this request.

3. The Court **GRANTS** DPPs' request for establishment of a litigation fund of $5 million to cover current and future litigation costs. DPP Counsel have expended

significant time and financial resources into prosecuting this action, with no guarantee they would ever be reimbursed for their time or costs. "It is well established that counsel who create a common fund like the one at issue are entitled to the reimbursement of litigation costs and expenses, which include such things as expert witness costs, mediation costs, computerized research, court reports, travel expenses, and copy, telephone, and facsimile expenses." *Krueger v. Ameriprise Fin., Inc.*, No. 11-CV-2781 SRN/JSM, 2015 WL 4246879, at *3 (D. Minn. July 13, 2015) (citing Fed. R. Civ. P. 23 and cases).

4. The past litigation expenses incurred by counsel for DPPs were reasonable and necessary and were of the type normally awarded in class action litigation. *See* Fed. R. Civ. P. 23(h); *Khoday v. Symantec Corp.,* No. 11-cv-180 (JRT/TNL), 2016 WL 1637039 (D. Minn. April 5, 2015) ("Courts generally allow plaintiffs' counsel in a class action to be reimbursed for costs and expenses out of the settlement fund, so long as those costs and expenses are reasonable and relevant to the litigation."); *see also In re Zurn Pex Plumbing Prod. Liab. Litig.*, No. 08-1958 (ADM/AJB), 2013 WL 716460, at *5 (D. Minn. Feb. 27, 2013) (awarding $1.78 million in costs and expenses out of an $8.5 million settlement fund for expenses "related and necessary to the prosecution of this type of litigation."); *Yarrington v. Solvay Pharm., Inc.,* 697 F.Supp.2d 1057, 1067 (D. Minn. 2010). The past litigation expenses incurred in the prosecution of this case shall be reimbursed from the settlement fund.

5. The remainder of the $5 million litigation fund may be used to cover future reasonable and necessary expenses incurred in prosecuting this action on behalf of the DPPs. Allowing a portion of class settlement funds to be used for future expenses is a well-

accepted practice. *See, e.g., In re Pork Antitrust Litig.,* No. 18-cv-1776 (JRT/HB), ECF No. 1006 (D. Minn. Nov. 18, 2021) (granting the Commercial and Institutional Indirect Purchaser Plaintiff's request to establish a future litigation fund of 8% of the settlement fund, in addition to awarding fees, expenses, and service awards); *In re Auto Parts Antitrust Litig.*, No. 12-MD 2311, 2016 U.S. Dist. LEXIS 98446, at *560-61 (E.D. Mich. June 20, 2016) ("*Auto Parts*") (approving $11.25 million of settlement fund to be set aside for future litigation expenses); *Auto Parts*, 2016 WL 9459355, at *2 (E.D. Mich. Nov. 29, 2016) (approving request to reimburse past litigation expenses and set aside nearly $10 million for use in future litigation expenses); *Auto Parts*, No. 12-2311, 2018 WL 7108072, at *2 (E.D. Mich. Nov. 5, 2018) (approving request to reimburse past litigation expenses and set aside approximately $3.5 million for future litigation expenses); *In re Transpacific Passenger Air Transp. Antitrust Litig.*, No. 07-5634, 2015 WL 3396829, at *3 (N.D. Cal. May 26, 2015) (approving request to reimburse past litigation expenses and setting aside $3 million of a $39.5 million settlement for future expenses); *Newby v. Enron Corp.*, 394 F.3d 296, 302 (5th Cir. 2004) (affirming 37.5 percent set aside for establishment of a $15 million litigation expense fund from the proceeds of a partial settlement); *see also* MANUAL FOR COMPLEX LITIGATION (Fourth) (2004) at § 13.21 ("[p]artial settlements may provide funds needed to pursue the litigation . . . .").

6. If any funds remain in the litigation fund at the conclusion of the case, those funds will automatically revert to the benefit of the class and be distributed to qualified claimants.

7. DPPs will provide an accounting of their expenditures in any future petition

for reimbursement of expenses, or anytime at the Court's request.

8. In conclusion, the past litigation expenses incurred by counsel for DPPs shall be reimbursed from the Settlement Fund and the Court authorizes DPP Interim Co-Lead Counsel to pay reasonable and necessary expenses incurred in the ongoing litigation against the remaining Defendants from the litigation fund established by this Order.

**IT IS SO ORDERED.**

Dated: _____    _____
HON. JOHN R. TUNHEIM
Chief Judge, United States District Court