UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE CATTLE and BEEF ANTITRUST LITIGATION<br><br>*This document relates to:*<br><br>ALL CASES | Case No. 20-cv-1319 (JRT/HB) |

**JOINT UPDATE LETTER FOR
CASE MANAGEMENT CONFERENCE ON JUNE 8, 2022**

Pursuant to the Court's Amended Order Regarding Case Management Conferences (ECF No. 507), the parties hereby submit this joint update letter in advance of the Case Management Conference set before Magistrate Judge Bowbeer on June 8, 2022.

**Appearances**

Appearances are as noted in the Proposed Joint Agenda submitted on June 1, 2022 (ECF No. 563), with two exceptions: Elizabeth Castillo will also appear for the Beef Direct Purchaser Plaintiffs, and Blaine Finley will appear in lieu of Sterling Aldridge for Commercial Indirect Purchasers.

I. **Discovery Matters**

   a. **Structured data negotiations update:**

The parties continue to meet and confer regarding the production of structured data and are having global and Defendant-specific meet-and-confers proceeding on parallel

tracks. At this time, the parties agree there are no substantive issues ripe for this Court's consideration or that merit previewing for the Court. There is one procedural issue on which the parties seek the Court's input, as set forth below.

**Plaintiffs' Position:**

Plaintiffs request that the Court set deadlines by which the parties must complete meeting and conferring concerning scope issues related to the production of structured data and submit ripe issues to the Court for assistance in reaching a resolution. Although Plaintiffs acknowledge the parties have made considerable progress in their structured data discussions, they respectfully submit that the imposition of deadlines will expedite those efforts and the identification of any areas of disagreement so as to facilitate Defendants' prompt production of relevant and responsive structured data. Plaintiffs propose that the Court set deadlines of July 7, 2022 for the parties to complete meet-and-confers regarding the scope of Defendants' structured data productions; and July 15, 2022 for Plaintiffs to file any related motions to compel, Defendants' responses to which would be due by July 29, 2022.

**Defendants' Position:**

Defendants do not believe specific deadlines for completing meet-and-confers over scope issues are necessary or appropriate, as the parties have already made significant progress in meeting and conferring on these issues and continue to actively meet and confer. The parties have held two joint, all-Defendant meet and confers and two

Defendant-specific meetings on scope issues and anticipate scheduling additional Defendant-specific meetings.

Defendants anticipate wrapping up any outstanding negotiations regarding high-level structured data scope questions over approximately the next four to six weeks (in part dependent on the number of follow-up questions posed by Plaintiffs). After meet-and-confers are completed, should Plaintiffs feel it necessary to move to compel, the Local Rules and Magistrate Judge's Practice Pointers should govern the process for initiating any such motion and setting a hearing date.

### b.  Update on rolling productions:

As noted previously, the parties began rolling productions on April 18, 2022, when *Cattle* Plaintiffs and all Defendants made initial productions. *Cattle* Plaintiffs made follow-on productions on May 2, 2022 and June 6, 2022. *DPP* Plaintiffs made productions on May 4, 10, and 20 2022. Together they have produced 84,516 and 500,966 pages, respectively. *E&G* made a production on June 6 consisting of 447 documents. *Peterson* and *Winn-Dixie* Plaintiffs have not produced any documents, but expect to once search terms are discussed. Cargill Defendants have since made a follow-on production, and Defendants anticipate making additional productions in the relative near-term as the parties continue to make progress on structured data negotiations and await resolution of the search-methodology protocol disputes. All parties recognize that progress on unstructured data productions in particular is affected by the outstanding search-methodology protocol dispute and by ongoing negotiations over RFPs. At this time, the

parties agree there are no substantive issues ripe for this Court's consideration or that merit previewing for the Court. However, Plaintiffs remain concerned that all parties work expeditiously to ensure that the pace of productions does not impact their respective ability to meet deadlines in the forthcoming case schedule.

