## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| **IN RE CATTLE AND BEEF ANTITRUST LITIGATION** | Civil No. 20-cv-1319 (JRT/HB) |
| This document relates to: ALL CASES | **PRETRIAL SCHEDULING ORDER** |

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court, and in order to secure the just, speedy, and inexpensive determination of this action, the following schedule shall govern these proceedings.

This schedule may be modified only upon formal motion and a showing of good cause as required by Local Rule 16.3.[1] For the avoidance of doubt, unless otherwise agreed by the parties, or ordered by the Court for good cause shown, this Pretrial Scheduling Order and the deadlines and limitations set forth herein shall also apply to all Direct Action Plaintiffs, including Direct Action Plaintiffs that are consolidated after the date of entry of this Order. Counsel must promptly notify the Court of developments in the case that could significantly affect the case management schedule. The Court reminds the parties that, except in extraordinary circumstances, they must obtain a

---

[1] Parties who agree to seek a modification of this Scheduling Order may do so by filing a stipulation and proposed order and need not file a formal motion; however, the stipulation must still meet the requirements of Local Rule 16.3, including but not limited to a showing of good cause. The parties are further reminded that even if they stipulate to a modification of the Scheduling Order, they should not assume the Court will grant their request.

hearing date for a motion to amend this Scheduling Order *before* the deadline that they wish to amend expires.  (See LR 16.3(d).)

The Court expects the parties and their counsel to work cooperatively throughout this litigation to narrow the issues in dispute, and to use reasonable, good faith and proportional efforts to preserve, request, identify and produce relevant information and resolve discovery disputes.

The parties are also reminded that Magistrate Judge Docherty Practice Pointers, which are periodically revised, are available on the United States District Court for the District of Minnesota's website (*mnd.uscourts.gov*).  All parties are expected to be familiar with and adhere to these Practice Pointers, including any variances from the Local Rules.

## **PLEADINGS**

1. All process has been served, and all pleadings have been filed.  No party has an immediate plan to amend pleadings or add additional parties.  Any motion that seeks to further amend or supplement the pleadings or to add parties, together with supporting documents, must be filed and served on or before **December 1, 2022**.

2. Any motion that seeks to amend or supplement the pleadings must include a redlined version reflecting the changes contained in the proposed pleading.  (See Fed. R. Civ. P 15(a) and Local Rule 15.1.)

3. The moving party may file a reply memorandum as a matter of right in connection with a motion for leave to amend a pleading if the other side argues that the amendment would be futile.  In such case, the initial motion and supporting papers must be filed no less than 21 days before the hearing date, and the reply must be filed no more than 7 days after the other side files its response arguing futility.  To anticipate this expanded briefing schedule, the parties must discuss during the required pre-motion meet-and-confer whether the other side intends to argue futility.  The total word count for the opening and reply memoranda may not exceed 12,000 words unless

otherwise authorized.  If the other side does not argue futility, no reply will be permitted without leave of Court.  See ¶ 3 under Non-Dispositive Motions below.

**DISCOVERY DEADLINES AND LIMITS**

Pursuant to the stipulation of the parties, the Court entered a schedule setting certain deadlines for discovery and motion practice on November 12, 2020 (ECF No. 532.)  The following additional deadlines and limitations will govern fact discovery in this case:

1. The parties have already made their initial disclosures required by Rule 26(a)(1).  In all subsequently consolidated actions, the newly added parties shall serve initial disclosures within **28 days** of consolidation.  If the parties disclose(d) documents by category and location pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii), they will produce copies of the documents themselves in response to discovery requests.

2. Fact discovery must be commenced in time to be completed on or before **October 2, 2023**.  Privilege log procedures shall be governed by the Protective Order (ECF No. 123).  To facilitate the scheduling and taking of depositions, the Court also establishes the following interim deadlines for the production of documents and data:

    a. Rolling productions

        i. A responding party shall begin rolling productions of documents in response to the first sets of requests for production of documents within 60 days after substantial completion of that party's meet and confer process on the requests, custodians, sources, search methodology, and date ranges.

        ii. The parties will prioritize the production of documents for 5 Priority Custodians per Defendant Family[2] and will complete production for such Priority Custodians by **August 15, 2022**. The parties will notify all parties when they have completed,

---

[2] "Plaintiff Families" and "Defendant Families" are identified in Appendix A, attached hereto.

