# EXHIBIT A

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| **IN RE CATTLE AND BEEF ANTITRUST LITIGATION**  *This Document Relates to:* *ALL CASES* | Case No. 20-cv-1319 (JRT/HB) **Lead Case**  Judge John R. Tunheim |

# ALL PLAINTIFFS' FIRST SET OF REQUESTS TO ALL DEFENDANTS FOR THE PRODUCTION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs hereby request that Defendants respond to this First Set of Requests To All Defendants for the Production of Documents and Electronically Stored Information and produce the documents and electronically stored information requested herein no later than 30 days after the commencement of discovery or other date ordered by the Court, at the offices of Robins Kaplan LLP, 800 LaSalle Avenue, Suite 2800, Minneapolis, MN 55402, or at such other mutually agreeable location. Corrections to, and supplemental responses of, the production of documents and electronically stored information are required as provided for in the Federal Rules of Civil Procedure.

**I.     DEFINITIONS**

1.     The definitions and rules of construction set forth in Federal Rule of Civil Procedure 34 are hereby incorporated and shall apply to Plaintiffs' First Set of Requests to All Defendants for the Production of Documents and Electronically Stored Information ("Requests").

2.     All definitions and abbreviations in these Requests have the same meaning as the definitions and abbreviations in *Cattle* Plaintiffs' Third Consolidated Amended Class Action Complaint (ECF No. 321 in *Cattle*) ("*Cattle* Operative Complaint"),[1] unless otherwise stated herein. To the extent that any of the definitions listed below conflict with the definitions agreed or ordered in relation to those specific terms in the context of the Parties' ongoing negotiations relating to the Parties' prior requests for production, the definitions agreed or ordered shall apply.

3.     The following additional definitions and rules of construction shall apply:

   a.   The singular form of a word includes the plural and vice versa;

   b.   The present tense shall be construed to include the past tense and vice versa;

   c.   "And" and "or" shall be construed either disjunctively or conjunctively, whichever is appropriate to have the broadest reach;

   d.   "Any" means one or more, "Each" means each and every, and "All" means all and any;

---

[1]     "*Cattle*" refers to *In Re Cattle Antitrust Litigation*, 0:19-cv-01222 (D. Minn).

  e. "Concerning" means relating to, referring to, describing, evidencing, or constituting;

  f. "Including" means including but not limited to and including without limitation;

  g. "Person" shall be interpreted in the broadest sense, and shall include any natural person or any business, legal, governmental, or nongovernmental entity, association, or organization;

  h. The masculine, feminine, or neuter pronoun shall not exclude other genders; and

  i. References to employees, officers, directors, or agents shall include both current and former employees, officers, directors, and agents.

4. "You" or "Your" means the responding Defendant and any of its officers, directors, employees, partners, parents, subsidiaries, affiliates, divisions, predecessors, successors, representatives, agents, attorneys, and assigns, and also includes any other entities or individuals acting or purporting to act on their behalf or at their direction.

5. "Beef" means meat fabricated from fed cattle and/or Commercial Cattle, sold or purchased fresh or frozen, whether as boxed beef, ground beef, or as part of a further processed product.

6. "Commercial Cattle" means cattle harvested for beef other than fed cattle.

7. "Commercial Cattle Purchase Data" means documents and all relevant information fields associated with each of Your purchases of Commercial Cattle for slaughter in the United States (including inter-Defendant purchases), regardless of whether

3

those purchases were completed or cancelled. Commercial Cattle Purchase Data includes data sufficient to identify:

- a. the terms of each such purchase, including:
    - i. all pricing information concerning the transaction, including any pricing formula utilized and shipping, tax, or similar charges;
    - ii. contract type (*e.g.*, Cash, Forward, Formula, or Grid);
    - iii. the agreed delivery period;
    - iv. cattle type (*e.g.*, cow, bull, or mixed), including as much detail on type as maintained;
    - v. the quantity (and units of measure) for each transaction for each cattle type, breed, grade, sex, and certified cattle program;
    - vi. the currency in which the transaction was billed and paid; and
    - vii. any discounts, rebates, credits, freight allowances, returns, free goods, and/or services or any other pricing adjustment for each transaction, with sufficient information to attribute these adjustments to individual purchase transactions;
- b. any unique number associated with each such purchase (*e.g.*, invoice number or purchase order number);
- c. the name and location of the feedlot from which the cattle were purchased for each such purchase;

