UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE CATTLE AND BEEF ANTITRUST LITIGATION | Civil No. 20-1319 (JRT/JFD) |
| This Document Relates to:<br><br>IN RE DPP BEEF LITIGATION | **ORDER GRANTING DIRECT PURCHASER PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT WITH JBS DEFENDANTS** |

Direct Purchaser Plaintiffs' ("DPPs") filed a Motion for Final Approval of Settlement Between DPPs and Defendants JBS S.A., JBS USA Food Company, Swift Beef Company, and JBS Packerland, Inc. (collectively, "JBS"). (ECF No. 601.) The Court, having reviewed the Motion, its accompanying memorandum, the declarations submitted in support, the Settlement Agreement between JBS and DPPs (the "Settlement"), and having conducted a Fairness Hearing and heard all testimony and evidence presented, hereby **GRANTS** the Motion and **ORDERS**:

1. Upon review of the record, the Court finds that the Settlement has been negotiated at arm's length, and is fair, reasonable, adequate, and in the best interests of the Class pursuant to Federal Rule of Civil Procedure 23(e)(2). Class representatives and class counsel have adequately represented the class as demonstrated by their involvement in discovery, extensive motion practice, development of the case, and work to secure substantial relief for the class. The Settlement provides substantial monetary

1

compensation and secures cooperation from the JBS Defendants. This Settlement provides more immediate and certain relief for the class and increases the likelihood of success against non-settling defendants while eliminating the costs, risks, and delays created by trial and appeal than continuing to litigate the case. Class members are treated equitably under the proposed distribution plan which will effectively disseminate compensation on a pro rata basis based on the purchase made.

2. DPPs and JBS shall proceed with and perform all acts as required under the Settlement.

3. This Court has jurisdiction over this action and each of the parties to the Settlement.

4. As it did at Preliminary Approval, the Court finds that the Settlement Class, as defined in the Settlement Agreement, is appropriate for settlement class certification because it meets all of the elements of Rule 23. Accordingly, the Court certifies a Settlement Class solely for the purposes of this Settlement defined as:

> All persons and entities who, from January 1, 2015, through February 10, 2022, purchased for use or delivery in the United States, directly from any of the Defendants or their respective subsidiaries and affiliates, boxed or case-ready beef processed from Fed Cattle, excluding ground beef made from culled cows. Excluded from the Settlement Class are Defendants; their officers, directors or employees; any entity in which a Defendant has a controlling interest; and any affiliate, legal representative, heir or assign of a Defendant. Also excluded from this Settlement Class are any federal, state, or local governmental entities, any judicial officer presiding over this action; the members of the judicial

officer's immediate family and staff, and any juror assigned to this action.

For purposes of this Settlement, the DPPs have demonstrated that the class meets the requirements of Rule 23(a). The proposed class includes thousands of members, meeting the numerosity requirement. The DPPs allege that Defendants including the JBS Defendants engaged in a conspiracy that affected the prices class members paid for cattle and beef products, and resolution of this allegation would resolve the validity of the DPPs claims, indicating there are common questions. The named plaintiff's claims are typical of the class claims as a whole as the DPPs allege all class members suffered the same harm from the defendants' actions. Finally, as noted above, the named plaintiffs and class counsel have adequately represented the class and their interests are sufficiently aligned to warrant approval of the settlement class.

For purposes of this Settlement, the DPPs have demonstrated that the class meets the requirements of a Rule 23(b)(3) class. Focusing on the JBS Defendants' alleged liability that are resolved by this Settlement, the DPPs have alleged common questions of whether the JBS Defendants engaged in a conspiracy to increase the cost of cattle and beef products that harmed the DPPs. These common questions appear to predominate over individualized issues that might otherwise serve to preclude this settlement. Because of the large class, the high costs to prosecute this case relative to the relief afforded by the Settlement to the class, and the desirability for a consistent outcome as provided for by this Settlement, this settlement class is superior for fairly and efficiently resolving the

DPPs' claims against the JBS Defendants rather than piecemeal resolution. The Court need not consider whether the settlement class "would present intractable management problems" at trial. *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 620 (1997).[1]

5. This Court further finds that the Class Notice issued by A.B. Data constituted the best notice practicable under the circumstances of the settlement and the Fairness Hearing and constituted due and sufficient notice for all other purposes to all persons entitled to receive notice. Direct notice was provided to all class members for who defendants provided contact information and publication notice was provided in a manner that appears likely to reach a sufficient amount of the class who could not be reached via direct notice as evidence in part by the DPPs notice administrator.

6. No members of the Settlement Class have objected to the Settlement.

7. The action is dismissed with prejudice as to JBS in all class action complaints asserted by DPPs or the Settlement Class, excluding any persons or entities who timely opted out of the Settlement. Any member of the Settlement Class who has not timely and validly requested to be excluded from the Settlement Class is now subject to and bound by the provisions of the Settlement Agreement, the Released Claims contained therein, and this Order with respect to Released Claims, regardless of whether such members of

---

[1] To be clear, the Court's determination that the Settlement Class here meets the Rule 23 standards for class certification is limited to the narrow issue before the Court and based on the evidence before it for this Motion. Accordingly, the Court provides no opinion on whether class certification is appropriate for any plaintiff group including the DPPs for any claim against any of the other defendants in this consolidated case.

the Class seek or obtain any distribution from the Settlement Fund. Persons/Entities who validly requested to be excluded from the Settlement Class are listed in Schachter Decl., Ex. F, ECF No. 605-1, at 24–47. Such persons/entities are not entitled to any recovery from the Settlement Fund. Furthermore, nothing in this Judgment shall be construed as a determination by this Court that any person or entity satisfies the criteria for membership in the Settlement Class merely because they filed a Request for Exclusion.

8.     A list of entities requesting to be excluded from the Settlement Class and who have partial assignments ("Partial Assignees") is set forth in Schachter Decl., Ex. G, ECF No. 605-1, at 48–51. Claims based on purchases assigned by the Settlement Class member to the Partial Assignee, to the extent they are subject to an agreement between Settlement Class Counsel, JBS, and the Partial Assignee, or an order from the Court regarding the amount of the assignor Settlement Class Member's purchases for the time period January 1, 2015 through February 10, 2022 that are covered by the partial assignment for the purpose of the Settlement, are excluded from the Settlement Class. Except for the claims of the Partial Assignees, all claims belonging to the Settlement Class members (whether assigned or not) are part of the Class and released through the provisions of the Settlement Agreement and this Order.

9.     The Released Parties, as defined in the Settlement, are released from all Released Claims, as defined in the Settlement.

10.    This Court reserves continuing and exclusive jurisdiction over the

Settlement for all purposes.

11. JBS has served the appropriate state officials and the appropriate federal official notice under the Class Action Fairness Act, 28 U.S.C. § 1715 ("CAFA").

12. Pursuant to Fed. R. Civ. P. 54(b), this Court finds that there is no reason for delay, and that the judgment of dismissal as to JBS shall be final and appealable and entered forthwith.

13. Neither this Order nor this Settlement shall be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, or regulation or of any liability or wrongdoing by JBS or of the truth of any of DPPs' Claims or allegations, nor shall it be deemed or construed to be an admission nor evidence of Released Parties' defenses.

DATED: August 31, 2022
at Minneapolis, Minnesota.

    _s/John R. Tunheim_____
    JOHN R. TUNHEIM
    United States District Court