UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: Cattle and Beef Antitrust Litigation | Case No. 20-cv-1319 (JRT/JFD) |
| | Case No. 22-md-3031 (JRT/JFD) |
| This Document Relates to: ALL ACTIONS | **PRETRIAL ORDER NO. 1 ORDER FOR CONSOLIDATION** |

This Order shall govern the practice and procedure in those actions that the Judicial Panel on Multidistrict Litigation ("JPML") transferred to this Court in its Order of June 3, 2022, as well as all related actions originally filed, transferred, or removed to this Court. This Order shall also apply to any tag-along actions later filed in, removed to, or transferred to this Court. All such actions shall be referred to in this Order as the "MDL Cases."

**I.    Background**

Beginning in 2019, a series of class actions and individual actions were filed against the leading American beef packers alleging a conspiracy to generate unprecedented beef profit margins and manipulate the live cattle futures markets in violation of federal and state antitrust laws as well as the Packers & Stockyards Act and Commodity Exchange Act. *See, e.g.*, *In re Cattle & Beef Antitrust Litig.*, No. 20-1319, 2021 WL 7757881, at *1 (D. Minn. Sept. 14, 2021). Pursuant to Federal Rule of Civil Procedure 42(a), the Court began by consolidating the direct purchaser plaintiff cases filed in the District of Minnesota for

pretrial proceedings in September 2021 under Case No. 20-cv-1319, which it renamed *In re DPP Beef Litigation*. (*See*, *e.g.*, Case No. 19-cv-1222, Order to Consolidate Cases, Sept. 1, 2021, Docket No. 408.) The Cattle Class Plaintiffs, Consumer Indirect Purchaser Class Plaintiffs, Commercial and Institutional Indirect Purchaser Class Plaintiffs, and some direct action plaintiffs requested all cases be coordinated for pretrial purposes to simplify the proceedings. (Case No. 20-cv-1319, Stip., Oct. 8, 2021, Docket No. 246.) The Court agreed coordination would be efficient and coordinated the cases for pretrial proceedings under Case No. 20-cv-1319, which it renamed to *In re Cattle and Beef Antitrust Litigation*. (Case No. 20-cv-1319, Order on Stip., Oct. 13, 2021, Docket No. 252.) The Order on Stipulation Regarding Coordination, Responding to Complaints, and Case Management provided that related "filed in, removed to, or transferred to this Court" would be coordinated with Case No. 20-cv-1319. (*Id.* ¶¶ 8–11.)

In 2022, additional cases brought by individual plaintiffs were filed in other federal district courts involving the same issues. (Case No. 22-md-3031, Certified Copy of Transfer Order at 1 ("Transfer Order"), June 3, 2022, Docket No. 1.) Pursuant to 28 U.S.C. § 1407(a), the JPML formed MDL No. 3031 and transferred three cases to this Court on June 3, 2022, finding that the cases involved common questions of fact and centralization in this Court would "serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation." (*Id.*) The JPML noted additional potential tag-along actions. (*Id.* at 1 & n.1.)

In its initial Transfer Order, the JPML concluded that transfer to this Court would best accomplish the purposes of MDL centralization under 28 U.S.C. § 1407, because this Court has presided over the coordinated and consolidated Minnesota litigation since 2019.  (*Id.* at 2.)  Although the direct action plaintiffs before the JPML requested an MDL consisting solely of direct purchaser plaintiff actions and coordination with the *In re DPP Beef* plaintiffs only, the JPML rejected this proposal, emphasizing that "[i]f allowed to proceed separately, as requested by movants, the individual direct purchaser actions likely would involve duplicative discovery and potentially inconsistent pretrial rulings."  (*Id.*)  Accordingly, the JPML transferred the actions to this Court for "coordinated or consolidated pretrial proceedings" and named the MDL it created "*In re: Cattle and Beef Antitrust Litigation*."  (*Id.*).