### c. Update on other discovery meet and confers:

The parties have made significant progress in narrowing disputes regarding the over 120 separate requests for production that Plaintiffs have served in six sets of requests. The Defendants and the *Cattle* and *DPP* Plaintiffs are also meeting and conferring in relation to the All Defendants' First Requests to All Plaintiffs. Setting aside requests that seek structured data, the parties continue to negotiate regarding several requests associated with four sets of requests: a) DPP Plaintiffs' First Requests to All Defendants served October 15, 2021; b) All Defendants First Request to All Plaintiffs served November 18, 2021; All Plaintiffs' First Requests to All Defendants served January 11, 2022; and d) *Cattle*, *Consumer, Commercial Indirect,* and *Winn-Dixie* Plaintiffs' First Set of Requests to JBS served February 25, 2022 (collectively, the "Outstanding RFPs"), but have no substantive issues with respect to the other previously served RFP sets to be heard by the Court. As with the structured data negotiations, the parties have a similar procedural issue to present to the Court.

**Plaintiffs' Position:**

Plaintiffs request that the Court set a date certain for the parties to finalize their meet and confers on the Outstanding RFPs, all of which have been pending for many

4

months. Given Defendants' desire to resolve these requests (or the majority of them) before negotiating search terms and commencing their review, it is important to bring these discussions to a close in the near-term so that substantial document productions can begin. Plaintiffs therefore ask the Court for an order that the parties finalize the meet and confers on the Outstanding RFPs by June 30, 2020, with any motion to be submitted by July 8, 2020. Plaintiffs believe this to be reasonable in circumstances when only a handful of RFPs remain at issue.

**Defendants' Position:**

Defendants do not believe it is appropriate to set a motion deadline or hearing date at this time regarding any open issues on Plaintiffs' non-structured-data requests for production, as the parties continue to make progress in meeting and conferring on these issues. After meet-and-confers are completed, should Plaintiffs feel it necessary to move to compel, the Local Rules and Magistrate Judge's Practice Pointers should govern the process for initiating any such motion and setting a hearing date.

   d. **Search methodology protocol disputes:**

As noted in the agenda (ECF No. 563), the parties will be prepared to answer any questions the Court may have regarding the Supplemental Joint Letter Brief Regarding Proposed Search Methodology Order for Electronically Stored Information (ECF No. 556).

   e. **Notice for third-party phone subpoenas:**

Per the parties' Rule 26(f) Report (ECF No. 282), a party must provide 3 business

days' notice to the other parties before issuing a third-party subpoena.

### Defendants' Position:

Defendants request that for third-party subpoenas seeking phone records from telephone service providers, the Court require 5 business days' notice. Plaintiffs have served six separate "rounds" of phone subpoenas to date, and Defendants anticipate that Plaintiffs will continue to serve numerous additional "rounds." The burden of analyzing Plaintiffs' notices of subpoena and identifying and conferring over deficiencies on a short three-day timeline has proven to be unnecessarily inconvenient, whereas there is no possible prejudice to Plaintiffs in waiting an additional 2 business days to serve these subpoenas.

### Plaintiffs' Position:

Three business days is a reasonable amount of time to identify any objections to noticed subpoenas, and the notice period has worked as intended. Defendants generally have proposed only minor changes to Plaintiffs' noticed subpoenas. When Defendants have raised issues with particular phone numbers, Plaintiffs have withheld those numbers from subpoenas beyond the three-day period to allow the parties to engage in good-faith discussions. Adding two extra business days would ensure that each notice period encompassed at least seven calendar days and would make it impossible for Plaintiffs to notice and serve subpoenas in the same week, causing unnecessary delays. The three-business-day period is also consistent with the parties' practice in the *Pork* antitrust litigation.

### f. Update on JPML ruling

Although the parties did not set it as an agenda item, the parties wish to update the Court that on June 3, the JPML formed an MDL named *In re: Cattle and Beef Antitrust Litigation* and ordered three direct purchaser actions pending in different jurisdictions to be transferred to this District for coordinated or consolidated pretrial proceedings. A copy of the JPML's transfer order is attached for the Court's convenience as Exhibit A. The parties are aware of one "tagalong" action, and today the JPML entered a conditional transfer order to begin the process of transferring that action to this District.

To the extent the Court has questions about this update, Britt M. Miller (for Defendants) and Elizabeth Castillo (for Plaintiffs) will be prepared to provide further detail.