3

>       to the best of their knowledge, productions for any given custodian.
>
>    b. Structured data production should be complete by **September 1, 2022.**
>
>    c. Document production should be substantially complete by **November 1, 2022**.
>
> 3. Limitations on Written Discovery:
>
>    a. <u>Interrogatories</u>: Interrogatories will be counted in accordance with Fed. R. Civ. P. 33(a)(1). The parties must coordinate efforts and each side must avoid serving duplicative or unduly burdensome interrogatories.
>
>       i. <u>Plaintiffs</u>[3]: Plaintiffs, including Class and Direct Action Plaintiffs, may jointly serve 30 interrogatories on each Defendant Family. In addition, each Plaintiff Class may separately serve an additional 7 interrogatories on each Defendant Family. Direct Action Plaintiffs, collectively, may serve a total of an additional 10 interrogatories on each Defendant Family. Each Plaintiff Class together with any related Direct Action Plaintiffs must coordinate to ensure that any such requests do not cause unnecessary duplication.
>
>       ii. <u>Defendants</u>: Defendants may jointly serve 20 interrogatories on each of the individual named Plaintiffs and 30 interrogatories on each of the corporate named Plaintiffs and the Weinreis Family.
>
>    b. <u>Rule 34 Document Requests</u>:
>
>       i. Consistent with Fed. R. Civ. P. 34, there shall be no limits on the number of requests to produce the parties may serve. Each side must must endeavor to jointly serve their requests where there is overlap. Plaintiffs may direct their requests to Defendant Families or, for any discrete issues, to individual parties. Defendants may direct their requests to all Plaintiffs or, for any discrete issues, to an individually named Plaintiff or Plaintiff Class. No rights, obligations, or objections

---

[3] In determining these limitations, the Court has taken into account Plaintiffs' Motion for Leave to Propound Interrogatories Related to Affirmative Defenses (ECF No. 476) and these limitations incorporate the Court's ruling on that motion.

       available under the Federal Rules of Civil Procedure are modified by this paragraph.

   ii. The parties are reminded that Fed. R. Civ. P. 26(b)(1) provides that discovery must be both relevant to any party's claim or defense and proportional to the needs of the case, considering, *inter alia*, the importance of the issues at stake in the action and the importance of the discovery in resolving those issues, as well as whether the burden or expense of the proposed discovery outweighs its likely benefit. Accordingly, requests must be tailored and specific to the issues, and general requests for "all relevant documents" do not meet these criteria.

       At the same time, Fed. R. Civ. P. 34(b)(2) requires that a responding party must "state with specificity the grounds for objecting to the request, including the reasons" and that the objection "must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." Boilerplate or general objections that do not clearly communicate whether and to what extent the scope of the response is more limited than the scope of the request do not meet these criteria.

c. <u>Requests for Admissions</u>:

   i. The parties will meet and confer in good faith to determine if a process for a stipulation and/or a deferred Rule 30(b)(6) deposition can be agreed to concerning various evidentiary issues addressed in the Federal Rules of Evidence ("FRE"), including authenticity (FRE 902 & 903), duplicates (FRE 1001(4) & 1003), the requirement for a sponsoring witness to establish authenticity or best evidence, and status of a document as a business record (FRE 803(6)). The parties understand that the Court's presumption is that a document is authentic if it was produced from a party's files, unless a party makes a showing of good cause to the contrary. For any documents for which the parties cannot agree upon a stipulation, a party may serve, without limitation, any necessary requests for admission to address any potential evidentiary objections.