4

d. the seller's name, phone number(s), address(es), email address(es) for each such purchase (including any identification numbers);

e. the seller's parent company;

f. the country of origin of cattle;

g. the seller's marketing agent name and address(es) for each such purchase (including any identification numbers);

h. the name and address of the slaughter plant to which the cattle were delivered for each such purchase;

i. the date of delivery to the slaughter plant for each such purchase;

j. requests by either party for shipment postponement, including reasons given, for each such purchase;

k. the sum ultimately paid to the seller in relation to the purchase before the addition of any taxes or delivery charges, and the data points used to calculate that sum, including, for example, base price, live weight, carcass weight, yield, quality grade, and eligibility for a certified program, for each such purchase;

l. the date on which payment for the cattle was made for each such purchase;

m. classification as heavyweight or lightweight for each such purchase;

n. quality, including USDA grade and eligibility for a branded or certified program (*e.g.*, Certified Angus Beef), for each such purchase;

o. dress percentage, yield, and yield grade for each such purchase;

5

      p.      any record of Your profit from each such purchase;

      q.      any Structured Database field summarizing terms of each such purchase or agreements or contracts for customers or Producers as well as a field specifying contract number;

      r.      indication of cancellations, including indication of quantity cancelled and method to link a cancellation for each such purchase; and

      s.      any other data available in Your database concerning each such purchase.

8.    "Communications" includes every manner or means of disclosure, transfer, or exchange of information (in the form of facts, ideas, inquiries, or otherwise), whether orally, electronically, by document, telecopier, mail, personal delivery, or otherwise.

9.    "ESI" or "electronically stored information" means information that is stored electronically, regardless of media or whether it is in the original format in which it was created.

10.    "ESI Protocol" means the Order Regarding Production of Electronically Stored Information and Paper Documents entered in these coordinated actions (ECF No. 93), as amended or supplemented from time to time.

11.    "Price" or "pricing" means any actual, proposed, suggested, or recommended price, as well as price increases or decreases, price quotations or offers, price lists, price announcements, discounts, rebates, credit terms, and any changes or proposed changes in the above.

12. "Producer" means any person engaged in the business of selling fed cattle and/or Commercial Cattle to a Packer for slaughter, and any of its officers, directors, Employees, partners, parents, subsidiaries, affiliates, divisions, predecessors, successors, representatives, agents (including marketing cooperatives and custom feedlots engaged by that Producer to feed/sell their fed cattle and/or Commercial Cattle), attorneys, assigns, and any other entities or individuals acting or purporting to act on their behalf or at their direction.

13. "Protective Order" means the Protective Order entered in these coordinated actions (ECF No. 123) in this matter, as amended or supplemented from time to time.

14. "Structured Data" or "Structured Database" refers to any electronic data that resides in a fixed field within a record or file, such as data stored in Oracle, SQL, or files that are in Columns/Rows or a fixed field with a predefined format.

15. "Other Packer" or "Other Packers" refer to beef packers in the United States who purchase fed cattle for slaughter and are not Defendants.

16. The use of any definition for the purposes of these requests shall not be deemed to constitute an agreement or acknowledgement on the part of Plaintiffs that such definition is accurate, meaningful, or appropriate for any other purpose in this action.

## II.   INSTRUCTIONS

1. These instructions hereby incorporate the Protective Order and ESI Protocol, whose terms shall prevail in the event of a conflict between those orders and these instructions.