## II. Consolidation

The purpose of MDL centralization is to "eliminate duplicative discovery, avoid inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary."  *In re Vioxx Prod. Liab. Litig.*, 360 F. Supp. 2d 1352, 1354 (J.P.M.L. 2005); *see also In re Pork Antitrust Litig.*, No. 18-1776, 2021 WL 5310590, at *2 (D. Minn. Nov. 14, 2021).  Once transferred, the JPML leaves "the extent and manner of coordination or consolidation of these actions to the discretion of the transferee court."  *In re Vioxx*, 360 F. Supp. 2d at 1354.

Under Federal Rule of Civil Procedure 42, if "actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a).  Rule 42 permits consolidation even if the claims arise out of independent transactions. *Madison v. Hennepin Cnty.*, No. 02-4756, 2003 WL 21639221, at *1 (D. Minn. July 1, 2003).  When deciding whether to consolidate cases, courts consider the risk of inconsistent rulings and the burden on and cost to parties, witnesses, and the court.  *Chill v. Green Tree Fin. Corp.*, 181 F.R.D. 398, 405 (D. Minn. 1998) (citing *Cantrell v. GAF*, 999 F.2d 1007, 1011 (6th Cir. 1993)). "Consolidation is inappropriate, however, if it leads to inefficiency, inconvenience, or unfair prejudice to a party."  *EEOC v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998).  Under Rule 42(a), "[d]istrict courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases."  *Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018).

The Court concludes that the MDL Cases should be consolidated for pretrial purposes only.  Given the significant overlap of factual and legal issues, the JPML's Transfer Order recognized that coordination or consolidation of all actions would avoid duplicative discovery and the potential for inconsistent rulings and simplify the proceedings for the Court, the parties, and non-parties. A single master docket where the Court can exercise the "powers of a district judge in any district for the purposes of

conducting pretrial depositions,"[1] best serves to secure the just, speedy, and inexpensive determination of these actions.  28 U.S.C. § 1407(b); Fed. R. Civ. P. 1.  To the extent consolidation will introduce new complexities, the Court can accommodate any case management issues as they arise through the plethora of tools at its disposal to ensure each member case is resolved on its own legal theories and merits and decrease the risk of delay.  *See In re: Darvocet, Darvon & Propoxyphene Prod. Liab. Litig.*, 780 F. Supp. 2d 1379, 1381 (J.P.M.L. 2011); *In re: Checking Acct. Overdraft Litig.*, 626 F. Supp. 2d 1333, 1335 (J.P.M.L. 2009). Whereas consolidation is appropriate to fulfill the purposes of Rule 1, Rule 42, and 28 U.S.C. § 1407 by increasing efficiency, decreasing the burdens and costs to parties, nonparties, witnesses, and the Court, and decreasing the risk of inconsistent rulings, the Court hereby consolidates the MDL Cases for pretrial purposes only.  Any tag-along actions later filed in, removed to, or transferred to this Court, or directly filed in this Court, will automatically be consolidated with these MDL Cases without the necessity of further motions or orders.  This consolidation does not constitute a determination that these MDL Cases should be consolidated for trial, nor does it have the effect of making

---

[1] Although the language of 28 U.S.C. § 1407(b) only explicitly grants authority to the MDL judge to oversee nonparty depositions outside its district, this grant of authority is generally understood to apply to all pretrial proceedings including nonparty, document-only subpoenas. *See United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 444 F.3d 462, 469 n.4 (6th Cir. 2006); *In re Disposable Contact Lens Antitrust Litig.*, 306 F. Supp. 3d 372, 378 (D.D.C. 2017) (collecting cases); *In re Bank of N.Y. Mellon Corp. Forex Transactions Litig.*, No. 11-9175, 2014 WL 2884726, at *1 (S.D.N.Y. June 26, 2014) (collecting cases).

any person or entity a party to any action in which he, she, they, or it has not been named, served, or added in accordance with the Federal Rules of Civil Procedure.

### III. Master Docket

The Clerk of Court is directed to consolidate the MDL Cases for pretrial proceedings before Judge John R. Tunheim and Magistrate Judge John F. Docherty[2] under a master docket case under the style "In re: Cattle and Beef Antitrust Litigation" and the identification "Case No. 22-md-3031." The Clerk of Court is directed to transfer all documents in Case No. 20-cv-1319 and its member cases to the master docket.