Dated: June 6, 2022

Respectfully submitted,

/s/ Jennifer W. Sprengel
Jennifer W. Sprengel (*pro hac vice*)
Daniel O. Herrera (*pro hac vice*)
Kaitlin Naughton (*pro hac vice*)
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
135 S. LaSalle, Suite 3210
Chicago, IL 60603
Tel: 312-782-4882
Fax: 312-782-4485
jsprengel@caffertyclobes.com
dherrera@caffertyclobes.com
knaughton@caffertyclobes.com

/s/ Holley C. M. Horrell
X. Kevin Zhao, Reg. No. 0391302
Holley C. M. Horrell, Reg. No. 0399636
Davida S. McGhee, Reg. No. 0400175
**GREENE ESPEL PLLP**
222 S. Ninth Street, Suite 2200
Minneapolis, MN 55402
Tel.: (612) 373-0830
kzhao@greeneespel.com
hhorrell@greeneespel.com
dwilliams@greeneespel.com

Britt M. Miller (*pro hac vice*)

Ellen Meriwether (*pro hac vice*)
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
205 N. Monroe Street
Media, PA 19063
Tel: 215-864-2800
Fax: 215-864-2810
emeriwether@caffertyclobes.com

David R. Scott (*pro hac vice*)
Amanda F. Lawrence (*pro hac vice*)
Patrick J. McGahan (*pro hac vice*)
Michael P. Srodoski (Bar No. 0398250)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
156 Main Street
P.O. Box 192
Colchester, CT 06415
Tel: 860-537-5537
Fax.: 860-537-4432
david.scott@scott-scott.com
alawrence@scott-scott.com
pmcgahan@scott-scott.com
msrodoski@scott-scott.com

Christopher M. Burke (*pro hac vice*)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
600 W. Broadway, Suite 3300
San Diego, CA 92101
Tel:  619-233-4565
Fax: 619-233-0508
cburke@scott-scott.com

Joseph P. Guglielmo (*pro hac vice*)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Tel: 212-223-6444
Fax: 212-223-6334

Matthew Provance (*pro hac vice*)
**MAYER BROWN LLP**
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600
bmiller@mayerbrown.com
mprovance@mayerbrown.com

William H. Stallings (*pro hac vice*)
**MAYER BROWN LLP**
1999 K Street, NW
Washington, DC 20006-1101
(202) 263-3338
wstallings@mayerbrown.com

*Counsel for Defendants Cargill, Incorporated and Cargill Meat Solutions Corporation*

/s/ Benjamin L. Ellison
Benjamin L. Ellison, Reg. No. 0392777
Chelsea A. Bunge-Bollman, Reg. No. 0401297
**JONES DAY**
90 South Seventh Street, Suite 4950
Minneapolis, MN 55402
Tel: (612) 217-8862
bellison@jonesday.com
cbungebollman@jonesday.com

Julia E. McEvoy (*pro hac vice*)
**JONES DAY**
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Tel.: (202) 879-3867
jmcevoy@jonesday.com

Michelle Fischer (*pro hac vice*)
**JONES DAY**
901 Lakeside Avenue
North Point

8

jguglielmo@scott-scott.com

*Interim Co-Lead Counsel for the Cattle Plaintiffs*

K. Craig Wildfang (Bar No. 0117043)
Thomas J. Undlin (Bar No. 0183751)
Stacey P. Slaughter (Bar No. 0296971)
Geoff Kozen (Bar No. 0398626)
Eric P. Barstad (Bar No. 0398797)
Austin Hurt (appearance to be filed shortly)
**ROBINS KAPLAN LLP**
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Tel:  612-349-8500
Fax: 612-339-4181
kcwildfang@robinskaplan.com
tundlin@robinskaplan.com
sslaughter@robinskaplan.com
gkozen@robinskaplan.com
ebarstad@robinskaplan.com
ahurt@RobinsKaplan.com

Kellie Lerner (*pro hac vice*)
**ROBINS KAPLAN LLP**
399 Park Avenue, Suite 3600
New York, NY 10022
Tel: 212-980-7400
Fax: 212-980-7499
klerner@robinskaplan.com

*Liaison Counsel for the Cattle Plaintiffs*

Steve W. Berman (*pro hac vice*)
Breanna Van Engelen (*pro hac vice*)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Second Avenue, Suite 2000
Seattle, Washington 98101
T: (206) 623-7292
F: (206) 623-0594

Cleveland, OH 44114
Tel.: 216-586-3939
mfischer@jonesday.com

Tiffany Lipscomb-Jackson (*pro hac vice*)
**JONES DAY**
325 John H. McConnell Blvd., Suite 600
Columbus, OH 43215
Tel.: 614-281-3939
tdlipscombjackson@jonesday.com