5

      ii. With respect to requests for admission <u>not</u> pertaining to the evidentiary issues addressed in the prior paragraph, all parties must endeavor to coordinate to ensure that any such requests do not cause unnecessary duplication. With respect to such non-evidentiary issues:

           1. Plaintiffs, including Class and Direct Action Plaintiffs, may jointly serve 30 requests for admission on each Defendant Family. In addition, each Plaintiff Class may separately serve an additional 20 requests for admission on each Defendant Family. Direct Action Plaintiffs, collectively, may serve a total of an additional 20 requests for admission on each Defendant Family. Each Plaintiff Class together with any related Direct Action Plaintiffs must coordinate to ensure that any such requests do not cause unnecessary duplication.

           2. Defendants may jointly serve 50 requests for admission on each named Plaintiff in the class action cases and on each Direct Action Plaintiff.

           3. Requests for Admissions must be served no later than 90 days before the close of discovery.

4. <u>Depositions</u>:

   a. <u>Deposition Protocol</u>: Depositions shall be governed by the Order for Deposition Protocol entered contemporaneously herewith.

   b. <u>Plaintiffs</u>:

      i. Plaintiffs, collectively, may take, per Defendant Family, no more than 20 Rule 30(b)(1) depositions of no more than 7 hours each, plus a maximum of 28 hours to be allocated for additional Rule 30(b)(1) depositions, provided, however, that each such additional deposition will count for a minimum of 4 hours, and no such additional deposition may exceed 7 hours in length. Depositions of third parties, including any deposition of a former employee of a Defendant who is not made available for deposition by that Defendant, will not be counted toward this limit.

6

      ii. Plaintiffs, collectively, may take one Rule 30(b)(6) deposition of no more than 14 hours of each Defendant Family, regardless of the number of designees identified to testify.

      iii. Plaintiffs may notice one Rule 30(b)(6) deposition of each Defendant family. In the event that any percipient witness who has received a deposition notice also is likely to be designated as a Rule 30(b)(6) representative, or in the event that any Rule 30(b)(6) designee also is likely to be deposed in his or her individual capacity, the parties will use their best efforts to coordinate so as to avoid multiple depositions of the same witness, however, Plaintiffs shall not be forced to prematurely engage in Rule 30(b)(6) depositions, or notice topics for such depositions, before they determine it is most efficient to do so. Rule 30(b)(6) depositions will be limited to a total of 10 hours per Defendant family (but not exceeding 7 hours in a single day, absent agreement of the parties) and shall count as a single deposition.

c. <u>Defendants</u>:

      i. Defendants may collectively take two Rule 30(b)(1) depositions of no more than 7 hours each per corporate Plaintiff or Plaintiff Family, and one Rule 30(b)(1) deposition of no more than 7 hours each per individual Plaintiff. Depositions of third parties, including any deposition of a former employee of a Plaintiff who is not made available for deposition by that Plaintiff, will not be counted toward this limit

      ii. Defendants may collectively take one Rule 30(b)(6) deposition per corporate Plaintiff of no more than 8 hours, regardless of the number of designees identified to testify.

d. <u>Employees and Former Employees of a Party</u>. A Rule 30(b)(1) deposition of an individual who has been employed by more than one party will count as a deposition of the party for which that employee or former employee worked the most number of days during the relevant period. If a party is aware of any individual noticed for deposition who has been employed by more than one party, and the noticing party's counsel has not expressed their knowledge of this fact, the party shall make this fact known upon receipt of a deposition notice for such individual.

7

    e. <u>Third Parties</u>.

        i. Each side shall be allowed 45 depositions of third parties of no more than seven hours each. For the avoidance of doubt, Plaintiffs' third-party depositions shall be shared by all individual and corporate Class and Direct Action Plaintiffs, and Defendants' third-party depositions shall be shared by all Defendants.

        ii. If Plaintiffs or Defendants cross-notice a third party for deposition, the parties shall meet and confer regarding the division of time among the parties. Parties may seek leave of Court for additional time for good cause or if they are otherwise unable to agree upon the division of time for a deposition. There shall be no presumption that the first noticing party shall have any preference regarding allocation of time simply by virtue of the timing of its notice.

    f. Each side reserves their respective rights to seek additional depositions, or additional time for depositions, beyond the limits herein, for good cause shown, and each reserves their rights to oppose such requests.