2. Save as to paragraph 3 immediately below, all instructions set forth in the *Cattle* Plaintiffs' June 19, 2020 First Set of Requests to All Defendants for the Production of Documents and Electronically Stored Information (*Cattle,* 3:19-cv-1222) ("First Set of Requests") shall apply to this First Set of Requests by All Plaintiffs to All Defendants. To the extent Plaintiffs and Defendants have agreed in writing to modifications during the meet and confer process, such modifications shall apply herein

3. Unless a specific request indicates otherwise, each Request for the production of Structured Data calls for production of such data for the period beginning January 1, 2006, through December 31, 2021. Each request for other Documents and Communications calls for the production of such materials dated, prepared, or received during, or otherwise related to, the period from January 1, 2012, through June 30, 2020, unless a specific request indicates otherwise. However, if a Document prepared before January 1, 2012, is necessary for a correct and/or complete understanding of any Document covered by the Request, such earlier Document shall be produced. If any Document is undated, or the date of its preparation cannot be determined, the Document shall be produced if otherwise responsive to the Request. Plaintiffs will meet and confer with You regarding the appropriate custodians whose email accounts and other Documents should be searched in responding to these requests and whether any search terms or other culling parameters are appropriate.

## III. REQUESTS

**Request No. 1**: To the extent not agreed to be produced pursuant to *Cattle* Request 2,[2] transaction-level data for all Your purchases, sales, trades, or any other transaction of or in Commercial Cattle, including all Commercial Cattle Purchase Data. Plaintiffs request this information in the most disaggregated form in which it is kept, and Defendants should produce the data in a comma-delimited text file. If You maintain separate or distinct sets of such data, Plaintiffs' request is for each separate set of data.

**Request No. 2**: All Structured Data showing the individual transactions You made to sell the "drop credit" (*e.g.*, hide, head, organs, and blood) of fed cattle slaughtered in the United States. For each transaction, this includes, but is not limited to:

    a.    the terms of each sale, including:

        i.    date of sale;

        ii.    all pricing information concerning the sale, including any price formulas or indices utilized, shipping, tax, or similar charges, and the gross and net unit price for each item in the sale;

        iii.    contract type;

        iv.    agreed delivery period;

        v.    the quantity (and units of measure) for each sale;

        vi.    the currency in which the sale was billed and paid; and

---

[2]    *See* First Set of Requests.

   vii. any discounts, rebates, credits, freight allowances, returns, free goods, and/or services or any other pricing adjustment for each sale, with sufficient information to attribute these adjustments to individual sales transactions;

b. product id number;

c. product description;

d. whether the product in each such sale was fresh, frozen, or chilled;

e. cattle type from which the drop credit in each such sale was produced (*e.g.*, steer, heifer, cow, bull, or mixed, and breed);

f. any unique number associated with each transaction (*e.g.*, invoice number or purchase order number);

g. the name and address of the location(s) from which the drop credit was produced and shipped for each such transaction;

h. the purchaser's name (both the bill to name and the ship to name as well as any purchaser ID number), phone number(s), address(es) (including any bill to and ship to address(es)), and/or email address(es) for each such sale;

i. the sales channel in which the customer operates;

j. parent company of the customer;

k. the date You shipped the drop credit, the date You billed for the drop credit, and the date the purchaser took delivery for each such sale;

l. any record of Your profit from each such sale;

      m.    indication of cancellations and returns, including indication of quantity cancelled or returned and method to link a cancellation or return with each such sale;

      n.    the sum ultimately paid by the purchaser for each such sale, excluding the addition of any taxes or delivery charges, and the data points used to calculate that sum, including, for example, base price, rebates, discounts, credits;

      o.    any Structured Database field summarizing terms of each such sale or agreements or contracts as well as a field specifying the contract number; and

      p.    any other data available in Your databases Concerning each such sale.

**Request No. 3**: Documents and Communications discussing or analyzing the timing of the cattle cycle and/or how the actual and/or expected cattle cycle impacts actual or expected fed cattle prices or forecasts of fed cattle prices.

**Request No. 4**: Documents and Communications sufficient to show: (a) industrywide standards and definitions relating to fed cattle breeds, grades, or other characteristics; and (b) Your standards and programs for cattle procurement (*e.g.*, cattle breeds, fed, antibiotics, halal, organic).

**Request No. 5**: Documents and Communications discussing or analyzing the impact of the characteristics of fed cattle, including cattle weight, breed, quality, certified program, grade, geographic location, and other factors, on: (a) the price of fed cattle; and/or (b) the price of Beef fabricated from such fed cattle.