When an action that properly belongs as part of *In re: Cattle and Beef Antitrust Litigation* is filed in this District of Minnesota or transferred here from another court, the Clerk of Court shall:

1. docket a copy of this Order in the separate file for such action,

2. make an appropriate entry in the docket for Case No. 22-md-3031 that a new case has been assigned, and

3. note on the docket of the new action that, upon entry of this Order, all papers shall be filed in Case No. 22-md-3031 and no further papers shall be filed in that individual case docket.

---

[2] For over three years, the Honorable Hildy Bowbeer handled pretrial case management issues arising out of the consolidated and coordinated cattle and beef actions. In light of her retirement, those duties shall pass to the Honorable John F. Docherty.

All future filings shall be filed in Case No. 22-md-3031 and shall be considered filed in each individual case. Future filings should not be separately docketed in the individual cases or with the Transferor District Court. Any pleading or paper shall be filed electronically according to this district's *Electronic Case Filing Procedures Guide (Civil Cases)*, *CM/ECF Civil Manual for New Users*, and *Sealed Civil User's Manual*.[3] When a filing is intended to be applicable to all actions, this shall be indicated by the words "This Document Relates to: ALL ACTIONS" and shall be filed electronically in Case No. 22-md-3031. When a filing is intended to apply to fewer than all cases, this Court's civil action case number and name for each individual case or group of cases to which the document(s) relate shall appear immediately after the words: "This Document Relates to:." The following is a sample of the pleading style for documents filed in the master docket:

---

[3] Available at https://www.mnd.uscourts.gov/reference-guides-and-procedures.

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| *In re: Cattle and Beef Antitrust Litigation* | Case No. 22-md-3031 (JRT/JFD) |
| This Document Relates to:<br>ALL ACTIONS | |

### IV.     Appearances

The Clerk of Court is directed to add all Plaintiffs, Defendants, and their attorneys of record from Case No. 20-cv-1319 to Case No. 22-md-3031 to the extent they are not duplicative.  All pro hac vice admissions in Case No. 20-cv-1319 are valid for Case No. 22-md-3031. Counsel who appeared in a Transferor District Court prior to transfer by the JPML need not enter an additional appearance before this Court.  Attorneys admitted to practice and in good standing in any United States District Court are admitted pro hac vice in this Consolidated Action.  Association of local co-counsel is not required.  Counsel in a newly filed or transferred action shall complete (1) the MDL Registration Form[4] and (2) the Notice of Appearance form.[5]    After completing the

---

[4] Available at https://www.mnd.uscourts.gov/forms/mdl-registration-form.
[5] Available at https://www.mnd.uscourts.gov/forms/notice-appearance.

Registration Form, counsel will receive a CM/ECF log-in enabling them to electronically file the Notice of Appearance.

Counsel appearing in this action are expected to familiarize themselves with all prior Court orders and proceedings, as well as the Local Rules of the District of Minnesota, the Court's Practice Pointers,[6] as well as the American Bar Association's *Civil Discovery Standards* and the *Manual for Complex Litigation* (4th ed. 2004), which may serve as a resource in the case management of this litigation.

### V.     Prior Orders

Any orders, including protective orders, previously entered by this Court or any transferor court, shall remain in full effect unless modified by this Court.

### VI.    Extension of Time; Stay

Plaintiffs and Defendants are granted an indefinite extension of time to respond to any pending motion or to answer or respond to any properly served pleading until this Court sets a date by which each party shall so respond. All outstanding discovery proceedings are hereby stayed. No further discovery shall be initiated until a comprehensive Case Management Order is entered by this Court.

---

[6] The local rules may be found here: https://www.mnd.uscourts.gov/court-info/local-rules-and-orders. Judge Tunheim's practice pointers may be found here: https://www.mnd.uscourts.gov/sites/mnd/files/JRT.pdf. Judge Docherty's practice pointers may be found here: https://www.mnd.uscourts.gov/sites/mnd/files/JFD.pdf.

**VII.   Preservation of Evidence**

All parties and their counsel are reminded of their duties to preserve evidence that may be relevant to these MDL Cases and to ensure that the appropriate preservation orders are in place. All documents, data and other tangible items containing information potentially relevant to the subject matter of this litigation shall be preserved.