Eddie Hasdoo (*pro hac vice*)
**JONES DAY**
77 W. Wacker Dr., Suite 3500
Chicago, IL 60601
Tel.: 312-269-4214
ehasdoo@jonesday.com

*Counsel for Defendant National Beef Packing Company, LLC*

/s/ Donald G. Heeman
Donald G. Heeman, Reg. No. 0286023
Jessica J. Nelson, Reg. No. 0347358
Randi J. Winter, Reg. No. 0391354
**SPENCER FANE**
100 South Fifth Street, Suite 2500
Minneapolis, MN 55402
Tel: (612) 268-7000
dheeman@spencerfane.com
jnelson@spencerfane.com
rwinter@spencerfane.com

Stephen Neuwirth (*pro hac vice*)
Sami H. Rashid (*pro hac vice*)
**QUINN EMANUEL URQUHART & SULLIVAN LLP**
51 Madison Avenue
New York, NY 10010
Tel: (212) 849-7000
stephenneuwirth@quinnemanuel.com

9

steve@hbsslaw.com
breannav@hbsslaw.com


Shana E. Scarlett (*pro hac vice*)
Rio S. Pierce (*pro hac vice*)
Abby Wolf (*pro hac vice*)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 Hearst Avenue, Suite 202
Berkeley, California 94710
T: (510) 725-3000
F: (510) 725-3001
shanas@hbsslaw.com
riop@hbsslaw.com
abbyw@hbsslaw.com


W. Joseph Bruckner (MN #0147758)
Brian D. Clark (MN #0390069)
Arielle S. Wagner (MN #0398332)
Kyle Pozan (*pro hac vice*)
R. David Hahn (MN #0401262)
**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
T: (612) 339-6900
F: (612) 339-0981
wjbruckner@locklaw.com
bdclark@locklaw.com
aswagner@locklaw.com
kjpozan@locklaw.com
rdhahn@locklaw.com

*Co-Lead Counsel for Consumer Indirect Purchaser Plaintiffs*

Daniel E. Gustafson (#202241)
Daniel C. Hedlund (#258337)
Michelle J. Looby (#0388166)
Joshua J. Rissman (#0391500)
Anthony J. Stauber (#0401093)
**GUSTAFSON GLUEK PLLC**

samirashid@quinnemanuel.com

*Counsel for Defendants JBS USA Food Company, JBS Packerland, Inc., Swift Beef Company, and JBS S.A. in the DPP, Peterson, Erbert & Gerbert's, and Winn-Dixie cases*

/s/ Christopher R. Morris
Lewis A. Remele, Jr., Reg. No. 90724
Christopher R. Morris, Reg. No. 230613
**BASSFORD REMELE, P.A.**
100 South 5th Street, Suite 1500
Minneapolis, MN 55402
Tel: (612) 333-3000
lremele@bassford.com
cmorris@bassford.com


William F. Hargens (*pro hac vice*)
Mark F. Enenbach (*pro hac vice*)
Patrick E. Brookhouser, Jr. (*pro hac vice*)
Matthew G. Munro (*pro hac vice*)
**MCGRATH NORTH MULLIN &KRATZ, PC LLO**
First National Tower, Suite 3700
1601 Dodge Street
Omaha, NE 68102
Tel: (402) 341-3070
whargens@mcgrathnorth.com
menenbach@mcgrathnorth.com
pbrookhouser@mcgrathnorth.com
mmunro@mcgrathnorth.com

*Counsel for Defendants JBS USA Food Company, JBS Packerland, Inc., Swift Beef Company, and JBS S.A. in the Cattle case*

Canadian Pacific Plaza
120 So. Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
mlooby@gustafsongluek.com
jrissman@gustafsongluek.com
tstauber@gustafsongluek.com

Dennis J. Stewart (*admitted pro hac vice*)
**GUSTAFSON GLUEK PLLC**
600 B Street
17th Floor
San Diego, CA 92101
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
dstewart@gustafsongluek.com

Adam J. Zapala (*admitted pro hac vice*)
Elizabeth T. Castillo (*admitted pro hac vice*)
James G. Dallal (*admitted pro hac vice*)
**COTCHETT, PITRE & MCCARTHY, LLP**
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
azapala@cpmlegal.com
ecastillo@cpmlegal.com
jdallal@cpmlegal.com