5.    <u>Third-Party Subpoenas</u>:

    a. Absent good cause to the contrary, all third-party subpoenas must be served in sufficient time, taking into account the nature and volume of the material requested, to allow for resolution of reasonably anticipated disputes and production of the material requested no later than the deadline for the completion of all fact discovery. In no event shall third-party subpoenas be served less than 45 days prior to the deadline for completion of fact discovery.

    b. Plaintiffs and Defendants must give each side notice of the issuance of a third-party subpoena. Such notice must be given at least three (3) business days in advance, except in the case of subpoenas of telephone service providers, in which case notice must be given at least five (5) business days in advance. Plaintiffs and Defendants must exchange all third-party productions within 14 days of receipt of the productions or at least 14 days before the deposition of the producing third party, whichever is earlier.

6. The parties in all coordinated and consolidated cases at the close of fact discovery must meet and confer about next steps for the Direct Action cases and present a proposal to the Court **within 90 days** after that deadline.

## NON-DISPOSITIVE MOTIONS

Except where the parties and the Court have agreed to handle a dispute through Informal Dispute Resolution (see below), all non-dispositive motions must be scheduled, filed, and served in compliance with the Electronic Case Filing Procedures for the District of Minnesota and with Local Rules 7.1 and 37.1.  *The required "meet and confer" must be meaningful and must include attempts to do so through personal contact, rather than solely through correspondence.*  Unless a non-dispositive motion is unopposed, it must be scheduled for hearing prior to filing by calling the Courtroom Deputy/Judicial Assistant for Magistrate Judge Docherty, even when all parties are in agreement that no hearing is required.[4]  If the moving party does not intend to file the motion promptly after receiving a hearing date from the Court, it must notify the other side in writing of the hearing date and the nature of the anticipated motion.  Counsel are advised not to notice additional motions for hearing on an already existing hearing date without first contacting the Court for permission to do so.

The parties must promptly bring disputes to the Court through its procedures for resolving non-dispositive motions where the parties have not been able to resolve those disputes through a diligent, good faith meet-and-confer process.  In other words, simply because this Scheduling Order establishes a deadline for filing a particular type of non-

dispositive motion does not mean the Court will automatically deem any motion brought by that deadline to have been timely filed.  The Court will consider whether the relief sought by the motion is likely to impact the parties' ability to meet the other deadlines in this Order and whether it appears that with the exercise of diligence, the motion could have been brought sooner.

1. All non-dispositive motions and supporting documents, other than those seeking to amend or supplement the pleadings or relating to expert discovery, must be filed and served no later than **two weeks after the deadline for the completion of fact discovery**.  This includes motions relating to fact discovery and motions to amend this Scheduling Order.

2. All non-dispositive motions and supporting documents that relate to discovery pertaining to class certification experts must be filed as soon as possible after a good faith attempt to resolve the dispute through meet and confer efforts.  All non-dispositive motions and supporting documents that relate to discovery pertaining to trial experts must be filed and served no later than **two weeks after the deadline for the completion of expert discovery**.

3. Reply Memoranda:  For any non-dispositive motion other than a motion to amend the pleadings as to which the other side argues futility, the moving party must obtain leave of Court before filing a reply memorandum.  Leave shall be sought by filing and serving a short letter explaining the need for a reply and identifying the issue or issues to be addressed.  The proposed reply must not be filed with the letter.  No response to the letter may be filed unless the Court requests it.  If the Court grants leave to file a reply, the reply must be filed and served no later than four days after the filing of the response to which it is directed unless the Court sets a different deadline.  Unless otherwise authorized, the reply memorandum may not exceed 1,750 words, including footnotes, and the total word count for the opening and reply memoranda may not exceed 12,000 words.

---

[4]  If the parties are in agreement that no hearing is necessary, that agreement must be clearly stated in the notice of motion. If the Court agrees, it will file an order canceling the hearing and stating its intention to take the motion under advisement on the papers.