11

**Request No. 6**:  Documents and Communications sufficient to describe Your fed cattle slaughtering and fabrication processes, including any changes made to these processes from January 1, 2006, to present.

**Request No. 7**:  Documents and Communications discussing or analyzing: (a) the impact of fed cattle and/or Beef imports and exports on U.S. fed cattle prices; and/or (b) reasons for importing or exporting or not importing or exporting fed cattle and/or Beef.

**Request No. 8**:  Documents and Communications discussing or analyzing the effects of the Tyson Holcomb Plant fire and/or COVID-19 on the U.S. market for fed cattle and/or the U.S. market for Beef.

**Request No. 9**:  Documents and Communications discussing or analyzing the perishable nature of fed cattle and/or market access risk faced by U.S. fed cattle Producers. In this Request, "market access risk" has the meaning given to it by ¶294 of the *Cattle Operative Complaint*, namely "the availability of a timely and appropriate market outlet."

**Request No. 10**: Documents and Communications discussing or analyzing the: (a) short run and/or long run supply elasticity of fed cattle; and/or (b) short run and/or long run price elasticity of fed cattle.

**Request No. 11**:  Documents and Communications discussing or analyzing actual or potential substitutes for fed cattle and/or actual or potential substitute markets into which fed cattle could be sold.

**Request No. 12**:  Documents and Communications discussing or analyzing: (a) the influence or effect of alternative marketing agreements/captive supply agreements (*e.g.*, formula, forward, top-of-the-market, and cost-plus agreements) on cash fed cattle

12

purchases and prices; and/or (b) reasons for increasing, decreasing, or changing the volume of fed cattle procured on alternative marketing agreements/captive supply agreements and/or in the cash market.

**Request No. 13**:  Documents and Communications discussing or analyzing the determinants of the "meat margin" (*Cattle* Operative Complaint, ¶5).

**Request No. 14**:  Documents and Communications discussing or analyzing the effect of Other Packers on the market for fed cattle, including fed cattle demand, supply, prices, and competition.

**Request No. 15**:  Documents and Communications relating to any weekly purchase or "trading windows" (*Cattle* Operative Complaint, ¶158) for fed cattle transactions, whether employed by you, a Defendant, or an Other Packer, including the factors that may influence when to conduct cash cattle transactions during the weekly cash cattle trade.

**Request No. 16**:  Documents and Communications discussing or analyzing any seasonal changes in U.S. fed cattle procurement, including, but not limited to, seasonal factors impacting finished fed cattle availability or Beef demand.

**Request No. 17**:  Documents and Communications relating to the opening, construction, expansion, and/or sale of one or more of: (a) Your U.S. fed cattle harvest and/or fabrication facilities; and/or (b) another Defendants' or Other Packer's U.S. fed cattle harvest and/or fabrication facilities.

**Request No. 18**:  All documents relating to any boycott of fed cattle Producers or feedlots by any Defendant or any Other Packer, including regional boycotts.

13

**Request No. 19**:  All documents concerning Witness 1, Witness 2, and/or Mr. Hooker, as referenced in the *Cattle* Operative Complaint.

**Request No. 20**:  All documents regarding persons and entities, other than you or your employees, you listed under Federal Rule of Civil Procedure 26(a)(1)(A)(i) or (ii) in your Initial Disclosures in any of the coordinated actions (as amended from time to time), including all Communications with those persons and entities.

**Request No. 21**: Documents and Communications discussing or analyzing the product and geographic scope of any markets in the United States for the sale of fed cattle and/or the sale of Beef.

**Request No. 22**: Documents and Communications discussing or analyzing the allocation of Your cattle harvest and fabrication capacity between fed cattle and Commercial Cattle, including actual or potential changes to Your allocation of that capacity between cattle types.

**Request No. 23**: Documents and Communications relating to international supply, international demand, import levels, export levels, import prices, and/or export prices of Beef, including their relation to and/or impact on the price of Beef in the United States.