**VIII.   Initial Case Management Conference**

Judge John R. Tunheim and Magistrate Judge John F. Docherty will hold an Initial Case Management Conference on October 14, 2022, at 10:00 a.m., U.S. Central Time, in Courtroom 14E of the Diana E. Murphy United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415. In preparation for the Initial Case Management Conference, the parties shall prepare a submission to the Court (one submission for Class Plaintiffs, one submission for Direct Action Plaintiffs,[7] and one submission for Defendants), to be filed no later than October 12, 2022, which addresses the following issues:

1. An overview of the procedural status of all actual and potential cases that have been or are anticipated to be transferred to or filed in this district for coordination with this MDL;

---

[7] For the avoidance of doubt, direct action plaintiffs include non-class plaintiffs who initially filed in this District, including Winn-Dixie Stores, Inc. and Bi-Lo Holdings, LLC.

×

2. An overview of the status of discovery in all MDL Cases to date;

3. An overview of the status of any motions, orders, or other events of import in the MDL Cases to date;

4. The status of any related state-court litigation, if any, to date;

5. A proposed case management order which addresses the timing of initial disclosures, the timing of fact and expert discovery, the quantity of written discovery, the number of proposed fact and expert depositions, a protocol for the preservation of, collection of, and production of electronic discovery, stipulations regarding any matters, the coordination with state court litigation, the extent to which any plaintiff or group of plaintiffs should have different deadlines, and the time by which future direct action plaintiffs must appear and object to agreed-to or court-ordered limits on discovery or deadlines or be bound by those agreement or orders;

6. A description of any settlement efforts to date;

7. A proposed agenda for the Initial Case Management Conference;

8. A list of all counsel of record for each Plaintiff, Class, Defendant, or group of parties sharing common representation, including any monikers used to identify particular groups of parties (e.g., Consumer Indirect Plaintiffs, Winn-Dixie DAPs, JBS Defendants, etc.), if any;

9. A proposed leadership structure for Class Plaintiffs' counsel, Direct Action Plaintiffs' counsel, and Defendants' counsel.  The proposed leadership structure should propose a slate of individuals to lead each group, as well as a steering committee for the litigation as a whole and liaison counsel for coordination with the Court.  Recommendations to the Court shall be accompanied by each nominee's resume or curriculum vitae, educational background, licensing status, a description of relevant experience, a brief overview of the resources the counsel has available to contribute to the litigation; and a certificate of good standing from the highest court from the individuals' jurisdiction.  These recommendations should not be filed with the Clerk of Court, but instead should be submitted to the Court via email.  Certificates of good standing need not be submitted by October 12, 2022, but must be submitted as soon as practicable thereafter;

10. Whether a Master Complaint should be filed; and

11. A schedule of status conferences to be conducted approximately every 30 days via ZoomGov for the remainder for the 2022 calendar year and 2023 calendar year, notwithstanding the parties' ability to ask that any given status conference be cancelled or postponed closer to that date.

IX.   **Service**

Prior to the initial pretrial conference, service of all papers relating to the initial conference shall be made on counsel of record appearing in the MDL Cases. The docket is the official record of the service list. This paragraph does not pertain to or alter the requirements for service of process of any summons and/or complaint.

**X.      Communications**

Unless otherwise ordered, counsel must communicate with the Court in writing, with courtesy copies to all counsel. Communications with the Court and submissions which are not to be filed with the Clerk may be sent to: tunheim_chambers@mnd.uscourts.gov and docherty_chambers@mnd.uscourts.gov.

The Court directs the Clerk of Court to send a copy of this Order to the Clerk of the Judicial Panel on Multidistrict Litigation and counsel of record.

DATED:  October 4, 2022                                              s/John R. Tunheim
at Minneapolis, Minnesota.                                          JOHN R. TUNHEIM
                                                                                     District Judge
                                                                         United States District Court

DATED: October 4, 2022                                                s/John F. Docherty
at Saint Paul, Minnesota                                              JOHN F. DOCHERTY
                                                                                   Magistrate Judge
                                                                         United States District Court