Alexander E. Barnett (*pro hac vice*)
**COTCHETT, PITRE & MCCARTHY, LLP**
40 Worth Street Suite 602
New York, NY 10013
Telephone: (212) 201-6820
Facsimile: (917) 398-7753
abarnett@cpmlegal.com

/s/ Ulrike B. Connelly
David P. Graham, Reg. No. 0185462
**DYKEMA GOSSETT, PLLC**
4000 Wells Fargo Center
90 South 7th Street
Minneapolis, MN 55402
Tel: (612) 486-1521
dgraham@dykema.com

Jon B. Jacobs (*pro hac vice*)
**PERKINS COIE LLP**
700 13th Street, NW, Suite 800
Washington, DC 20005
Tel: (202) 654-1758
jbjacobs@perkinscoie.com

Susan E. Foster (*pro hac vice*)
Ulrike B. Connelly (*pro hac vice*)
Tiffany Lee (*pro hac vice*)
Hannah Parman (*pro hac vice*)
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Tel: (206) 359-8846
sfoster@perkinscoie.com
uconnelly@perkinscoie.com
tlee@perkinscoie.com
hparman@perkinscoie.com

*Counsel for Defendants Tyson Foods, Inc., and Tyson Fresh Meats, Inc.*

Jason S. Hartley (*admitted pro hac vice*)
Jason M. Lindner (*admitted pro hac vice*)
Fatima G. Brizuela (*admitted pro hac vice*)
**HARTLEY LLP**
101 W. Broadway, Suite 820
San Diego, CA 92101
Tel: (619) 400-5822
hartley@hartleyllp.com
lindner@hartleyllp.com
brizuela@hartleyllp.com
Megan E. Jones (*admitted pro hac vice*)
**HAUSFELD LLP**
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Tel: (415) 633-1908
mjones@hausfeld.com

Timothy S. Kearns (*admitted pro hac vice*)
**HAUSFELD LLP**
888 16th St. NW, Suite 300
Washington, DC 20006
Tel: (202)540-7200
tkearns@hausfeld.com

*Interim Co-Lead Counsel for the
Proposed Direct Purchaser Plaintiffs*


Jonathan W. Cuneo (*pro hac vice*)
Alec Blaine Finley (*pro hac vice*)
**CUNEO GILBERT & LADUCA, LLP**
4725 Wisconsin Ave. NW, Suite 200
Washington, DC 20002
Tel: (202) 789-3960
Fax: (202) 789-1813
jonc@cuneolaw.com
bfinley@cuneolaw.com

John W. ("Don") Barrett (*pro hac vice*)
David McMullan, Jr. (*pro hac vice*)
Katherine Riley (*pro hac vice*)

Sarah Sterling Aldridge (*pro hac vice*)
**BARRETT LAW GROUP, P.A.**
404 Court Square N
P.O. Box 927
Lexington, MS 39095
Tel: (662) 834-2488
Fax: (662) 834-2628
dbarrett@barrettlawgroup.com
dmcmullan@barrettlawgroup.com
kbriley@barrettlawgroup.com
saldridge@barrettlawgroup.com

Shawn M. Raiter (MN#240424)
**LARSON KING, LLP**
30 E 7th St., Suite 2800
St. Paul, MN 55101-4922
Tel: (651) 312-6500
Fax: (651) 312-6615
sraiter@larsonking.com

*Interim Co-Lead Counsel for the Proposed Commercial and Institutional Indirect Purchaser Plaintiff*

Patrick J. Ahern
Theodore B. Bell
**AHERN AND ASSOCIATES, P.C.**
Willoughby Tower
8 South Michigan Avenue, Suite 3600
Chicago, Illinois 60603
Tel: (312) 404-3760
patrick.ahern@ahernandassociatespc.com
theo.bell@ahernandassociatespc.com

Patrick J. Lee-O'Halloran (#269074)
**THOMPSON TARASEK LEE-O'HALLORAN PLLC**
7101 York Avenue South, Suite 255
Edina, MN 55435
Tel: (612) 568-0132
Fax: (612) 564-6976
patrick@ttolaw.com

13

*Attorneys for Plaintiffs Winn-Dixie
Stores, Inc., and Bi-Lo Holding, LLC*

14

# EXHIBIT A

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: DIRECT PURCHASER PLAINTIFF
BEEF ANTITRUST LITIGATION                                         MDL No. 3031