4.   Discovery Motions:

Local Rule 37.1 governs the form of discovery motions. Counsel must adhere to the Rule; however, they should also take care to prepare their documents to offer a clear presentation of the discovery dispute in an efficient and effective way. The status of each dispute should be clear to the Court without having to cross-reference multiple exhibits. Arguments should be precise and should be grounded in the current Federal Rules of Civil Procedure governing discovery, including recent amendments. To the extent a burden is asserted, support for this position must be included. One suggested approach is set forth below:

| |
|---|
| Insert the actual discovery request |
| Insert the actual response and objections |
| Insert position after meet and confer to make clear any compromise positions offered by either side |
| Legal argument |
| Specific relief sought |

Upon good cause shown by letter request pursuant to Local Rule 7.1(f)(1)(D), the Court will give a party leave to exceed the word limits for its memorandum if the additional words will help avoid the need for the Court to cross-reference multiple exhibits. The letter should reference this Scheduling Order.

## **INFORMAL DISPUTE RESOLUTION (IDR)**

If the meet and confer required by Local Rule 7.1 is not successful in resolving a dispute concerning a non-dispositive issue between the parties, the parties to the dispute should, prior to scheduling any non-dispositive motion, meet and confer regarding whether the issue may be resolved through Informal Dispute Resolution (IDR) with the magistrate judge. If <u>all parties to the dispute</u> do not agree to submit the dispute through the IDR process, the "moving party" (i.e., the party seeking relief from the Court) must

11

proceed by formal motion. If the parties agree to submit the dispute through the IDR process, the "moving party" must file on CM/ECF a letter representing that the parties wish to engage in IDR, and setting forth (1) the well-defined issue to be resolved, (2) the party's position on the issue, and the factual and legal basis for that position, and (3) a clear bullet-point summary of the relief sought. Unless an alternative schedule is established by the Court (for example, in an order scheduling a case management conference at which the Court will entertain disputes presented through the IDR process), the responding party/ies' letter is due within three business days after the "moving party's" letter is submitted. The responding party/ies' letter must confirm their agreement that the dispute may be resolved through IDR and must set forth their position on the merits of the dispute. For purposes of this process, a letter that is filed after 4:30 p.m. Central Time will be considered as having been submitted the following day. Because of the short turn-around time for the IDR process, the parties' IDR letters must also be emailed to the chambers of the magistrate judge at the same time they are filed.

The subject line of each letter must include the name of the case and the case number, and must clearly denote that the letter pertains to an IDR request. In addition, the subject line of the "moving party's" initial letter must state the date (no earlier than three days following the date the responsive letter is due) by which the parties would like to be heard. Each letter may not exceed five (5) pages, single-spaced, and may include no more than three (3) exhibits. The letter may include a concise discussion of legal authorities, but the magistrate judge will not review lengthy briefs or voluminous exhibits, as the purpose of the IDR process is to reduce the time and expense associated

with the resolution of non-dispositive issues that may arise during the pretrial process. The magistrate judge will request additional exhibits or authorities if needed, and may in its discretion conclude that the issue should instead be submitted by formal motion.

The "moving party" will be responsible for contacting chambers to request a date and time for a telephone conference, and will coordinate that date with the responding party or parties. At least one (1) attorney for each party knowledgeable about each disputed issue must participate in the conference, but no more than two (2) attorneys for each party to the dispute may participate.

If the magistrate judge agrees that the dispute is appropriate for informal resolution, she will read the written submissions, hear counsel's arguments at the conference, and issue her decision at the conclusion of the conference or shortly thereafter. There may be no transcript or other recording of the IDR conference call; however, the magistrate judge's order on the dispute will be reflected in a minute entry on CM/ECF, and is enforceable by the same means and to the same extent as if it had been rendered at the conclusion of formal motion practice.

The decision of the magistrate judge on an issue submitted through the IDR process is final and cannot be appealed to the District Judge or preserved for the Court of Appeals, nor can a party revive the issue by filing a formal motion. In other words, by agreeing to submit a dispute to IDR, the party is agreeing to live with the decision the magistrate judge renders on that dispute at the conclusion of the IDR process.