Dated:  January 11, 2022                             Respectfully submitted,

/s/W. Joseph Bruckner                          /s/Shana E. Scarlett
W. Joseph Bruckner ( #0147758)         Shana E. Scarlett (*pro hac vice*)
Brian D. Clark ( #0390069)                   Rio S. Pierce (*pro hac vice*)
Arielle S. Wagner ( #0398332)             **HAGENS BERMAN SOBOL SHAPIRO**
Kyle Pozan (*pro hac vice*)                    **LLP**
**LOCKRIDGE   GRINDAL   NAUEN**  715 Hearst Avenue, Suite 202
**P.L.L.P.**                                                  Berkeley, California 94710

14

| | |
|---|---|
| 100 Washington Avenue South, Suite 2200 | T: (510) 725-3000 |
| Minneapolis, MN 55402 | shanas@hbsslaw.com |
| T: (612) 339-6900 | riop@hbsslaw.com |
| wjbruckner@locklaw.com | |
| bdclark@locklaw.com | |
| aswagner@locklaw.com | |
| kjpozan@locklaw.com | |
| | |
| J. Barton Goplerud (*pro hac vice*) | Steve W. Berman (*pro hac vice*) |
| **Shindler, Anderson, Goplerud & Weese, PC** | **HAGENS BERMAN SOBOL SHAPIRO LLP** |
| 5015 Grand Ridge Drive, Suite 100 | 1301 Second Avenue, Suite 2000 |
| West Des Moines, Iowa 50265 | Seattle, Washington 98101 |
| Telephone: (515) 223-4567 | T: (206) 623-7292 |
| goplerud@sagslaw.com | steve@hbsslaw.com |

*Interim Co-Lead Class Counsel for Consumer Indirect Purchaser Plaintiffs*

| | |
|---|---|
| /s/Adam J. Zapala | /s/ Daniel E. Gustafson |
| Adam J. Zapala | Daniel E. Gustafson (#202241) |
| Elizabeth T. Castillo | Daniel C. Hedlund (#259337) |
| Reid W. Gaa | Michelle J. Looby (#0388166) |
| **COTCHETT, PITRE & MCCARTHY, LLP** | Joshua J. Rissman (#0391500) |
| | Brittany Resch (#397656) |
| 840 Malcolm Road | **GUSTAFSON GLUEK PLLC** |
| Burlingame, CA 94010 | Canadian Pacific Plaza |
| T: (650) 697-6000 | 120 Sixth Street, Suite 2600 |
| azapala@cpmlegal.com | Minneapolis, MN 55402 |
| ecastillo@cpmlegal.com | T: (612) 333-8844 |
| rgaa@cpmlegal.com | dgustafson@gustafsongluek.com |
| | dhedlund@gustafsongluek.com |
| | mlooby@gustafsongluek.com |
| | jrissman@gustafsongluek.com |
| | bresch@gustafsongluek.com |

15

Alexander E. Barnett
**COTCHETT, PITRE & MCCARTHY, LLP**
40 Worth Street, 10th Floor
New York, NY 10013
T: (212) 201-6820
abarnett@cpmlegal.com

Dennis J. Stewart (*pro hac vice*)
**GUSTAFSON GLUEK PLLC**
600 B Street, 17th Floor
San Diego, CA 92101
T: (612) 333-8844
dstewart@gustafsongluek.com

Jason S. Hartley (*pro hac vice*)
Dylan McFarland (*pro hac vice)*
**HARTLEY LLP**
101 W. Broadway, Suite 820
San Diego, CA 92101
T: (619) 400-5822
hartley@hartleyllp.com
mcfarland@harleyllp.com

Megan E. Jones (*pro hac vice*)
**HAUSFELD LLP**
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
T: (415) 633-1908
mjones@hausfled.com

*Interim Co-Lead Counsel for the Proposed Direct Purchaser Plaintiffs*

/s/ Patrick J. McGahan
David R. Scott (*pro hac vice*)
Amanda F. Lawrence (*pro hac vice*)
Patrick J. McGahan (*pro hac vice*)
Michael P. Srodoski (Bar No. 0398250)
**SCOTT + SCOTT ATTORNEYS AT LAW LLP**
156 Main Street
P.O. Box 192
Colchester, CT 06415
T: 860-537-5537
david.scott@scot-scott.com
alawrence@scott-scott.com
pmcgahan@scott-scott.com
msrodoski@scott-scott.com