TRANSFER ORDER


**Before the Panel**:[*] Plaintiffs in the three actions listed on Schedule A move under 28 U.S.C. § 1407 to centralize this litigation in the District of Minnesota. The three actions on the motion are individual direct purchaser actions alleging a price fixing conspiracy among leading American beef producers. Movants seek an MDL consisting of only individual direct purchaser actions. The parties, though, have notified the Panel of six related actions, five of which are pending in the District of Minnesota and are coordinated under the caption *In re: Cattle and Beef Antitrust Litigation* and one which is pending in the Northern District of Illinois.[1] Defendants[2] and the class plaintiffs in the Minnesota litigation support centralization. Class plaintiffs specifically request that the litigation caption should be changed to *In re: Cattle and Beef Antitrust Litigation* to mirror the name of the coordinated District of Minnesota proceedings.

On the basis of the papers filed and the hearing session held, we find that the actions listed on Schedule A involve common questions of fact, and that centralization in the District of Minnesota will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions arising from plaintiffs' allegations that, since at least January 1, 2015, until the present, defendants exploited their market power in this highly concentrated market[3] by conspiring to limit the supply, and fix the prices, of

---

[*] Certain Panel members who may be members of the putative classes in this litigation have renounced their membership in these classes and participated in this decision.

[1] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

[2] Responding defendants include: Cargill Meat Solutions Corporation, Cargill, Inc., JBS Packerland, Inc., JBS S.A., JBS USA Food Company, National Beef Packing Company, Swift Beef Company, Tyson Foods, Inc., and Tyson Fresh Meats, Inc.

[3] In addition to market concentration, plaintiffs argue that defendants sit atop the supply and distribution chain that ultimately delivers beef to the market. Their role is to purchase cattle from the nation's farmers and ranchers, slaughter, and pack cattle into beef, and sell beef to purchasers

- 2 -

beef sold in the U.S. wholesale market. Defendants allegedly implemented and executed their conspiracy by, *inter alia*, coordinating slaughter volumes and cash cattle purchases to wrongfully drive up the price for beef. Plaintiffs allege that this conduct violated federal antitrust law. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel, and the judiciary.

The District of Minnesota is the appropriate transferee district for this litigation. All parties support centralization in this readily accessible district. Judge John R. Tunheim is the logical choice to oversee this litigation, as he has presided over the coordinated *In re: Cattle and Beef Antitrust Litigation* since 2019. The Minnesota litigation includes four coordinated categories of litigation (*i.e.*, the Cattle Antitrust Actions, Direct Purchaser Plaintiff Actions (consolidated in *In re: DPP Beef*), Commercial and Institutional Indirect Purchaser Plaintiff Actions and Consumer Indirect Purchaser Plaintiff Actions) and remains at a relatively early stage of discovery and motion practice. If allowed to proceed separately, as requested by movants, the individual direct purchaser actions likely would involve duplicative discovery and potentially inconsistent pretrial rulings. Given his familiarity with the parties and issues in this litigation, as well as his considerable expertise in the conduct of complex and multidistrict litigation, we are confident that Judge Tunheim will steer this litigation on an efficient and prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the District of Minnesota and, with the consent of that court, assigned to the Honorable John R. Tunheim for coordinated or consolidated pretrial proceedings.

IT IS FURTHER ORDERED that MDL No. 3031 is renamed *In re: Cattle and Beef Antitrust Litigation*.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| | |
|---|---|
| Nathaniel M. Gorton | Matthew F. Kennelly |
| David C. Norton | Roger T. Benitez |
| Dale A. Kimball | Madeline Cox Arleo |

---

like plaintiffs. This gatekeeping role allegedly has enabled them to collusively control upstream and downstream beef pricing.

**IN RE: DIRECT PURCHASER PLAINTIFF
BEEF ANTITRUST LITIGATION**  MDL No. 3031

## SCHEDULE A

<u>District of Connecticut</u>

SUBWAY PROTEIN LITIGATION CORP. v. CARGILL, INC., ET AL., C.A. No. 3:22−00289

<u>Southern District of Florida</u>

CHENEY BROTHERS, INC. v. CARGILL, INC., ET AL., C.A. No. 9:22−80153

<u>Northern District of New York</u>

AMORY INVESTMENTS LLC v. CARGILL, INC., ET AL., C.A. No. 3:22−00222