## **PROTECTIVE ORDER AND HANDLING OF SEALED DOCUMENTS IN CONNECTION WITH MOTIONS**

By agreement of the parties, a protective order has been entered in this case to govern the handling of confidential information produced in discovery. (ECF No. 123.) If a dispute arises regarding whether that protective order should be modified, and that dispute cannot be resolved through a good faith meet and confer, the dispute should be submitted to the Court as soon as possible in accordance with the procedures governing non-dispositive motions.[5] In the interim, however, absent extraordinary circumstances, any otherwise discoverable information that a producing party believes should be covered by the proposed modifications may not be withheld on the basis that the modifications have not yet been adopted. Instead, the information must be produced to opposing counsel, but it may be designated for restricted review in accordance with the proposed modifications if there is a good faith basis for doing so. Opposing counsel must comply with the interim restricted designation for such information until the Court resolves the dispute concerning the protective order. At that time, the producing party must re-produce and re-designate the documents if necessary to conform to the Court's ruling.

**The parties are reminded that Local Rule 5.6 governs the filing of documents under seal in this case.**

---

[5]     Parties who agree to a modification of the protective order may submit a stipulation with the proposed modified order to the Court without a motion and do not need to comply with Local Rule 7.1(b). If they agree that the order should be modified but disagree as to the details of the modification, they may still submit it by stipulation and proposed order, provided they clearly set forth their respective positions on the terms as to which they disagree. However, if they disagree about whether the protective order

If a party intends to file in connection with a motion a document the party believes in good faith is not confidential but which has been designated by another party as confidential or protected, the party intending to file the document is encouraged to meet and confer with that party concerning the designation of the document and if necessary to follow the procedures set forth in the protective order to challenge the designation of the document, to the extent practicable, before the party's submission is due.

If a party files a document under seal, counsel must provide the Court with a courtesy copy of each sealed document either in hard copy or on a CD, thumb drive, or similar electronic storage media. The confidential information (i.e., the information that was redacted from the publicly filed document) must be ***highlighted in yellow*** on the courtesy copy. The sealing of entire pleadings, memoranda of law, exhibits, and the like is strongly discouraged; however, in the rare event that an entire document is filed under seal, the courtesy copy of that document must so note. The courtesy copies must be delivered to the Court no later than the next business day after the documents are e-filed.

A joint motion for sealing filed pursuant to Local Rule 5.6 must not only set forth the justification(s) for continued sealing but must, to the extent practicable, identify with specificity the portion or portions of each document for which the parties seek continued sealing. That a document was designated as confidential under a protective order cannot be the sole reason to support continued sealing. If a redacted public version of any such document has not already been filed, or if further good faith review by the party who

---

should be modified at all, the onus is on the party seeking modification to seek relief from the Court by motion or, if the parties agree, through the IDR process.

asserts confidentiality reveals that some of the previously redacted material does not require sealing, the parties must cooperate to prepare and file a redacted version of that document, and must refer to it in the joint motion for sealing.

## **CLASS CERTIFICATION MOTIONS AND RELATED EXPERT DISCOVERY**

1. Plaintiffs must file and serve their motions for class certification, together with supporting documents and related expert reports on or before **May 1, 2023.**

2. Defendants must file and serve their memoranda in opposition to class certification, together with supporting documents and related expert reports, on or before **July 3, 2023.** In addition, Defendants must file and serve any *Daubert* motion seeking to exclude expert opinion pertaining to class certification on or before **July 3, 2023.**

3. Plaintiffs must file and serve their reply memoranda and any rebuttal expert reports on or before **September 1, 2023**.[6] In addition, Plaintiffs must file and serve any *Daubert* motions seeking to exclude expert opinion pertaining to class certification, and their memoranda in response to any *Daubert* motions filed by Defendants, on or before **September 1, 2023.**

4. Defendants must file and serve their memoranda in response to any *Daubert* motions filed by Plaintiffs, and their reply in support of their own *Daubert* motions, on or before **October 13, 2023.**

5. Plaintiffs must file and serve their reply memoranda in support of their own *Daubert* motions on or before **November 13, 2023.**

6. All expert material, including back-up data, relied upon in any expert report pertaining to class certification must be produced no later than three business days after service of the expert report. Depositions of experts shall occur on mutually convenient dates starting fourteen days after production of the back-up materials.