Christopher M. Burke (*pro hac vice*)
**SCOTT + SCOTT ATTORNEYS AT LAW LLP**
600 W. Broadway, Suite 3300
San Diego, CA 92101
T: 619-233-4565
cburke@scott-scott.com

16

Joseph P. Guglielmo (*pro hac vice*)
**SCOTT + SCOTT ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
T: 212-223-6444
jguglielmo@scott-scott.com

Anthony F. Fata (*pro hac vice*)
Jennifer W. Sprengel (*pro hac vice*)
Katilin Naughton (*pro hac vice*)
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
135 S. LaSalle Street, Suite 3210
Chicago, IL 60603
T: 312-782-4882
afata@caffertyclobes.com
jsprengel@caffertyclobes.com
knaughton@caffertyclobes.com

Ellen Meriwether (*pro hac vice*)
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
205 N. Monroe Street
Media, PA 19063
T: 215-864-2800
emeriwether@caffertyclobes.com

*Interim Co-Lead Counsel for the Cattle Plaintiffs*

K. Craig Wildfang (#0117043)
Thomas J. Undlin (#0183751)
Stacy E. Slaughter (#0296971)
Geoff Kozen
Eric P. Barstad
**ROBINS KAPLAN LLP**
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
T: 612-349-8500
kcwildfang@robinskaplan.com
tundlin@robinskaplan.com
sslaughter@robinskaplan.com
gkozen@robinskaplan.com
ebarstad@robinskaplan.com

Kellie Lerner
**ROBINS KAPLAN LLP**
399 Park Avenue, Suite 3600
New York, NY 10022
T: 212-980-7400
klerner@robinskaplan.com

*Liaison Counsel for the Cattle Plaintiffs*

/s/ Shawn M. Raiter
Shawn M. Raiter (#240424)
**LARSON KING LLP**
30 East Seventh Street, Suite 2800
St. Paul, MN 55101
T: (651) 312-6518
sraiter@larsonking.com

Don Barrett (*pro hac vice*)
David McMullan (*pro hac vice*)
**BARRETT LAW GROUP, P.A.**
P.O. Box 927
404 Court Square North
Lexington, Mississippi 39095-0927
T: (662) 834-9168
donbarrettpa@gmail.com
mcmullan@BarrettLawGroup.com

Jonathon W. Cuneo (*pro hac vice*)
Blaine Finley (*pro hac vice*)
**CUNEO GILBERT & LADUCA, LLP**
4725 Wisconsin Avenue, NW, Suite 200
Washington, DC 20016
T: (202) 789-3960
jonc@cuneolaw.com
bfinley@cuneolaw.com

Jon Tostrud
Anthony Carter (to apply *pro hac vice*)
1925 Century Park East
Suite 2100
Los Angeles, CA 90067
T: (310) 278-2600
jtostrud@tostrudlaw.com
acarter@tostrudlaw.com

*Counsel for Erbert & Gerbert's, Inc. and the Proposed Classes*


/s/ Patrick J. Ahern
Patrick J. Ahern
Theodore B. Bell
**AHERN AND ASSOCIATES, P.C.**
8 South Michigan Ave., Suite 3600
Chicago, IL 60603
T: (312) 404-3760
patrick.ahern@ahernandassociatespc.com
theo.bell@ahernandassociatespc.com

*Counsel for Plaintiffs Winn-Dixie Stores, Inc. and Bi-Lo Holding, LLC*

18

## CERTIFICATE OF SERVICE

I hereby certify that on January 11, 2022, a true and correct copy of the foregoing PLAINTIFFS' FIRST SET OF REQUESTS TO ALL DEFENDANTS FOR THE PRODUCTION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION was served by email on all counsel of record via Electronic Mail.

/s/ Patrick J. McGahan
Patrick J. McGahan