7. Supplemental expert reports pertaining to class certification shall be governed by Fed. R. Civ. P. 26(a)(2)(E) and 26(e).

---

[6] Reply memoranda and rebuttal reports, if any, must be limited to genuine rebuttal material and may not address matters that properly should have been addressed in an opening memorandum or report.

All class certification motions must be filed and served in compliance with the Electronic Case Filing Procedures for the District of Minnesota and Local Rule 7.1. Class certification motions must be scheduled for a hearing by calling the Courtroom Deputy for the Honorable John R. Tunheim at **(612) 664-5083**. Counsel are reminded that they must anticipate the time required for obtaining hearing dates.

## **TRIAL EXPERTS**

1. Disclosure of the identities of expert witnesses under Rule 26(a)(2)(A), the full disclosures required by Rule 26(a)(2)(B) (including the written report prepared and signed by each expert witness), and the full disclosures required by Rule 26(a)(2)(C), must be made as follows:

   Identification and Rule 26(a)(2)(B) and 26(a)(2)(C) disclosures must be made for any expert who may testify at trial regarding issues on which the party bears the burden of persuasion no later than **sixty (60) days** after the Eighth Circuit's ruling on any Rule 23(f) Petition and a final decision on any eventual appeal of a class certification ruling.

   Identification and Rule 26(a)(2)(B) and 26(a)(2)(C) disclosures must be made for any expert who may testify at trial in rebuttal to any initial expert no later than **sixty (60) days** after service of the initial expert report.

2. Expert discovery, including depositions, must be completed no later than **150 days** after the Eighth Circuit's ruling on any Rule 23(f) Petition and a final decision on any eventual appeal of a class certification ruling.

## **SETTLEMENT CONFERENCE**

The Court may *sua sponte* schedule status conferences or settlement conferences to explore options for alternative dispute resolution. In addition, the Court may, in its discretion, contact the parties ex parte to discuss settlement, or may consider joint or ex parte requests that the Court schedule a settlement conference or otherwise assist in settlement negotiations. The content of any such ex parte communication shall be strictly

17

limited to the topic of settlement and shall not touch on any matter that may come before the magistrate judge for a ruling. The Court will treat such ex parte settlement communications as confidential unless otherwise advised.

### **DISPOSITIVE MOTIONS AND TRIAL READY DATE**

The parties agree that it would be premature at this time to set a deadline for dispositive motions and a trial-ready date for any of these cases. The parties must contact the Court **within 14 days** after a class-certification ruling becomes final to schedule a status conference to discuss deadlines for dispositive motions and a trial-ready date.

No party may file a motion for summary judgment before all fact and expert discovery has been completed without first obtaining permission from the undersigned. Permission must be sought by electronically filing a letter of no more than three (3) pages briefly setting forth the basis for the motion, whether discovery relating to the issue or issues to be addressed by the motion is complete, and why judicial efficiency would be served by allowing the motion to proceed at this time. The other party or parties may file brief letters in support of or in response to the request within 5 days. Denial of a request for permission to file an interim dispositive motion shall not be taken as an indication of the Court's view about the merits of the proposed motion.

Dated:  June 22, 2022	s/*Hildy Bowbeer*
	HILDY BOWBEER
	United States Magistrate Judge

**Appendix A**
**Party Families**

"Cargill Family" means Cargill, Incorporated, and Cargill Meat Solutions Corporation.

"JBS Family" means JBS S.A., JBS USA Food Company, Swift Beef Company, and JBS Packerland, Inc.

"Tyson Family" means Tyson Foods, Inc., and Tyson Fresh Meats, Inc.

"Defendant Families" includes the Cargill Family, JBS Family, Tyson Family, and National Beef Packing Company, LLC.

"Plaintiff Families" includes Charles Weinreis, Weinreis Brothers Partnership and Minatare Feedlot, Inc., who collective are the "Weinreis Family."

In defining Plaintiff and Defendant "Families" in the interest of streamlining discovery, the respective parties do not concede that the separate entities listed therein are unified in any way. Defendants reserve all rights and arguments with respect to the deficiencies of Plaintiffs' allegations against certain corporate entities, such as parent corporations.